Kenneth D. Friedman
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
Telephone: (212) 790-4500
Facsimile: (212) 790-4545
*Attorneys for Defendants*
*Paging Systems, Inc. and Touch Tel Corporation*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WARREN HAVENS, SKYBRIDGE SPECTRUM FOUNDATION, a Delaware nonprofit corporation, TELESAURUS, VPC, LLC, a Delaware limited liability company, AMTS CONSORTIUM, LLC, a Delaware Limited Liability Company, INTELLIGENT TRANSPORTATION & MONITORING, LLC, a Delaware Limited Liability Company, and TELESAURUS GB, LLC a Delaware Limited Liability Company.<br><br>Plaintiffs,<br>v.<br><br>MOBEX NETWORK SERVICES, LLC, a Delaware Limited Liability Company, MOBEX COMMUNICATIONS, INC., a Delaware corporation, MARITIME COMMUNICATIONS/LAND MOBILE LLC, a Delaware Limited Liability Company, PAGING SYSTEMS, INC., a California corporation and TOUCH TEL CORPORATION, a California corporation, and JOHN DOE Nos. 1-20<br><br>Defendants | Civil Action No. 2:11-CV-00993-KSH-PS<br><br>**DEFENDANTS PAGING SYSTEMS, INC.'S AND TOUCH TEL CORPORATION'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF' SECOND AMENDED COMPLAINT** |

Defendants Paging Systems, Inc. and Touch Tel Corporation (collectively "Paging Systems"), by their attorneys, Manatt, Phelps & Phillips, LLP, for their answer to the correspondingly numbered paragraphs of Plaintiffs' Second Amended Complaint, hereby allege:

**AS AND FOR AN ANSWER TO PLAINTIFFS'**
**ALLEGATIONS CONCERNING THE NATURE OF THE ACTION**

1. The allegations of Paragraph 1 set forth legal conclusions for which no answer is required. To the extent that a response is necessary, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies those allegations.

**AS AND FOR AN ANSWER TO PLAINTIFFS'**
**ALLEGATIONS CONCERNING THE PARTIES**

2. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies those allegations.

3. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies those allegations.

4. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies those allegations.

5. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies those allegations.

6. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies those allegations.

7. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies those allegations.

8. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies those allegations.

9. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies those allegations.

10. Paging Systems admits: that Paging Systems and Touch Tel are corporations organized under the laws of the State of California; that Paging Systems' principal place of business is located in Burlingame, California; that Paging Systems is the holder of certain "Site-Based" AMTS licenses; and that Susan and Robert Cooper are a married couple who reside in California. Except as so expressly admitted, Paging Systems denies the allegations of Paragraph 10.

11. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies those allegations.

12. The allegations of Paragraph 12 are directed to all defendants, including Paging Systems. With respect to other defendants, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12. Paging Systems admits that it is regulated by the FCC. Except as so expressly admitted, Paging Systems denies the allegations of Paragraph 12.

## AS AND FOR AN ANSWER TO PLAINTIFFS' ALLEGATIONS CONCERNING JURISDICTION AND VENUE

13. The allegations of Paragraph 13 set forth legal conclusions for which no answer is required and are directed to all defendants, including Paging Systems. To the extent that a response is necessary, with respect to other defendants Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13. Additionally, Paging Systems admits that it has property within the State of New Jersey. Except as so expressly admitted, Paging Systems denies the allegations of Paragraph 13.

14. Paging Systems responds to the allegations of Paragraph 14 by stating that Plaintiffs' claims for injunctive relief pursuant to 47 U.S.C. §401(b) and for monetary damages pursuant to 47 U.S.C. §§206-07 have been dismissed from this action by the Court's Order and

Opinion filed on December 22, 2011 (Docket Nos. 30 - 31) and, therefore, no answer is required with respect to the allegations concerning those claims. The remaining allegation contained in paragraph 14 set forth legal conclusions for which no answer is required.

15. The allegations contained in paragraph 15 set forth legal conclusions for which no answer is required.

### AS AND FOR AN ANSWER TO PLAINTIFFS' ALLEGATIONS CONCERNING FACTS COMMON TO ALL COUNTS

16. Paging Systems admits that AMTS is a radio service created and regulated by the FCC. Except as so expressly admitted, Paging Systems denies the allegations of Paragraph 16.

17. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies those allegations.

18. Paging Systems responds that the FCC's rules regarding AMTS licenses speak for themselves and respectfully refers the Court to those rules for their full terms and legal effect. Paging Systems otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies those allegations.

19. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies those allegations.

20. The allegations of Paragraph 20 are directed to all defendants, including Paging Systems. With respect to other defendants, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20. Paging Systems admits that it holds certain Site-Based AMTS Licenses located in various regions. Except as so expressly admitted, Paging Systems denies the allegations of Paragraph 20.

21. The allegations of Paragraph 21 set forth legal conclusions and regulatory interpretation for which no answer is required. To the extent that a response is required, Paging

Systems responds that the FCC's rules regarding AMTS licenses speak for themselves and respectfully refers the Court to those rules for their full terms and legal effect.

22. The allegations of Paragraph 22 set forth legal conclusions and regulatory interpretation for which no answer is required. To the extent that a response is required, Paging Systems responds that the FCC's rules regarding AMTS licenses speak for themselves and respectfully refers the Court to those rules for their full terms and legal effect.

23. The allegations of Paragraph 23 set forth legal conclusions and regulatory interpretation for which no answer is required. To the extent that a response is required, Paging Systems responds that the FCC's orders referenced therein may be subject to varying interpretations but also speak for themselves and respectfully refers the Court to those rules for their full terms and legal effect. Paging Systems admits that it has been in involved in litigation with certain of the Plaintiffs. Except as so expressly admitted, Paging Systems denies the allegations of Paragraph 23.

24. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies those allegations.

25. The allegations of Paragraph 25 are directed at all defendants, including Paging Systems. With respect to other defendants, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25. Paging Systems further states that the exhibits referenced in paragraph 25 speak for themselves and respectfully refers the Court to those exhibits for their full terms and legal effect. Paging Systems admits that Plaintiffs have made unilateral demands for production of proprietary information. Except as so expressly admitted, Paging Systems denies the allegations of Paragraph 25.

26.     The allegations of Paragraph 26 are directed at defendants other than Paging Systems.  With respect to other defendants, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.  Paging Systems further responds that the exhibit referenced in Paragraph 26 speaks for itself and respectfully refers the Court to that exhibit for its full terms and legal effect.

27.     The allegations of Paragraph 27 are directed at all defendants, including Paging Systems.  With respect to other defendants, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.  Paging Systems otherwise denies the allegations contained in Paragraph 27.

28.     Paragraph 28 sets forth legal conclusions for which no answer is required.  To the extent that a response is required, Paging Systems responds that the FCC's Rules speak for themselves and respectfully refers the Court to the FCC's Rules for their full terms and legal effect.

29.     Paragraph 29 sets forth legal conclusions and regulatory interpretation for which no answer is required.  To the extent that a response is required, Paging Systems responds that the FCC's Rules speak for themselves and respectfully refers the Court to the FCC's Rules for their full terms and legal effect.

30.     Paragraph 30 sets forth legal conclusions and regulatory interpretation for which no answer is required.  To the extent a response is required, Paging Systems responds that the FCC's Rules speak for themselves and respectfully refers the Court to the FCC's Rules for their full terms and legal effect.

31.     Paragraph 31 sets forth legal conclusions and regulatory interpretation for which no answer is required.  To the extent that a response is required, Paging Systems responds that

the FCC's Rules speak for themselves and respectfully refers the Court to the FCC's Rules for their full terms and legal effect.

32. The allegations of Paragraph 32 are directed at all defendants, including Paging Systems. With respect to other defendants, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32. Paging Systems otherwise denies the allegations contained in Paragraph 32.

33. The allegations of Paragraph 33 are directed at all defendants, including Paging Systems. With respect to other defendants, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33. Paging Systems admits that it has in the past applied for AMTS licenses in the United States. Except as so expressly admitted, Paging Systems denies the allegations of Paragraph 33.

34. The allegations of Paragraph 34 are directed at all defendants, including Paging Systems. With respect to other defendants, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34. Paging Systems otherwise denies the allegations contained in Paragraph 34.

35. The allegations of Paragraph 35 are directed at all defendants, including Paging Systems. With respect to other defendants, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35. Paging Systems otherwise denies the allegations contained in Paragraph 35.

36. The allegations of Paragraph 36 are directed at all defendants, including Paging Systems. With respect to other defendants, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36. Paging Systems otherwise denies the allegations contained in Paragraph 36.

37. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and therefore denies those allegations.

38. Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore denies those allegations.

39. The allegations of Paragraph 39 are directed at all defendants, including Paging Systems. With respect to other defendants, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39. Paging Systems admits that in the past it has requested extensions of time to construct licensed facilities based on possible co-location of stations. Except as so expressly admitted, Paging Systems denies the allegations of Paragraph 39.

40. Paging Systems denies the allegations contained in Paragraph 40.

41. Paging Systems denies the allegations contained in Paragraph 41.

42. Paging Systems responds that any representations it made to the FCC in connection with AMTS audits speak for themselves and respectfully refers the Court to those representations for their full terms and legal effect. Paging Systems otherwise denies the allegations contained in Paragraph 42.

43. Paging Systems denies the allegations contained in Paragraph 43.

44. Paging Systems denies the allegations contained in Paragraph 44.

45. Paging Systems denies the allegations contained in Paragraph 45.

### AS AND FOR AN ANSWER TO COUNT I

46. No response is required to Paragraph 46 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

47. No response is required to Paragraph 47 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

48. No response is required to Paragraph 48 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

49. No response is required to Paragraph 49 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

50. No response is required to Paragraph 50 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

51. No response is required to Paragraph 51 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

52. No response is required to Paragraph 52 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

53. No response is required to Paragraph 53 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

54. No response is required to Paragraph 54 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

55. **N**o response is required to Paragraph 55 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

## AS AND FOR AN ANSWER TO COUNT II

56. No response is required to Paragraph 56 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

57. No response is required to Paragraph 57 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

58. No response is required to Paragraph 58 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

59. No response is required to Paragraph 59 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

60. No response is required to Paragraph 60 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

61. No response is required to Paragraph 61 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

62. No response is required to Paragraph 62 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

63. No response is required to Paragraph 63 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

**AS AND FOR AN ANSWER TO COUNT III**

64. Responding to Paragraph 64, Paging Systems repeats and realleges each and every one of its responses to the allegations of Paragraphs 1 through 63 of the Second Amended Complaint as if fully set forth herein at length.

65. The allegations of Paragraph 65 are directed at all defendants, including Paging Systems. With respect to other defendants, Paging Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65. Otherwise, Paging Systems denies the allegations set forth in Paragraph 65 and all subparagraphs therein.

66. Paging Systems denies the allegations contained in Paragraph 66.

67. Paging Systems denies the allegations contained in Paragraph 67.

68. Paging Systems denies the allegations contained in Paragraph 68.

69. Paging Systems denies the allegations contained in Paragraph 69.

70. The allegations of Paragraph 70 are directed at all defendants, including Paging Systems. With respect to other defendants, Paging Systems lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 70.  Paging Systems otherwise denies the allegations set forth in Paragraph 70 and all subparagraphs therein.

71. No response is required to Paragraph 71 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

72. No response is required to Paragraph 72 based on the Court's Order and Opinion, filed on December 22, 2011 (Docket Nos. 30 - 31).

73. Paging Systems denies the allegations contained in Paragraph 73.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because Plaintiffs lack standing to assert the causes of action asserted therein.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

All or part of the damages claimed by Plaintiffs are due to Plaintiffs' failure to mitigate damages and therefore may not be recovered by Plaintiffs in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, should be apportioned among all parties at fault, and any nonparties at fault.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel, and other equitable doctrines.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred, in whole or in part, by the doctrines of accord and satisfaction.

### NINTH AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join one or more necessary and/or indispensable parties.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred because Paging Systems' conduct was not the proximate cause of Plaintiffs' alleged injuries, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred because Plaintiffs directly or indirectly authorized, consented to, acquiesced in, or ratified some or all of the actions and omissions of which they complain.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred, in whole or in part, by reason of Plaintiffs' unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, because their damages, if any, are speculative and unforeseeable, and because it is impossible to ascertain and allocate such damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred because Plaintiffs have not suffered and will not suffer antitrust injury as a result of Paging Systems' conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred because Plaintiffs' injuries, if any, were not caused by the conduct of Defendants or any alleged conspiracy.

### SEVENTEETH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for injunction insofar as they seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm and/or because it is not an available remedy under the relevant statute.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for injunctive relief is barred because an adequate remedy at law exists.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because an award of treble damages or of punitive and exemplary damages against Paging Systems based on the conduct alleged in the Second Amended Complaint would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because any recovery or relief would unjustly enrich Plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because Paging Systems' actions were taken in the pursuit of its own economic interests, not by wrongful means. Any act or omission on behalf of Paging Systems was undertaken in good faith, was justified,

privileged, constituted *bona fide* business competition, was the result of lawful, pro-competitive, independent conduct, and was undertaken in the pursuit of legitimate business interests, without any purpose or intent to injure Plaintiffs or others or to suppress or restrain competition.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The activities of Paging Systems alleged in the Second Amended Complaint do not give rise to antitrust liability because they did not result in adverse effects on competition or, in the alternative, any such effects were outweighed by the pro-competitive benefits of the activities.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred, in whole or in part, to the extent that their purported damages, if any, were caused by the alleged acts of officers, directors, agents and/or employees acting beyond the course and scope of their authority.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred, in whole or in part, to the extent that their purported damages, if any, resulted from the acts and/or omissions of other parties, third parties, conditions or by forces and/or things over whom/which Paging Systems had no control. The acts of such other parties/third parties/forces/conditions constitute intervening or superseding causes of the harm Plaintiffs suffered, if any.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Count III of the Second Amended Complaint, alleging violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, is barred, in whole or in part, because the activity complained of is protected by the *Noerr-Pennington* antitrust immunity doctrine.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Paging Systems expressly preserves and does not knowingly or intentionally waive any of the other affirmative defenses set forth in Fed. R. Civ. P. 8 or any other applicable law, which

discovery may reveal to be applicable, or any other matter constituting an avoidance or affirmative defense.  Paging Systems has not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings.  Paging Systems further reserves the right to amend its Answer and/or affirmative defenses accordingly and/or to delete affirmative defenses it determines during the course of subsequent discovery are not applicable.

**WHEREFORE**, defendants Paging Systems, Inc. and Touch Tel Corporation demand that judgment be entered in their favor:

(a) dismissing the Second Amended Complaint, with prejudice;

(b) awarding them their costs of suit, including such reasonable attorneys' fees as may be allowed by law; and

(c) granting such other and further relief as to the Court seems just and proper.

Dated: May 17, 2012

                    MANATT, PHELPS & PHILLIPS, LLP

                    By:   __/s/ Kenneth D. Friedman_____
                           Kenneth D. Friedman
                           Elizabeth K. Murray (*admitted pro hac vice*)
                  7 Times Square
                  New York, NY  10036
                  Telephone: (212) 790-4500
                  Facsimile:  (212) 790-4545

                  *Attorneys for Defendants Paging Systems, Inc.*
                   *and Touch Tel Corporation*

302325337.1