# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                    :
**WARREN HAVENS,**                  :
                                    :        **Civil Action No. 11-993(KSH)**
                                    :
     **Plaintiff,**            :
                                    :
    **v.**                        :        **ORDER ON INFORMAL**
                                    :        **APPLICATION & THIRD AMENDED**
                                    :        <u>**PRETRIAL SCHEDULING ORDER**</u>
                                    :
**MOBEX NETWORK SERVICES, et al.,** :
                                    :
    **Defendant**             :
_____:


      This matter having come before the Court by way of letter dated June 11, 2012; and the Court being advised of the status of discovery; and the letter reflecting that document production will be completed by June 19, 2012 and that the parties continue to confer in a good faith effort to resolve their disputes; and the parties seeking an extension of the June 12, 2012 deadline to raise unresolved discovery disputes; and the Court granting an extension and reminding the parties of their obligation to meet and confer in-person or via telephone in an effort to resolve all discovery and case management disputes and that an exchange of written communication does not satisfy the meet and confer requirement; and the Court granting a slightly larger extension than requested to ensure such a process is followed and that the parties have an adequate opportunity to review the documents so as to present only those issues requiring court-intervention; and for good cause shown,

      **IT IS ON THIS** 11th day of June, 2012

      **ORDERED that:**

      1.  MOBEX shall ensure the documents in storage is preserved and relevant nonprivileged documents are available for inspection.

      2.  The discovery served by MOBEX and served upon MOBEX shall be responded no later than **deadline passed on May 18, 2012**;

      3.  The discovery served upon MCLM shall be responded no later than **deadline passed on June 10, 2012**;

      4.  MCLM may serve interrogatories and document demands no later than **deadline passed on May 10, 2012**, which shall be responded to no later than **deadline passed on June 10, 2012**;

5.  All documents shall be produced no later than **June 19, 2012**; and

6.  The request to extend the deadline to raise discovery disputes is granted and all discovery disputes submitted in accordance with the requirements of Paragraph 9 no later than **June 27, 2012 at noon**;

**IT IS FURTHER ORDERED THAT:**

## I. COURT DATES

1.  There shall be a telephone status conference before the Undersigned on **June 25, 2012 at 2:00 p.m.**  Plaintiff shall initiate the telephone call.

2.  a.  There will be a settlement conference before the Undersigned on **TO BE SET.**

b.  Trial counsel and clients with full settlement authority are required to appear at the conference and they shall confirm their availability to appear on the date of the conference by filing a letter no later than **TO BE SET**.  Absent exceptional, unforeseen personal circumstances, the confirmed settlement conference will not be adjourned.

c.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3.  A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **November 19, 2012  at 1:00 p.m.**   The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II. DISCOVERY AND MOTION PRACTICE

4.  a.  MOBEX shall provide its Fed. R. Civ. P. 26 disclosures on or before **deadline passed on May 10, 2012**

b.  MCLM shall provide its Fed. R. Civ. P. 26 disclosures on or before **deadline passed on May 18, 2012**

c.  No later than **deadline passed on February 21, 2012**, the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[1]

---

[1]If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

5.    Discovery necessary to engage in meaningful settlement discussions: some discovery

6.    The party groups may serve interrogatories limited  to **25** single questions including subparts and requests for production of documents on or before **deadline passed on February 21, 2012,** which shall be responded to no later than **March 21, 2012 except as set forth on page 1.**

7.    Absent agreement of counsel or order of the Court, the number of depositions to be taken by each side shall not exceed **10.**  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions shall be completed no later than **August 8, 2012**.

8.    Fact discovery is to remain open through **August 8, 2012**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9.    Counsel shall confer in a good  faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request or issue, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **June 27, 2012 at noon.**  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.  If a party does not present an unresolved dispute arising at a deposition during the deposition, then the right to seek court-intervention shall be deemed waived.

10.    Defendants Paging Systems and Touchtel Corp. shall file their Amended Answer to add a Noerr Pennington Defense, no later than **deadline passed on May 18, 2012.**

11.    All dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a. Each motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation.  A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b.  Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation.  The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c.  In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply.  Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u>  The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d.  Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted.  The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.  The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

e.  Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate.  Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

## III.  EXPERTS

12.     a.  No later than **August 8, 2012**, the parties shall identify their affirmative experts and the subjects about which they will opine.

b.  All affirmative expert reports shall be delivered by **September 5, 2012.**

13.     All responding expert reports shall be delivered by **October 12, 2012.**

14.     a.  All expert reports are  to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

b.  All expert depositions shall be completed by **October 31, 2012.**

## IV.  FINAL PRETRIAL CONFERENCE

15.     A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **November 19, 2012** at **1:00 p.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16.     Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

17.     All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18.     With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19.     The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **November 13, 2012 at 3:00 p.m.**  All counsel are responsible for the timely submission of the Order.

20.     The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21.     The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

22.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.     Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25.     **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

**s/Patty Shwartz**
**UNITED STATES MAGISTRATE JUDGE**