# WINNE, BANTA, HETHERINGTON, BASRALIAN & KAHN, P.C. COUNSELLORS AT LAW

ESTABLISHED 1922

COURT PLAZA SOUTH – EAST WING
21 MAIN STREET, SUITE 101
P.O. BOX 647
HACKENSACK, NJ 07601-0647
(201) 487-3800
FACSIMILE (201) 487-8529
(201) 525-9460

www.winnebanta.com

NEW YORK OFFICE
570 LEXINGTON AVENUE, 26th Floor
NEW YORK, NEW YORK 10022
(212) 644-1710

WASHINGTON, D.C. OFFICE
1730 M STREET, SUITE 200
WASHINGTON, D.C. 20036-4530
(202) 296-5113

JOSEPH L. BASRALIAN +
ROBERT M. JACOBS
GERALD GOLDMAN +
GARY S. REDISH +
RICHARD R. KAHN +
KENNETH K. LEHN
ROBERT J. KLEEBLATT
RONALD M. ABRAMSON
MARTIN J. DEVER, JR. + *
THOMAS J. CANGIALOSI, JR. +
CAROLYN GERACI FROME
BRUCE R. ROSENBERG
SCOTT K. McCLAIN ρ
EDWARD P. D'ALESSIO + x
RICHARD D. WOLLOCH +
MICHAEL G. STINGONE ρ
CHRISTOPHER H. MINKS

PETER G. BANTA +
ROBERT A. HETHERINGTON III
MATTHEW COHEN +
MARK E. LICHTBLAU +
ARTHUR J. SIMPSON, JR. + Δ
FRANK J. FRANZINO, JR. +
ELIZABETH EILENDER + *
COUNSEL TO THE FIRM

IAN S. KLEEBLATT
CHRISTINE R. SMITH
R.N. TENDAI RICHARDS
ROMAN VACCARI ρ
THOMAS R. McCONNELL
SHARON REIDER BABB +
RITA R. MUNGIOLI +
MICHAEL J. COHEN +
MELISSA A. TERRANOVA +
JOSEPH M. VIGLIOTTI

WALTER G. WINNE (1889-1972)
HORACE F. BANTA (1895-1985)
BRUCE F. BANTA (1932-1983)

CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
+ MEMBER NEW YORK BAR ALSO
* MEMBER CONNECTICUT BAR ALSO
ρ MEMBER PENNSYLVANIA BAR ALSO
x MEMBER WASHINGTON, D.C. BAR ALSO
Δ CPA (NJ)

Email address: trichards@winnebanta.com
Direct Dial: (201) 562-1099

July 23, 2012

**VIA ECF**
The Honorable Patty Shwartz, U.S.M.J.
United States District Court, District of New Jersey
Frank R. Lautenberg U.S.P.O. & Courthouse Bldg.
Newark, New Jersey 07101-9999

Re: **Skybridge Spectrum Foundation, et al. v. Mobex Network Services, et al.
Civil Action No. 2:11-cv-00993 (KSH) (PS)**

Dear Judge Shwartz:

This firm represents the Plaintiffs in the above-referenced matter. I submit this letter to address two issues: first is the ongoing need to adjust the deadline by which the parties may file a motion to seek leave to amend pleadings and to address additional deadlines which concern plaintiffs and the Mobex entities, to which counsel have submitted joint comments as set forth below; and second, to briefly address Mobex's issues with regarding to Plaintiffs' supplemental responses to certain discovery requests as required by the Court's June 20, 2012 Order. Having conferred with counsel of record and received their consent, we submit this correspondence to request a modification to one of the deadlines set forth in the Fourth Amended Pre-Trial Discovery Order (Doc. #78). According to that Order, the deadline for filing motions to amend pleadings and/or to add new parties or causes of action was July 3, 2012. However, Your Honor issued an Order on Informal Application, dated July 17, 2012, (Doc. #89) setting the deadline for Paging Systems/ TouchTel and the Plaintiffs to submit a chart detailing discovery disputes and to set forth their respective positions on the relevance and discoverability of items set forth in subparagraph 9 of the first Ordered paragraph of Your Honor's July 3, 2012 Order on Informal Application (Doc. # 84). In addition, as set forth in the joint letter submission below, Mobex has not, to date had an opportunity to review documents stored in the Virginia storage facility and, as such, has yet to make any production to Plaintiffs in responses to Plaintiffs' discovery demands. In an attempt to avoid having to resubmit this letter seeking further time in which to file a motion for leave to amend pleadings, should such a motion be warranted after Plaintiffs have had an actual opportunity to review meaningful discovery responses, we respectfully request that the Court set the deadline for making such a motion at two weeks after Mobex is able to review the documents stored in the Virginia facility and produced

06823-0001
160077_1

WINNE, BANTA, HETHERINGTON,
BASRALIAN &
KAHN, P.C. COUNSELLORS AT LAW

July 23, 2012
Page 2

documents which are responsive to Plaintiffs' requests. It is my hope that Your Honor will agree to this request and I am available for a telephone conference to discuss this item should the Court feel it necessary.

Regarding the addition issues raised by Mobex, Plaintiffs have indicated their position with regarding to issues below, in the Court's preferred joint letter format.

I. POSITION OF COUNSEL FOR MOBEX REGARDING MOBEX'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' DISCOVERY DEMANDS

By Order dated June 20, 2012, the Court ordered Mobex to serve supplemental responses to Plaintiffs' discovery demands by July 17, 2012, following review of the documents stored at Nation's Capital Archives in Washington, D.C. Through no fault of its own, Mobex was unable to comply with this element of the Court's Order because (1) the bonded copier has not yet completed the transfer of the documents to CD[a] and (2) the United States Bankruptcy Court for the Middle District of Mississippi still has not established a confidentiality/privilege review process for the documents, even though Mobex has provided the Bankruptcy Court with all of this Court's relevant Orders regarding discovery deadlines in the instant matter. Plaintiffs' counsel acknowledges that Mobex cannot provide supplemental discovery responses until the Bankruptcy Court releases the CDs and establishes the confidentiality/privilege review process. Therefore, counsel for Mobex, with Plaintiffs' counsel's consent request an extension of Mobex's deadline to serve supplemental discovery responses until three weeks after the date that the Bankruptcy Court releases the CDs and establishes the review process.

II. POSITION OF COUNSEL FOR PLAINTIFFS REGARDING MOBEX'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' DISCOVERY DEMANDS

Plaintiffs agree and consent to Mobex's request to extend the deadline to serve supplemental responses for the reasons set forth by Mobex's counsel in Section I herein.

III POSITION OF COUNSEL FOR MOBEX REGARDING PLAINTIFFS' PRIVILEGE LOG

By Order dated July 3, 2012, the Court ordered Plaintiffs to provide Defendants' with a log pursuant to L. Civ. R. 34.1 identifying all responsive documents that have been withheld on the grounds of attorney-client privilege and/or the work product doctrine. Plaintiffs' counsel has advised that, as of this time, no documents have been withheld from production on the grounds of the attorney-client privilege and/or work product doctrine. In the event privileged documents are discovered, Plaintiffs' counsel has agreed that he will comply with his obligations under L. Civ. R. 34.1.

IV POSITION OF COUNSEL FOR PLAINTIFFS REGARDING PLAINTIFFS' PRIVILEGE LOG

---

[a] Plaintiffs' counsel encountered delays in arranging for copying of the documents because the owner of Nation's Capital Archives refused to allow the bonded copier to remove the documents from the premises, instead preferring that equipment be brought in to copy the documents on site, which would have cost Plaintiffs an additional expense of tens of thousands of dollars. The owner of Nation's Capital Archives only recently agreed to allow the documents to be taken off site for copying. Copying is now in progress.

WINNE, BANTA,
BASRALIAN &
KAHN, P.C. COUNSELLORS AT LAW

July 23, 2012
Page 3

Counsel for Mobex has accurately reiterated that as, of this moment, Plaintiffs have not withheld documents from production such that a privilege log would be required. Plaintiffs are aware of and intend to comply with their ongoing obligation to create and distribute a privilege log should documents be withheld from production due to attorney client privilege or the work product doctrine.

V. MOBEX'S POSITION ON PLAINTIFFS' RESPONSES TO MOBEX'S DISCOVERY DEMANDS

By order dated July 3, 2012, the Court ordered Plaintiffs to provide more specific responses to Mobex's Interrogatories Nos. 2, 4, 5, 6, 8, 9, 11, 12, 13, 15 and 16. As set forth in greater detail below, several of Plaintiffs' supplemental responses are inadequate:

**Response Interrogatory No. 2**: Mobex's original objection to Plaintiffs' response to this Interrogatory was that it collectively set forth the actions of the "Defendants" and did not, as requested, state with specificity actions and/or omissions by Mobex. In their supplemental responses, Plaintiffs' addressed this objection, which the Court sustained, simply by adding the words "including Mobex" to the original response. In every other respect, the supplemental response is identical to the original response and does not detail what acts or omissions committed specifically by Mobex constituted and/or contributed to "a conspiracy in restraint of trade."

**Interrogatory Nos. 6, 11, 12, 15 and 16**: Mobex's original objection to Plaintiffs' response to these Interrogatories was that they referred generally to the documents being produced. Plaintiffs did not specify any act or omission on the part of Mobex that is alleged to be actionable. Plaintiffs' addressed this objection, which the Court sustained, by providing supplemental responses that collectively set forth the actions of the "Defendants" and do not, as requested by the Interrogatories or as required by the Court's Order, state with specificity actions or omissions by Mobex.

Finally, in its Order of July 3, 2012, the Court denied Mobex any relief with respect to Plaintiffs' responses to Mobex's First Notice to Produce because Mobex had yet to review Plaintiffs' documents. Counsel for Mobex and MCLM will be reviewing Plaintiffs' documents on July 30, 2012. Mobex reserves the right to renew its objections to Plaintiffs' responses to Mobex's First Notice to Produce following that review.

VI. PLAINTIFFS' POSITION ON ITS SUPPLEMENTAL RESPONSES TO MOBEX'S DISCOVERY DEMANDS

Plaintiffs have submitted extensive and more than adequate supplemental responses to Mobex's discovery demands, with some responses running for several pages and for additional reasons, which Plaintiffs' counsel is prepared to discuss with counsel for Mobex. However, we feel that such issues are not properly raised in this submission as Mobex's counsel has not, as yet, attempted to meet and confer in an attempt to resolve discovery issues independent of the Court's involvement. As such, plaintiffs will not detail the reasons why they feel their responses are more than adequate until such time as we have had an

06823-0001
160077_1

opportunity to meet and confer with Mobex's counsel as per this Court's Order and custom.

Respectfully submitted,

/s/ R. N. Tendai Richards
R.N. Tendai Richards

Cc: Counsel of record (Via ECF)