Havens v. Mobex Network Services, 11-cv-993 (KSH) -- Chart Pursuant to Order filed July 17, 2012 (ECF No. 89)

DEMANDS FOR WHICH THERE ARE UNRESOLVED DISPUTES

| Req # | Demand | Information Plaintiffs Actually Seek[1] | Why Plaintiffs Need the Information/Why Request is not Unduly Burdensome | Why Defendants Believe Request is not Proper/Unduly Burdensome |
|---|---|---|---|---|
| 1 | All documents to demand are known by demonstrate all FCC licensees that any under clear FCC station was rules. These include: constructed (1) Documents listed and any site- in Plaintiff's item 9 based below in the list of authorization Technical was not Information required automatically for determination of terminated actual constructed- pursuant to | Documents under this *imposed* since is not in the Complaint and it bars critical documents and information for Plaintiff's Sherman Act 1 ("SA1") claim, as described in item 9 below. (2) As far as the nature and scope of plaintiffs antitrust Sherman Act 1 ("SA1") claim or case, it is stated in the Complaint. Also, see footnotes 1 and 2 below. (3) The requested documents are not unduly burdensome since (a) they are critical to the SA1 case, and Defendants either have them now or | (1) The year 2000 limitation *must not be* | The request is improper on several grounds. First, information concerning the construction of a given site-based AMTS station is not probative of the purported anti-trust violation alleged in the Second Amended Complaint. An entity granted a site-based license has the exclusive right to broadcast in the AMTS radio service within the area covered by the station. No antitrust violation is implicated, therefore, by constructing a given station.[2] Second, that documents |

---

[1] (a) These documents demands and the reasons they are not burdensome are clear in FCC rules and common industry practices. Plaintiffs request permission to address this by testimony of outside experts then can arrange, including a leading radio-spectrum systems engineer whose work and computer program (for the service coverage area calculations described in item 9 below) is used by the FCC.

(b) Also, Plaintiffs do not request that Defendants take any action to find information they do not currently have and create new documents.

(c) Further, the FCC licensee actions may violate antitrust law including the Sherman Act *whether or not* it violates FCC law. See, e.g., United States v. Radio Corporation of America, et al., 1959, 358 U.S. 334. Thus, if required, Plaintiff also requests that the court allow briefing as to the issues of what is relevant to their Sherman Act 1 case: it includes but is not limited to Defendants coordinated actions contrary to FCC law, and certain State law.

[2] The Supreme Court instructs that "[a]ntitrust analysis must always be attuned to the particular structure and circumstances of the industry at issue. Part of that attention to economic context is an awareness of the significance of regulation. As we have noted, 'careful account must be taken of the pervasive federal and state regulation characteristic of the industry.'" *United States v. Citizens & Southern Nat. Bank,* 422 U.S. 86, 91, 45 L. Ed. 2d 41, 95 S. Ct. 2099 (1975); see also IA P. Areeda & H. Hovenkamp, Antitrust Law, p 12, P 240c3 (2d ed. 2000). "[A]ntitrust

Havens v. Mobex Network Services, 11-cv-993 (KSH) -- Chart Pursuant to Order filed July 17, 2012 (ECF No. 89)

| | |
|---|---|
| applicable FCC rules. | operating stations' service-coverage areas. (To save repetitive reading, this is not re-presented here.) (2) Other documents including FCC Forms 499A, and required filings with State authorities for (3) See also footnotes 1 and 2 hereto. | they do not (b) for reasons given in item 9 below (to save repetitive reading, this is not re-presented here) and includes that these documents are (i) *required* to be kept under FCC and other law (ii) *required* to operate any Commercial Mobile Radio Service business. Either Defendants hold or control these or they do not - not travel or extraordinary effort of any sort is required. These are the threshold documents of any FCC licensed station and business operation. As the Complaint states, Defendants have admitted to the FCC in the past that they falsely asserted construction and operation for years; and this was in coordinated fashion, to block access by the markets including Plaintiffs from any AMTS spectrum in large parts of the nation: Defendants continue to do so in other large parts of the nation. (4) As explained in the Complaint and item 9 below, Defendants coordinated blocking of the markets and Plaintiffs to all AMTS spectrum violates the Sherman Act 1 even if it did not violate FCC law, but it also involved violation of FCC law. Further, the ongoing, coordinated maintenance in FCC and other public records by Defendants of (i) some stations that are not valid under FCC law, and (ii) alleged existing- | demonstrating that a station was not "automatically terminated" are requested makes clear that Plaintiffs want this information not to support the single anti-trust claim left in this action, but instead to attempt to demonstrate that there has been some violation of applicable FCC rules. All claims alleging violations of FCC rules have been dismissed. Third, the request goes beyond the scope of permitted discovery to the extent that site-based stations were constructed prior to November 16, 2000. |

analysis must sensitively recognize and reflect the distinctive economic and legal setting of the regulated industry to which it applies.' *Concord v. Boston Edison Co.*, 915 F.2d 17, 22 (CA1 1990) (Breyer, C. J.) (internal quotation marks omitted)." *Verizon Communs., Inc. v. Law Offices of Curtis V. Trinko*, 540 U.S. 398, 411-412 (2004).

30333951.2

Havens v. Mobex Network Services, 11-cv-993 (KSH) -- Chart Pursuant to Order filed July 17, 2012 (ECF No. 89)

| | | | |
|---|---|---|---|
| | | operational stations for which Defendants will not provide the Technical Information listed in item 9 below (from which service coverage areas can be calculated) each block Plaintiffs in use of their AMTS licenses, for reasons further explained in item 9 below.<br>(5) Plaintiffs documents requests are not duplicative. However, if Defendants provide responsive documents to one request that also respond to another request, then of course the documents do not have to be produced under the other request. | |
| 2 | Documents sufficient to identify each Station that PSI alleges was constructed. | See response to request #1 above. | See response to request #1 above.<br><br>The request is improper for the same reasons as those stated with respect Request No. 1. First, information concerning the construction of a given site-based AMTS station is not probative of the purported anti-trust violation alleged in the Second Amended Complaint. An entity granted a site-based license has the exclusive right to broadcast in the AMTS radio service within the area covered by the station. No antitrust violation is implicated, therefore, by constructing a given station. It is also clear that Plaintiffs want this information not to support the single anti-trust claim left in this action, but instead to attempt to demonstrate that stations were not constructed in accordance with |

30333951.2

Havens v. Mobex Network Services, 11-cv-993 (KSH) -- Chart Pursuant to Order filed July 17, 2012 (ECF No. 89)

| | | | |
|---|---|---|---|
| | | | applicable FCC rules. All claims alleging violations of FCC rules have been dismissed from this action. The request also goes beyond the scope of permitted discovery to the extent that site-based stations were constructed prior to November 16, 2000. The request is also unduly burdensome because it is duplicative of, and seeks the same information as Request No. 1. |
| 3 | As to each Station that PSI alleges was constructed, documents sufficient to identify the date on which construction of the Station was commenced | See response to request #1 above. | See response to request #1 above. The request is improper for the same reasons as those stated with respect Request Nos. 1-2. Information concerning the construction of a given site-based AMTS station is not probative of the purported anti-trust violation alleged in the Second Amended Complaint. An entity granted a site-based license has the exclusive right to broadcast in the AMTS radio service within the area covered by the station. No antitrust violation is implicated, therefore, by constructing a given station. Moreover, the fact that request seeks documents to identify the date on which construction of a given station commenced makes |

30333951.2

Havens v. Mobex Network Services, 11-cv-993 (KSH) -- Chart Pursuant to Order filed July 17, 2012 (ECF No. 89)

| | | |
|---|---|---|
| 4 | As to each Station that PSI alleges was constructed, documents sufficient to identify the date on which construction of the Station was completed. | See response to request #1 above. | See response to request #1 above. The request is improper for the same reasons as those stated with respect Request Nos. 1-3. Information concerning the construction of a given site-based AMTS station is not probative of the purported anti-trust violation alleged in the Second Amended Complaint. An entity granted a site-based license has the exclusive right to broadcast in the AMTS radio service within the area covered by the station. No antitrust violation is implicated, therefore, by constructing a given station. |

3033339951.2

Havens v. Mobex Network Services, 11-cv-993 (KSH) -- Chart Pursuant to Order filed July 17, 2012 (ECF No. 89)

| | | |
|---|---|---|
| 10 | Documents sufficient to identify each Station that was placed in operation. | See response to request #1 above. | See response to request #1 above. The fact that the request seeks documents to identify the date on which construction of a given station was completed, makes clear that Plaintiffs want this information not to support the single antitrust claim left in this action, but instead to attempt to demonstrate that stations were not constructed in accordance with applicable FCC rules. All claims alleging violations of FCC rules have been dismissed from this action. The request is also beyond the scope of permitted discovery to the extent that site-based stations were constructed prior to November 16, 2000. The request is also unduly burdensome as duplicative of Request Nos. 1-3.

The request is improper on several grounds. First, information concerning when a given site-based AMTS station was placed in operation is not probative of the purported anti-trust violation alleged in the Second Amended Complaint. An entity granted a site-based license has the exclusive right to broadcast in the AMTS radio service within the area |

303333951.2

Havens v. Mobex Network Services, 11-cv-993 (KSH) -- Chart Pursuant to Order filed July 17, 2012 (ECF No. 89)

| | | |
|---|---|---|
| 11 | As to each Station that was placed in operation, documents sufficient to show the date on which the Station was placed in operation. | See response to request #1 above.<br><br>The court did not in its July 3, 2012 Order on Informal Application relieve Defendants from responding to Document demands other than those specifically noted elsewhere in that Order by the Court: it is these other demands that PSI/TouchTel indicated that they would, in fact, provide responsive documents and are now attempting to reverse course that are the subject of this chart. |
| | | See response to request #1 above.<br><br>The request is improper for the same reasons as those stated with respect to Request No 10. Information concerning when a given site-based AMTS station was placed in operation is not probative of the purported anti-trust violation alleged in the Second Amended Complaint. An entity granted a site-based license has the exclusive right to broadcast in the AMTS radio service within the area covered by the station. No antitrust violation is implicated, therefore, |

covered by the station. No antitrust violation is implicated, therefore, by operating a given station Second, it appears that Plaintiffs want this information not to support the single anti-trust claim left in this action, but instead to attempt to demonstrate that there has been some violation of applicable FCC rules. All claims alleging violations of FCC rules have been dismissed. Third, the request goes beyond the scope of permitted discovery to the extent that site-based stations were placed in operation prior to November 16, 2000

Havens v. Mobex Network Services, 11-cv-993 (KSH) -- Chart Pursuant to Order filed July 17, 2012 (ECF No. 89)

| | | | |
|---|---|---|---|
| | | | by operating a given station. The fact that the request seeks documents to identify the date on which a given station was placed in operation makes clear that Plaintiffs want this information to attempt to demonstrate that stations were not operated in accordance with applicable FCC rules. All claims alleging violations of FCC rules, however, have been dismissed from this action. The request is also beyond the scope of permitted discovery to the extent that site-based stations were placed in operation prior to November 16, 2000. The request is also unduly burdensome because it is duplicative of Request No. 10. |
| 12 | Documents sufficient to identify each Station that was placed in operation more than two years after grant of the authorization for the Station, or | See response to request #1 above. | See response to request #1 above. The court did not in its July 3, 2012 Order on Informal Application relieve Defendants from responding to Document demands other than those specifically noted elsewhere in that Order by the Court; it is these other demands that PSI/TouchTel indicated that they would, in fact, provide responsive documents and are now attempting to reverse course that are the subject of this chart. The request is improper for the same reasons as those stated with respect to Request Nos. 10-11. Information concerning when a given site-based AMTS station was placed in operation is not probative of the purported anti-trust violation alleged in the Second Amended Complaint. An entity granted a site-based license has the exclusive right to broadcast in the AMTS radio service within the area |

30333951.2

Havens v. Mobex Network Services, 11-cv-993 (KSH) -- Chart Pursuant to Order filed July 17, 2012 (ECF No. 89)

| | | | |
|---|---|---|---|
| | that was placed in operation after the FCC construction deadline, including with any extensions, for the Station. | | covered by the station. No antitrust violation is implicated, therefore, by operating a given station. The documents to identify station placed in operation "after the FCC construction deadline" makes clear that Plaintiffs want this information solely to attempt to demonstrate that there has been some violation of FCC rules. All claims alleging violations of FCC rules, however, have been dismissed from this action. The request is also beyond the scope of permitted discovery to the extent that site-based stations were placed in operation prior to November 16, 2000. The request is also unduly burdensome because it is duplicative of Request Nos. 10-11. |
| 13 | As to each Station that was placed in operation more than two years after grant of the authorization for the Station, all | See response to request #1 above. | See response to request #1 above. The court did not in its July 3, 2012 Order on Informal Application relieve Defendants from responding to Document demands other than those specifically noted elsewhere in that Order by the Court; it is these other demands that PSI/TouchTel indicated that they would, in fact, provide responsive documents and are now attempting to reverse course that are the subject The request is improper for the same reasons as those stated with respect to Request No 10. Information concerning when a given site-based AMTS station was placed in operation is not probative of the purported anti-trust violation alleged in the Second Amended Complaint. An entity granted a site-based license has the exclusive |

Havens v. Mobex Network Services, 11-cv-993 (KSH) -- Chart Pursuant to Order filed July 17, 2012 (ECF No. 89)

| | | |
|---|---|---|
| | documents referring or relating to why the Station was placed in operation more than two years after grant of the authorization for the Station. | of this chart. right to broadcast in the AMTS radio service within the area covered by the station. No antitrust violation is implicated, therefore, by operating a given station. The fact that the request seeks documents to identify the date on which a given station was placed in operation makes clear that Plaintiffs want this information to attempt to demonstrate that stations were not operated in accordance with applicable FCC rules. All claims alleging violations of FCC rules, however, have been dismissed from this action. The request is also beyond the scope of permitted discovery to the extent that site-based stations were placed in operation prior to November 16, 2000. The request is also unduly burdensome because it is duplicative of Request No. 12. |
| 53 | All Documents regarding construction and operation for each licensed Station, | See response to request #1 above.<br><br>(1) See response to request #1 above.<br>(2) FCC licensees that construct and operate physical radio-spectrum stations with any other radio-spectrum licensees, at a commercial-grade (or other) radios-station antenna facility, in which any equipment, site lease, or other thing is shared, are fully aware of that cooperative action, and thus, have documents showing this. (And in | The request is not proper because information concerning the construction and/or operation of a given site-based AMTS station is not probative of the purported anti-trust violation alleged in the Second Amended Complaint. Entities granted site-based license |

30333951.2

Havens v. Mobex Network Services, 11-cv-993 (KSH) -- Chart Pursuant to Order filed July 17, 2012 (ECF No. 89)

| | |
|---|---|
| starting with WQA216, and including, but not limited to, insurance records, filings with state authorities, equipment purchases, lease agreements, lease payments, etc. Separate the records by stations that were physically co-located with or otherwise coordinated with other Defendants' Stations from Defendant Paging Systems, Inc.'s other stations that were not | any case, Plaintiff does not request the creation of any new documents.)<br><br>(3) For Plaintiffs' to pursue its SA1 case in court, it must obtain from Defendants relevant documents.<br><br>(4) Defendants' coordinated violation of FCC law is an element, *but only one component*, of Plaintiffs SA1 case. In this regards, FCC rules involved are meant, in part, to create and protect competition in Commercial Mobile Radio Service ("CMRS") AMTS radio service and the markets it serves. Coordinated violation of law, including FCC law (as well as related State law as to CMRS) to retrain competition is violation of the Sherman Act 1.<br><br>(4) As far as the language "all documents" as used in some of the document requests, it means all relevant documents that Defendants hold and control in their business records, of the specific type described in the request. As stated herein, these are well known in the business of FCC-licensed operations. See also footnote 1 above.<br><br>(5) The court did not in its July 3, 2012 Order on Informal Application relieve Defendants from responding to Document demands other than those specifically noted elsewhere in that Order by the Court: it is these other demands that PSI/TouchTel indicated that they would, in fact, provide responsive documents and are now attempting to reverse course that are the subject of this chart. | have the exclusive right to broadcast in the AMTS radio service within the area covered by the license. There can be no antitrust violation, therefore, with respect to the construction and/or operation of a given station. The broad scope of the request is merely a fishing expedition for information to attempt to show that stations were not constructed and/or operated in accordance with applicable FCC rules. All claims alleging violations of FCC rules, however, have been dismissed from this action. The request is also unduly burdensome as it requests "all documents" regarding the construction and operation of each site-based station, for example "equipment purchases" and "lease agreements." The Court has previously determined that requests for such information are beyond the scope of permitted discovery in this action when it found, in the Order on Informal Application filed July 3, 2012 (ECF No. 84), that no further response was required to Demand Nos. 5, 6, 16 and 59. |

Havens v. Mobex Network Services, 11-cv-993 (KSH) -- Chart Pursuant to Order filed July 17, 2012 (ECF No. 89)

| physically co-located or otherwise coordinated with other Defendants' Stations. | |
|---|---|
| | [ITEM 9 is separate] |

30333951.2