UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN HAVENS, SKYBRIDGE SPECTRUM FOUNDATION, a Delaware nonprofit corporation, TELESAURUS, VPC, LLC, a Delaware limited liability company, AMTS CONSORTIUM, LLC, a Delaware Limited Liability Company, INTELLIGENT TRANSPORTATION & MONITORING, LLC, a Delaware Limited Liability Company, and TELESAURUS GB, LLC a Delaware Limited Liability Company.<br><br>                Plaintiffs,<br>v.<br><br>MOBEX NETWORK SERVICES, LLC, a Delaware Limited Liability Company, MOBEX COMMUNICATIONS, INC., a Delaware corporation, MARITIME COMMUNICATIONS/LAND MOBILE LLC, a Delaware Limited Liability Company, PAGING SYSTEMS, INC., a California corporation and TOUCH TEL CORPORATION, a California corporation, and JOHN DOE Nos. 1-20<br><br>                Defendants | Civil Action No. 2:11-CV-00993-KSH-CW<br><br>**Motion Returnable: April 7, 2014** |

**BRIEF IN SUPPORT OF
THE PAGING SYSTEMS DEFENDANTS' MOTION
TO ENFORCE SETTLEMENT AGREEMENT AND FOR
DISMISSAL WITH PREJUDICE PURSUANT TO RULE 41(b)**

Kenneth D. Friedman, Esq.
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square, 23rd Floor
New York, New York  10036
(212) 790-4500
*Attorneys for Defendants
Paging Systems, Inc. and Touch Tel Corporation*

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1
ARGUMENT ..................................................................................................................... 2
    I.    THE SETTLEMENT AGREEMENT SHOULD BE ENFORCED ....................... 2
CONCLUSION .................................................................................................................. 7

## TABLE OF AUTHORITIES

Page

### CASES

*Dep't of Public Advocate v. N.J. Bd. Of Pub. Utilities*,
   206 N.J. Super. 523 (App. Div. 1985) ................................................................. 6

*Excelsior Ins. Co. v. Pennsbury Pain Center*,
   975 F. Supp. 342 (D.N.J. 1996) ........................................................................... 3

*Friedman v. Tappan Dev. Corp.*,
   22 N.J. 523 (1956) ............................................................................................... 4

*Honeywell v. Bubb*,
   130 N.J. Super. 130 (App. Div. 1974) ................................................................. 3

*Howard Johnson Int'l, Inc. v. Ray & Raj, Inc.*,
   No. 2:11-00730 (WJM), 2012 U.S. Dist. LEXIS 163390 (D.N.J. Nov. 15,
   2012) .................................................................................................................... 2

*Met. Life Ins. Co. v. Hayes-Green*,
   No. 07-cv-2492 (WJM), 2008 U.S. Dist. LEXIS 110220 (D.N.J. May 20,
   2008) ................................................................................................................ 2, 3

*Mourning v. Corr. Med. Servs.*,
   No. 06-590 (FLW), 2006 U.S. Dist. LEXIS 59619 (D.N.J. Aug. 23, 2006) ...... 6

*Nye v. Ingersoll Rand Co.*,
   783 F. Supp. 2d 751 (D.N.J. 2011) ..................................................................... 3

*Pascarella v. Bruck*,
   190 N.J. Super. 118 (App. Div.), *cert. denied*, 94 N.J. 600 (1983) .................... 3

*Rowe v. Hoffman-La Roche, Inc.*,
   189 N.J. 615 (2007) ............................................................................................. 3

*Saber v. FinanceAmerica Credit Corp.*,
   843 F.2d 697 (3d Cir. 1988) ................................................................................ 2

*Tedesco Mfg. Co. v. Honeywell Int'l, Inc.*,
   No. 04-1040, 2005 U.S. App. LEXIS 5172 (3d Cir. Mar. 30, 2005) .................. 3

*Thorner v. Sony Computer Entm't America, LLC*,
   No. 09-1894 (MLC), 2013 U.S. Dist. LEXIS 36775 (D.N.J. Mar. 18, 2013) . 3, 4

*U.S.A. v. Lightman*,
   988 F. Supp. 448 (D.N.J. 1997) ...................................................................... 3, 6

### RULES

Fed. R. Civ. P. 41(b) ..................................................................................................... 2

## INTRODUCTION

In a written agreement made and entered into April 8, 2013 ("Settlement Agreement"), plaintiffs Warren Havens, Skybridge Spectrum Foundation, Telesaurus, VPC, LLC, AMTS Consortium, LLC, Intelligent Transportation & Monitoring, LLC, and Telesaurus GB, LLC (collectively, "Plaintiffs"), and defendants Paging Systems, Inc. and Touch Tel Corporation (collectively, the "Paging Systems Defendants") agreed to a global settlement of all claims between them concerning spectrum authorizations issued by the Federal Communications Commission ("FCC") in the Automated Marine Telecommunications Service ("AMTS"), including the remaining antitrust claim in this action.

The Paging Systems Defendants agreed, in exchange for the dismissal of this lawsuit, to surrender their presence in the nationwide AMTS market to Plaintiffs, except for a small area in Southern California. A series of transactions, all of which required FCC approval, were required to achieve this result including (i) assignments of certain geographic AMTS licenses, and (ii) the cancellation of virtually all of the Paging Systems Defendants' site-based AMTS licenses. The Paging Systems Defendants' site-based AMTS licenses are the subject of the Plaintiffs' antitrust claim in this action. *See* Second Amended Complaint filed February 18, 2011 (ECF No. 1) ¶¶ 64-70 (Friedman Cert. Exhibit 2).

As fully explained in the accompanying Certification of Kenneth D. Friedman dated March 14, 2014 ("Friedman Cert."), and the exhibits annexed thereto, all required FCC consents and approvals had become final for purposes of the Settlement Agreement. Thus, all conditions precedent necessary to complete the settlement have been met. Nevertheless, Plaintiffs have refused, unreasonably and without justification, to proceed to Closing of the FCC-approved geographic AMTS license assignments and provide the primary benefit bargained for by the Paging Systems Defendants – the dismissal, with prejudice, of the remaining claim asserted

1

against them in this lawsuit.

The Paging Systems Defendants therefore respectfully bring this motion, pursuant to numbered paragraph 18 of the Settlement Agreement, asking the Court to enforce the terms of the Settlement Agreement and compel Plaintiffs to (a) exchange the required Closing documents and dismiss the Paging Systems Defendants from this case, or (b) suffer involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## ARGUMENT

### I.  THE SETTLEMENT AGREEMENT SHOULD BE ENFORCED

As an initial matter, "[s]ettlement agreements may be enforced by means of a motion filed with the underlying cause of action and need not be asserted in the form of a complaint and answer." *Saber v. FinanceAmerica Credit Corp.*, 843 F.2d 697, 700, fn. 5 (3d Cir. 1988) (citations omitted). *See also Howard Johnson Int'l, Inc. v. Ray & Raj, Inc.*, No. 2:11-00730 (WJM), 2012 U.S. Dist. LEXIS 163390, *5 (D.N.J. Nov. 15, 2012) ("Where jurisdiction lies, and where it would be efficient to do so, courts should exercise their jurisdiction and adjudicate a settlement dispute without requiring the [party] to file a 'fresh complaint.'")

Here, the parties expressly agreed to vest this Court with authority to enforce their settlement:

> The Parties specifically agree that this Settlement Agreement is a judicially enforceable agreement, and that the Court shall have continuing jurisdiction to take all action necessary to effect and enforce the terms of this Settlement Agreement.

Settlement Agreement ¶ 18 (Friedman Cert. Exhibit 1). Accordingly, the relief sought by the Paging Systems Defendants is properly brought via motion.

"A settlement agreement is merely a contract, and the principles of contract law govern the enforceability of settlement agreements." *Met. Life Ins. Co. v. Hayes-Green*, No. 07-CV-2492

2

(WJM), 2008 U.S. Dist. LEXIS 110220, *2 (D.N.J. May 20, 2008) (*citing Tedesco Mfg. Co. v. Honeywell Int'l, Inc.*, No. 04-1040, 2005 U.S. App. LEXIS 5172, *6 (3d Cir. Mar. 30, 2005)). Moreover, the construction and enforcement of settlement agreements in federal court is governed by state law. *Id.* (*citing Excelsior Ins. Co. v. Pennsbury Pain Center*, 975 F. Supp. 342, 348-49 (D.N.J. 1996)).

The Settlement Agreement at issue on this motion does not contain a choice of law provision. As Judge Debevoise has observed, however, "the interpretation of unambiguous contracts does not very substantially from state to state." *Nye v. Ingersoll Rand Co.*, 783 F. Supp. 2d 751, 761 fn. 11 (D.N.J. 2011). Thus, "[i]n the absence of a conflict, the law of the forum governs." *Id.* (*citing Rowe v. Hoffman-La Roche, Inc.*, 189 N.J. 615, 621 (2007)).

Under New Jersey law, "an agreement to settle a lawsuit is a contract which, like all other contracts, may be freely entered into, and which a court, absent a demonstration of 'fraud or other compelling circumstance' shall honor and enforce as it does other contracts." *Pascarella v. Bruck*, 190 N.J. Super. 118, 124-25 (App. Div.), *cert. denied*, 94 N.J. 600 (1983) (*citing Honeywell v. Bubb*, 130 N.J. Super. 130, 136 (App. Div. 1974)). Moreover, "[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the Court, and even in the absence of a writing." *Thorner v. Sony Computer Entm't America, LLC*, No. 09-1894 (MLC), 2013 U.S. Dist. LEXIS 36775, *14 (D.N.J. Mar. 18, 2013) (*citing Pascarella, supra.*).

There is no doubt that the parties entered into an enforceable agreement to resolve the claims asserted against the Paging Systems Defendants in this action. "A contract is formed where there is offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty." *U.S.A. v. Lightman*, 988 F. Supp. 448, 458 (D.N.J. 1997) (citation omitted). Moreover, "[a] contract must be accompanied

3

by consideration to be enforceable. . . . In bilateral contacts or agreements, such as the one here, where the parties make mutual promises to do some future act, 'the consideration of the promise of one party is a promise on the part of the other.'" *Thorner*, 2013 U.S. Dist. LEXIS 36775 at *14 (*quoting Friedman v. Tappan Dev. Corp.*, 22 N.J. 523, 533 (1956)).

The record demonstrates that on April 8, 2013 the Plaintiffs and the Paging Systems Defendants entered into a written, fully integrated agreement that unambiguously sets forth the terms of the their settlement. The agreement states that:

> This Settlement Agreement, and all of its terms and conditions, shall be binding upon and inure to the benefit of the Parties and their respective agents, representatives, officers, directors, members, managing members, employees, heirs, executors, administrators descendants, subsidiaries, affiliates, successors, assigns and legal representatives, whether a signatory hereto or not.

Settlement Agreement ¶ 14. *See also id.* ¶ 15 (Integration Clause). Plaintiffs' counsel acknowledged that the parties entered into a binding agreement in his submission to this Court requesting a stay of all proceedings in this matter:

> Plaintiffs and Defendants Paging Systems Inc., (PSI) and Touch Tel Corporation (TT) have executed a Settlement Agreement that will resolve all disputes as between them in the action before this Court, as soon as the FCC consents to their joint proposals for resolution of all licensing claims and disputes as between them pending before the FCC.

Joint Submission filed April 18, 2013 (ECF No. 166) at p. 1 (Friedman Cert. Exhibit 13).

Good and valuable consideration accompanied the settlement. The Settlement Agreement states that "[t]his Settlement Agreement is entered for good and valuable business consideration exchange, with no admission as to any claims by any Party against any other Party that are dismissed and/or settled hereunder." Settlement Agreement ¶ 14.

As part of the consideration for the dismissal of this lawsuit, the Paging Systems Defendants' assigned their geographic AMTS licenses to Plaintiffs. *See* Friedman Cert. ¶¶ 27-32

and the exhibits referenced therein. In addition, virtually all of the Paging Systems Defendants' site-based AMTS stations have been terminated. *Id.* ¶¶ 33-36 and the exhibit referenced therein. The Paging Systems Defendants have also withdrawn or dismissed all of their proceedings at the FCC challenging Plaintiffs' geographic spectrum authorizations. *Id.* ¶¶ 37-42, and the exhibits referenced therein. Plaintiffs are now able fully maximize their geographic spectrum authorizations without any encumbrance. Indeed, Plaintiffs have used the geographic AMTS spectrum authorizations obtained under the Settlement Agreement, and the elimination of Paging Systems Defendants' site-based AMTS stations, in advocating for the implementation of their nationwide Advance Railroad Wireless architecture before the FCC. *See, e.g.*, Advanced Railroad Wireless presentation, public version, filed in FCC Docket 11-79 in January 2014 at p. 79/83 (Friedman Cert. Exhibit 25).

All required FCC actions have long since become final under the Settlement Agreement and, as such, Plaintiffs have already gained the benefit of their bargain – the removal of the Paging Systems Defendants from the AMTS market. Fairness demands that the Plaintiffs be compelled to execute the promises they made when they agreed to settle this case.

The grounds upon which Plaintiffs refuse to conclude this settlement and voluntarily dismiss the Paging Systems Defendants from this action, with prejudice, are completely unjustified. The Paging Systems Defendants have carefully considered Plaintiffs' purported concerns that elements of the agreement have not met. These concerns are simply without merit. The Paging Systems Defendants, using their best efforts, have searched for additional documents that may be related to the non-settled defendants and have not found any that are not already in the public record. The Settlement Agreement does not require them to continue to conduct full-blown discovery as if they are still in this case.

Plaintiffs concerns over the finality of the dismissals and withdrawals of the FCC proceedings are equally without merit. The decision by the FCC granting the parties that relief has long since been final and unappealable. There is no basis for any third-party or the FCC itself to challenge that result. Nevertheless, Plaintiffs refuse to close.

Enforcement of the Settlement Agreement is consistent with the public policy of this Circuit, as well as the State of New Jersey, "in favor of settlements." *See Lightman*, 988 F. Supp. at 465 (citations omitted). Courts in this State "will 'strain to give effect to the terms of a settlement wherever possible.'" *Mourning v. Corr. Med. Servs.*, No. 06-590 (FLW), 2006 U.S. Dist. LEXIS 59619, *10 (D.N.J. Aug. 23, 2006) (*quoting Dep't of Public Advocate v. N.J. Bd. Of Pub. Utilities*, 206 N.J. Super. 523, 528 (App. Div. 1985).

The Paging Systems Defendants have lived-up to their end of the bargain. The Paging Systems Defendants respectfully submit that any further attempt to negotiate a resolution of this dispute without judicial intervention would be futile. Thus, they therefore request that the Court enter an order enforcing the Settlement Agreement.

## CONCLUSION

For all the foregoing reasons, and those set forth in the accompanying Certification of Kenneth D. Friedman, defendants Paging Systems, Inc. and Touch Tel Corporation respectfully request that their motion to enforce the Settlement Agreement be granted and that the proposed order submitted in connection with this motion be entered by the Court.

Dated:  March 14, 2014

MANATT, PHELPS & PHILLIPS, LLP

By: /s/Kenneth D. Friedman
    Kenneth D. Friedman
7 Times Square
New York, NY  10036
Telephone: (212) 790-4500
Facsimile:  (212) 790-4545
*Counsel for Defendants*
*Paging Systems, Inc. and Touch Tel Corporation*

311630346.1