Kenneth D. Friedman, Esq.
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
Telephone: (212) 790-4500
*Attorneys for Defendants*
*Paging Systems, Inc. and Touch Tel Corporation*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN HAVENS, SKYBRIDGE SPECTRUM FOUNDATION, a Delaware nonprofit corporation; TELESAURUS VPC, LLC, a Delaware limited liability company; AMTS CONSORTIUM, LLC, a Delaware Limited Liability Company; INTELLIGENT TRANSPORTATION & MONITORING, LLC, a Delaware Limited Liability Company; and TELESAURUS GB, LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>MOBEX NETWORK SERVICES, LLC, a Delaware Limited Liability Company; MOBEX COMMUNICATIONS, INC., a Delaware corporation; MARITIME COMMUNICATIONS/LAND MOBILE, LLC, a Delaware Limited Liability Company; PAGING SYSTEMS, INC., a California Corporation; TOUCH TEL CORPORATION, a California corporation; and JOHN DOE Nos. 1-20,<br><br>Defendants. | Civil Action No. 2:11-CV-00993-KSH-CW<br><br>**Motion Returnable: April 7, 2014**<br><br><br><br>**CERTIFICATION OF KENNETH D. FRIEDMAN** |

KENNETH D. FRIEDMAN, of full age, herby certifies as follows:

1. I am an attorney at law, licensed to practice in the State of New Jersey and before this Court, and a partner at Manatt, Phelps & Phillips, LLP, attorneys for defendants Paging Systems, Inc. and Touch Tel Corporation (collectively the "Paging Systems Defendants") in this action.

I. Introduction

2. In a written agreement dated April 8, 2013 (the "Settlement Agreement"), the plaintiffs in this action, Mr. Warren Havens and several companies that he controls (collectively "Plaintiffs"), along with two other companies controlled by Mr. Havens not parties herein, on the one hand, and the Paging Systems Defendants, on the other, agreed to a global settlement of all claims between the parties concerning spectrum authorizations issued by the Federal Communications Commission ("FCC") in the Automated Marine Telecommunications Service ("AMTS"), including the remaining antitrust claim in this action. A true and correct copy of the Settlement Agreement, as redacted by Plaintiffs for public filing with the FCC, is annexed hereto as **Exhibit 1.**[1]

3. To facilitate the settlement, the Paging Systems Defendants agreed to surrender their presence in the nationwide AMTS market to Plaintiffs, except for a small area in Southern California. A series of transactions, all of which required FCC approval, were required to achieve this result including (i) assignments of certain geographic AMTS licenses, and (ii) the cancellation of virtually all of the Paging Systems Defendants' site-based AMTS licenses that are the subject of the instant antitrust claim.

4. The parties further agreed, in keeping with the Paging Systems Defendants' relinquishment of their AMTS assets, to dismiss and/or withdraw all pending disputed proceedings between them before the FCC, which also required FCC approval.

---

[1] The parties agreed to keep the Settlement Agreement confidential to the fullest extent possible. *See* Settlement Agreement ¶ 19. That is why the redacted version of the agreement was placed in the public docket. An un-redacted copy of the Settlement Agreement will be provided to the Court for *in camera* review in connection with the delivery of hard copies of the Paging Systems Defendants' brief and other supporting papers required by the Court's individual practices.

5.	At Plaintiffs' insistence, the settlement was contingent on FCC approval of the various transactions, cancellations and dismissals being "final." Finality for purposes of the Settlement Agreement meant that all challenges to the given FCC action by a third-party or *sua sponte* by the FCC, if any, had been dismissed, and the time for appealing from the given FCC action, either by third-parties or *sua sponte* by the FCC, had expired.

6.	Once final FCC approvals had been obtained, the Plaintiffs agreed to proceed to Closing of the geographic license assignments, and dismiss the Paging Systems Defendants from this action with prejudice.

7.	After many fits and starts, including the shutdown of the Federal Government in October of 2013, and challenges to the geographic AMTS licenses assignments made by defendant Maritime Communications/Land Mobile, LLC ("Maritime") at the FCC, the last of the required FCC approvals became final and unappealable in January of 2014.

8.	Nevertheless, Plaintiffs have refused, unreasonably and without justification, to proceed to Closing of the FCC-approved geographic license assignment and to provide the primary benefit bargained for by the Paging Systems Defendants – the dismissal of the antitrust claim asserted against them in this lawsuit with prejudice.

9.	Accordingly, pursuant to numbered paragraph 18 of the Settlement Agreement, the Paging Systems Defendants respectfully bring this motion asking the Court to enforce the terms of the Settlement Agreement and compel Plaintiffs to (a) exchange the required Closing documents and dismiss the Paging Systems Defendants from this case, or (b) suffer involuntary dismissal pursuant to Rule 41(b).

## II. Background

10. Plaintiffs' Second Amended Complaint ("Complaint") was filed on February 18, 2011 (ECF No. 1). A true and correct copy of the Complaint, without exhibits, is annexed hereto as **Exhibit 2**.

11. In an Order dated December 22, 2011 (ECF No. 31), all claims in the Complaint were dismissed except for the claim alleging violations of Section 1 of the Sherman Antitrust Act. A true and correct copy of the Court's Opinion dated December 22, 2011 (ECF No. 30), dismissing all claims in this action except Plaintiffs' claims under Section 1 of the Sherman Act is annexed hereto as **Exhibit 3.**

12. The gravamen of the remaining Sherman Act claim is that defendants' conspired to unlawfully hoard and warehouse their site-based AMTS licenses by failing to construct or properly operate AMTS stations, and that this scheme has injured the Plaintiffs, who are holders of geographic AMTS licenses. *See* Complaint ¶¶ 64-70.

13. The parties engaged in fact discovery throughout 2012 and into the first quarter of 2013. Several discovery disputes were adjudicated during that period. The Court sustained the Paging Systems Defendants' objections to several of Plaintiffs' document demands, overruled others, and crafted appropriate compromises to facilitate the flow of information. *See*, *e.g.*, Order on Informal Application dated July 3, 2012 (ECF No. 84) and Order on Informal Application & Fifth Amended Scheduling Order dated August 6, 2012 (ECF No. 94), true and correct copies of which are annexed hereto as **Exhibit 4.**

14. The end date for fact discovery was eventually set for March 14, 2013, although the end date for depositions was subsequently extended to March 28, 2014. *See* Order on Informal Application & Tenth Amended Scheduling Order dated January 16, 2013 (ECF No.

135), and Order on Informal Application dated March 4, 2013 (ECF No. 157), true and correct copies of which are annexed hereto as **Exhibit 5.**

15. At or around the end of March 2013, Mr. Robert Cooper, one of the principals of the Paging Systems Defendants, began negotiating directly with Warren Havens, the Plaintiffs' principal, in an attempt to reach a negotiated settlement of all disputes between the parties involving AMTS license authorizations, including both the remaining claim in this action, and all claims pending before the FCC.

16. The negotiations between the parties' principals resulted in the Settlement Agreement that is the subject of this motion.

### III.  The Settlement Terms

17. In the settlement, the Paging Systems Defendants agreed to cede their presence in the AMTS market to Plaintiffs, except for a small pocket in Southern California which the former would retain. A series of transactions, all of which required FCC approval, were required to bring this about:

> (a) First, the Paging Systems Defendants agreed to assign their Great Lakes geographic AMTS license and their Hawaii geographic AMTS license to Plaintiffs. *See* Settlement Agreement ¶ 2.
>
> (b) In exchange, the Plaintiffs agreed to carve out a portion of their Southern Pacific geographic AMTS license, and assign a contiguous partitioned geographic area (covering Southern California) to the Paging Systems Defendants. *Id.* ¶ 3.
>
> (c) The Paging Systems Defendants further agreed to submit all of their site-based AMTS licenses in the Unites States – the licenses upon which Plaintiffs' antitrust allegations were based – to the FCC for "permanent and complete" cancellation, except for those located in Southern California area covered by the partitioned geographic license being assigned to the Paging Systems Defendants. *Id.* ¶ 5.

18. The AMTS license assignments at the heart of the settlement required the prior consent and approval of the FCC. Accordingly the parties agreed to promptly file applications requesting the FCC's written consent to the assignments of geographic AMTS licenses

contemplated by the Settlement Agreement. *See* Assignments Agreement § 6.1 (Settlement Agreement page 15 of 38).[2]

19. The parties further agreed that the FCC consents be "final" as a condition of Closing and concluding the settlement. Finality for purposes of Closing required that: (a) the consents "shall not have been reversed, stayed, enjoined, set aside, annulled or suspended;" (b) that "no timely request for stay, petition for rehearing, appeal or certiorari," including any "*sua sponte* action by the FCC with comparable effect" is pending; and (c) that "the time for filing any such request, petition, appeal, certiorari or for taking of any such *sua sponte* action by the FCC shall have expired or otherwise terminated." *Id.* § 7.1(c) (Settlement Agreement page 16 of 38).

20. The Paging Systems Defendants were not required to cancel their site-based AMTS licenses until the FCC's approval of the geographic AMTS license assignments was final under the Settlement Agreement. *See* Settlement Agreement ¶ 5.

21. Once the assignments and cancellations agreed to in the settlement were final, the parties would proceed to Closing of the license assignments, and would concurrently (a) dismiss with prejudice all their proceedings before the FCC that challenged the others FCC licenses (AMTS and non-AMTS); and (b) dismiss this action with prejudice. *Id.* ¶ 6.

22. The parties agreed that once the necessary FCC approvals became final time was of the essence with respect to the Closing of the assignments of geographic AMTS licenses. *See* Assignments Agreement § 8.1 (Settlement Agreement page 17 of 38). The Closing, which involved the exchange by the parties of executed Assignment and Assumption agreements and Officer's Certificates memorializing the transactions, would be conducted by telephone, email,

---

[2] Additional terms governing the assignments of the geographic AMTS license were memorialized in a written agreement (the "Assignments Agreement") which was attached to, and made part of, the Settlement Agreement as Appendix 1. *See* Settlement Agreement ¶ 4.

electronic document transfer and/ facsimile, or any other method agreed by the parties.  *Id.* §§ 8.1-8.2.

23. The Settlement Agreement also contains mutual releases and covenants not to sue that become effective upon the Closing of the license assignments.  *Id.* ¶¶ 7-10

24. In keeping with the "cessation of hostilities" memorialized in the Settlement Agreement, the Paging Systems Defendants agreed to cooperate with the Plaintiffs in two respects while the necessary FCC consents and approvals were pending.

25. First, the Paging Systems Defendants agreed to join with the Plaintiffs in requesting that this action be stayed to allow the parties to obtain all necessary FCC consents and approvals for the transactions contemplated by the settlement.  *Id.* ¶ 12.  Moreover, while the parties awaited final FCC approvals, the Paging Systems Defendants agreed to "use best efforts" to provide Plaintiffs with documents responsive to Plaintiffs' outstanding document requests related to the non-settling defendants – Maritime, Mobex Network Services, LLC and Mobex Communications, Inc. (the latter two entities referred to hereafter collectively as "Mobex").  *Id.*

**IV.  The Conditions For Closing/Dismissal Have Been Met**

26. As chronicled below, the Paging Systems Defendants faithfully fulfilled all of the conditions agreed to in the settlement.  Plaintiffs have no justification for their refusal to proceed to Closing of the geographic license assignments and dismiss the Paging Systems Defendants from this case with prejudice.

    **A.   Final Approval of the License Assignments Has Been Achieved**

27. On or about April 13, 2013, the parties submitted applications to the FCC seeking the FCC's consent for the geographic license assignments contemplated in the Settlement Agreement.

28.     The assignment of the partitioned portion of the Plaintiffs' Southern Pacific geographic AMTS license to the Paging Systems Defendants was approved by the FCC in 24 hours.

29.     On April 24, 2013, the FCC posted public notice of the applications for approval of the assignment of the Paging Systems Defendants' Great Lakes and Hawaii geographic AMTS licenses to Plaintiffs.  *See, e.g.,* FCC Public Notice dated April 24, 2013 at p. 2, a true and correct copy of the relevant portion of which is annexed hereto as **Exhibit 6**.

30.     On or about May 8, 2013, Maritime filed a petition asking the FCC to deny the assignment of the Paging Systems Defendants' geographic AMTS licenses to Plaintiffs. Maritme also filed a petition asking the FCC to reconsider its approval of the assignment of the partitioned portion of the Plaintiffs' Southern Pacific geographic AMTS license to the Paging Systems Defendants.

31.     Maritime's challenges to the geographic license assignments were fully briefed, and ultimately rejected by the FCC on August 21, 2013.  *See* Order and Order on Reconsideration released August 22, 2013 (DA 13-1787), a true and correct copy of which is annexed hereto as **Exhibit 7.**  No further challenge was made to the geographic AMTS license assignments, or to the FCC action dismissing Maritime's challenge.

32.     All necessary FCC consents for the parties' geographic AMTS license assignments became final for purposes of the Settlement Agreement on or about October 17, 2013.[3]

---

[3] FCC Rules generally provide 30 days for members of the public to challenge an agency action, and an additional ten days in which the FCC may reconsider its action, from the date the agency action is placed on Public Notice. *See*, *e.g.,* 47 CFR §§ 1.104; 1.117.

### B. The Paging Systems Defendants' Site-Based AMTS Licenses Have Been Cancelled

33. As noted above, the Paging Systems Defendants were not required to cancel their site-based AMTS licenses until the geographic AMTS license assignments were approved by the FCC, and deemed final under the Settlement Agreement.

34. On or about July 25, 2013, while Martime's challenges to the geographic license assignments were still pending, Plaintiffs asked the Paging Systems Defendants to cancel their East Coast AMTS site-based licenses. This request was made to facilitate a business opportunity that was being pursued by Plaintiffs.

35. In the spirit of cooperation, the Paging Systems Defendants agreed to unilaterally and voluntarily cancel their East Coast AMTS site-based licenses, despite the fact that the geographic license assignments were not deemed final under the Settlement Agreement. The Paging Systems Defendants' East Coast licenses were cancelled on or around August 1, 2013. Those cancellations became final for purposes of the Settlement Agreement in September of 2013.

36. The Paging Systems Defendants submitted the balance of their AMTS site-based licenses for cancellation cancelled in mid-November 2013, after the FCC approval of the geographic license assignments became final. *See*, *e.g.*, FCC Public Notice dated November 13, 2013, at pp. 137-138, a true and correct copy of the relevant portion of which is annexed hereto as **Exhibit 8.**[4] These subsequent cancellations became final for purposes of the Settlement Agreement in January of 2014.

---

[4] FCC Rules provide that "[a]uthorizations submitted for cancellation terminate when the Commission gives Public Notice of such action." 47 CFR § 1.955(c).

### C. All Pending FCC Proceedings Have Been Withdrawn or Dismissed

37. On April 16 the parties contacted the FCC, apprised the relevant officials that the parties had reached a global settlement and asked for a stay of all proceeding before the FCC pending the necessary approvals needed to complete the settlement. While not staying the proceedings, the FCC agreed to take no action for a period of three months. *See* Email string dated April 16, 2013, a true and correct copy of which is attached hereto as **Exhibit 9.**

38. The FCC subsequently agreed to further extensions of the moratorium period though January 13, 2014. *See* Email string from April 16, 2013 to October 23, 2013, a true and correct copy of which is attached hereto as **Exhibit 10.**

39. On or about November 1, 2013, soon after the geographic license assignments became final for purposes of the Settlement Agreement, the parties each submitted applications to the FCC for the withdrawal and dismissal of their various pleadings. Pursuant to the parties' agreement, the dismissal applications were required to comply with 47 CFR § 1.935.

40. The parties subsequently resolved certain questions posed by the FCC with respect to pleadings to be withdrawn/dismissed. *See, e.g.,* Email string from November 1, 2013 to December 5, 2103, a true and correct copy of which is attached hereto as **Exhibit 11.**

41. On December 6, 2013, the FCC the granted the parties' requests for withdrawal and dismissal of their collective pleadings before the FCC. *See* FCC letter dated December 6, 2013, a true and correct copy of which is attached hereto as **Exhibit 12.** The FCC's letter expressly provided that the dismissals and withdrawals were pursuant to 47 CFR § 1.935, as required by the parties' agreement. *Id.* at p. 4.

42. The dismissals and withdrawals of the parties' FCC pleadings were not challenged by any member of the public, nor the FCC itself, and became final for purposes of the Settlement Agreement on January 15, 2014.

### D. All Other Interim Obligations Were Met

43. On April 12, 2013, in accordance with paragraph 12 of the Settlement Agreement, the Paging Systems Defendants and Plaintiffs notified the Court that they had reached a global settlement, and jointly requested that the Court stay this action pending the achievement of final FCC approval of the geographic license assignments and other transactions contemplated by the settlement. *See* Joint Submission dated April 12, 2013 (ECF No. 164) and Joint Submission dated April 16, 2013 (ECF No. 166), true and correct copies of which are annexed hereto as **Exhibit 13**.

44. Defendant Maritime, however, objected to the stay request. *See* Submission dated April 15. 2013 (ECF No. 165). The stay application was ultimately denied by the Court. *See* Order dated April 19, 2013 (ECF No. 167), a true and correct copy of which is annexed hereto as **Exhibit 14**.

45. In October of 2013, in contemplation of the FCC's denial of Maritime's challenges to the geographic license assignments (*see* **Exhibit 7**) becoming final and unappealable, the parties began to make preparations for the Closing of the license assignments and the completion of all other tasks necessary to conclude the settlement.

46. As part of that process, and in keeping with the promise to "use best efforts" to provide Maritime/Mobex-related documents, the Paging Systems Defendants conducted an onsite search of their files/records to determine whether there were any additional documents responsive to Plaintiffs' outstanding requests.

47.     On October 24, 2014, the Paging Systems Defendants reported that they found no additional documents to produce.  *See* Letter dated October 24, 2013, a true and correct copy of which is attached hereto as **Exhibit 15.**

## V. <u>Plaintiffs Refuse To Close</u>

48.     Despite the fact that all required FCC actions had become final, and that they have gained the benefit of their bargain – the removal of the Paging Systems Defendants from the AMTS market – Plaintiffs refuse to conclude this settlement and let the Paging Systems Defendants out of this case.  Plaintiffs' objections focus on a purported concern over the availability of Maritime/Mobex-related documents under ¶ 12 of the Settlement Agreement, and a purported concern over the finality of the dismissals/withdrawals of the parties' proceedings before the FCC under ¶ 5 of the Settlement Agreement.  Neither of these concerns have any merit.

49.     On November 27, 2013, while the parties were waiting for the FCC to act on their requests for withdrawals/dismissals, the last FCC action required to conclude the settlement, Plaintiffs issued a letter to the Paging Systems Defendants that alleged, based on incomplete or misstated "facts," that the Paging Systems Defendants must have additional Maritime/Mobex-related documents.  *See* Letter dated November 27, 2013, a true and correct copy of which is attached hereto as **Exhibit 16.**

50.     Plaintiffs' letter completely ignored the fact that the Plaintiffs' discovery requests had been substantively limited by the Court (*see* **Exhibits 4 and 5**), and that the Paging Systems Defendants were not required to produce many of the categories of documents identified.  The Plaintiffs also ignored the fact that the Paging Systems Defendants, as settled parties, were required to "use best efforts" and nothing more.

51. On December 18, 2013, the Paging Systems Defendants advised Plaintiffs that the FCC's December 6 letter (**Exhibit 12**) completed the FCC actions required by the Settlement Agreement, and suggested that the parties set a date for Closing. Plaintiffs responded by suggesting that there may be a defect in the dismissals despite it being a decision of the FCC made pursuant to Section 1.935 of the FCC's Rules (47 CFR § 1.935), as required by the Settlement Agreement. *See* Email string from December 18, 2013 to December 22, 2013, a true and correct copy of which is attached hereto as **Exhibit 17.**

52. On January 13, 2014, the Paging Systems Defendants provided form documents to be exchanged in connection with the Closing of the geographic license assignments. *See* Emails, true and correct copies of which are attached hereto as **Exhibit 18.**

53. On January 16, 2014, the day after the withdrawals/dismissals became final, the Paging Systems Defendants advised Plaintiffs that they were prepared to close at 2 pm PST on January 21, 2014 as contemplated in § 8.1(a) of the Assignments Agreement. *See* Email dated January 16, 2014, a true and correct copy of which is attached hereto as **Exhibit 19.**

54. Plaintiffs refused to close, citing issues with the dismissals granted on December 6, 2013, despite the fact that those dismissals were final and unappealable, and with the Paging Systems Defendants purported failure to produce documents, as if the parties were still in discovery. *See* Email string from January 20, 2014 to January 21, 2014, a true and correct copy of which is attached hereto as **Exhibit 20.**

55. The Paging Systems Defendants carefully considered Plaintiffs' purported concerns. On February 7, 2014, Plaintiffs were advised that a further review of the Paging Systems Defendants files revealed no additional Maritime/Mobex-related documents responsive to ¶ 12 of the Settlement Agreement other than publicly available documents that had been filed

or released by the FCC.  Plaintiffs were also advised that their concern regarding the finality of the dismissal and/or withdrawal of the parties' FCC pleadings was without merit as there had been no challenge to those dismissals and the FCC had not sought to review its own action. Therefore, as time was of the essence, Plaintiffs were called to Closing a second time, and February 14, 2014 at 2 p.m. Pacific Standard Time, was set as the Closing Date.  The Closing was to be conducted by email, as authorized by the Settlement Agreement.  *See* Email dated February 7, 2014, a true and correct copy of which is attached hereto as **Exhibit 21.**

56. In response, Plaintiffs proposed to renegotiate the terms of the Settlement Agreement.  *See* Email dated February 10, 2014, a true and correct copy of which is attached hereto as **Exhibit 22.**[5]  This proposal was not accepted, or even considered by the Paging Systems Defendants.

57. On February 14, 2014, at or around 2 p.m. Pacific Time, counsel for the Paging Systems Defendants emailed their required closing documents – Officers Certificates and Assignment and Assumption agreements in the form previously agreed – to Plaintiffs memorializing the assignment of geographic AMTS licenses that had previously been authorized by the FCC.  *See* Email dated February 14, 2014 with attachments, a true and correct copy of which is attached hereto as **Exhibit 23.**

58. Plaintiffs failed to deliver their required closing documents, including an executed stipulation of dismissal.

59. On February 18, 2014, the Paging System Defendants, as assignee, notified the FCC that the previously approved assignment of the partitioned portion of Plaintiffs' Southern Pacific geographic AMTS licenses to the Paging System Defendants had been completed.  Public

---

[5] Plaintiff attached a Proposed Revised Settlement Agreement to the February 10 email referenced above.  The proposed agreement, however, was marked "Confidential."  The Paging Systems Defendants have therefore elected not to include it in the exhibits made part of the public record.

Notice of the consummation of these assignments was posted by the FCC on February 26, 2104. *See* FCC Public Notice dated February 26, 2014 at pp. 2-3, a true and correct copy of the relevant portion of which is attached hereto as **Exhibit 24.**

60.  On February 20, 2014, the time for Plaintiffs, as assignees, to notify the FCC that the previously approved assignments of the Paging System Defendants' Great Lakes and Hawaii geographic AMTS licenses to Plaintiffs have been consummated was extended 90 days.

61.  The timely notification of the consummation of the assignments, while not a condition precedent to closing/dismissal under the Settlement Agreement, is a requirement of the FCC without which the prior consent to the assignment can be revoked. As such, the parties agreed as part of the settlement to promptly file notices of consummation with the FCC. *See* Settlement Agreement ¶ 4.a.

## VI.  Conclusion

62.  Plaintiffs have obtained the benefits of the Settlement Agreement for which they bargained, including the virtual elimination of the Paging Systems Defendants from the AMTS market. Indeed, Plaintiffs have relied on the geographic AMTS spectrum authorizations obtained under the Settlement Agreement, and the elimination of Paging Systems Defendants' site-based AMTS stations, in urging the implementation of their nationwide Advance Railroad Wireless architecture before the FCC. *See, e.g.,* Advanced Railroad Wireless presentation, public version, filed in FCC Docket 11-79 in January 2014 at p. 79/83, a true and correct copy of which, in relevant part, is annexed hereto as **Exhibit 25.** Nevertheless, Plaintiffs have refused, unreasonably and without justification, to provide the primary benefit bargained for by the Paging Systems Defendants – the dismissal of this lawsuit with prejudice.

63.  The Paging Systems Defendants respectfully submit that any further attempt to negotiate a resolution of this dispute without judicial intervention would be futile.

64.  The Settlement Agreement expressly states that it is judicially enforceable, and that this Court shall have "continuing jurisdiction to take all action necessary to effect and enforce the terms of this Settlement Agreement."  Settlement Agreement ¶ 18.

65.  Accordingly, the Paging Systems Defendants respectfully request that the Court enter an order:

(a)  compelling Plaintiffs to (i) promptly execute and deliver to counsel for the Paging Systems Defendants, by email, the required closing documents memorializing the assignment transactions to the Paging Systems Defendants and promptly notify the FCC that the assignments have been completed, and (ii) promptly execute and deliver to counsel for the Paging Systems Defendants a stipulation, in the form already agreed to by the parties, dismissing the remaining claim against the Paging Systems Defendants in this action, with prejudice, pursuant to paragraph 6.a of the Settlement Agreement;

(b)  directing that if Plaintiffs fail to deliver the executed closing documents and executed stipulation of dismissal to counsel for the Paging Systems Defendants within seven (7) days of the date of the order, this action against the Paging Systems Defendants shall be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and

(c)  awarding such other and further relief that to the Court seems just and proper.

I certify that the foregoing statements made by me are true and correct.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Executed in New York, New York
on this 14th day of March, 2014

            /s/ Kenneth D. Friedman
              Kenneth D. Friedman