**EXHIBIT 3**

**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN HAVENS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MOBEX NETWORK SERVICES, LLC, et al.,<br><br>Defendants. | Civ. Action No. 11-993 (KSH)<br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

## I. Introduction

This matter arises from a dispute over Federal Communication Commission ("FCC") licenses that permit the operation of Automated Maritime Telecommunications System ("AMTS") radio frequencies. Plaintiffs Warren Havens, Skybridge Spectrum Foundation, Telesaurus, VPC, LLC, AMTS Consortium, LLC, Intelligent Transportation & Monitoring, LLC, and Telesaurus GB, LLC (collectively "plaintiffs") assert that defendants Mobex Network Services, LLC, Mobex Communications, Inc., Maritime Communications/Land Mobile LLC, Paging Systems, Inc., and Touch Tel Corporation, are engaged in a scheme to hoard certain types of AMTS licenses, in violation of FCC regulations, with the goal of harming plaintiff's business. To that end, plaintiffs assert claims under the Federal Communications Act of 1934 and the Sherman Antitrust Act. In this motion to dismiss, defendants allege that plaintiffs' claims are

barred under res judicata and collateral estoppel, and that plaintiffs' complaint fails to put forth an adequate claim on each of its three counts.

## II. Factual Background and Procedural History

### A. The Facts as Pleaded

The following facts are derived from plaintiff's second amended complaint.

Plaintiff Warren Havens is in the business of obtaining FCC Geographic licenses in the AMTS radio service. (Second Am. Compl. ¶ 2.) He is "the founder, majority owner, manager, and president of the other Plaintiffs." (*Id.*) Those plaintiffs are each either limited liability companies or nonprofit corporations in the business of obtaining FCC licenses for AMTS radio service "to provide spectrum and wireless telecommunications services to governmental and non-governmental entities within the State of New Jersey and other states." (*Id.* ¶¶ 3–7.)

The case involves three defendants. The first, Paging Systems, Inc. ("PSI"), is the holder of "Site-Based" AMTS licenses, including some with stations designated for location in New Jersey. (*Id.* ¶ 10.) The second, Touch Tel Corp. ("Touch Tel"), constructs and operates PSI's AMTS stations across the country. (*Id.*) Although the complaint equivocates as to precisely who owns each company, that issue is not relevant for purposes of this motion, and it suffices to say that Robert and Susan Cooper, husband and wife, together own and operate the companies in their joint operations. (*Id.*) The third and fourth defendants are Maritime Communications/Land Mobile, LLC ("MCLM")[1] and Mobex Network Services LLC ("Mobex"). MCLM is the holder of site-based licenses in New Jersey, which it obtained upon its purchase of Mobex. (*Id.* ¶ 8–9.)

---

[1] Because of ongoing bankruptcy proceedings in the Northern District of Mississippi, the litigation is presently stayed as to MCLM. MCLM figured in the parties' submissions on the motion to dismiss because those submissions were filed prior to the entry of the stay order. The stay precludes anything in this opinion from affecting MCLM at this time.

2

The sole owner of MCLM is Rev. Sandra Depriest, though plaintiffs allege that her husband, Donald Depriest, actually controls MCLM's operations.  (*Id.* ¶ 8.)

This case revolves around FCC-issued ATMS licenses.  "AMTS is a common-carrier Commercial Mobile Radio Service . . . licensed throughout the United States, which provides when in operation voice and communications to customers."  (*Id.* ¶ 16.)  Originally created for the benefit of maritime customers along costal and navigable water routes, it has expanded to include land service along the Northeast Corridor.  (*Id.*)  AMTS licenses fall into two categories: Site-Based and Geographic.  A Site-Based license is a "license issued by the FCC on a first-come, first-served basis, at no cost (except for nominal application processing fees)."  (*Id.* ¶ 17.)  These licenses provide for operation only at a specific station whose location is provided in the license.  (*Id.*)  Until 2004, all AMTS licenses were Site-Based.  (*Id.* ¶ 18.)

The second type of license is a Geographic license, which is "issued by the FCC to a high bidder in a public auction, which authorizes to the licensee exclusive use of specified radio frequencies to construct and operate wireless telecommunications stations within a defined wide geographic area."  (*Id.* ¶ 17.)  The FCC began auctioning AMTS Geographic licenses in 2004. (*Id.* ¶ 18.)

To protect Site-Based license holders whose licenses incorporate areas located within the same area granted in a Geographic license, FCC regulations provide that Site-based stations are entitled to "continue their station operations without excessively close-spaced co-channel Geographic-Licensed Stations that may cause radio interference."  (*Id.*)  To that end, "the Geographic Licensee [may] build and operate stations no closer than a certain range of lawful stations operated under a valid co-channel (same frequencies) Site-based AMTS license."  (*Id.* ¶ 21.)  That distance is the shorter of 120 kilometers and the actual transmitting distance of the

Site-Based station as determined through a specific, technical formula. (*Id.* (citing 47 C.F.R. § 80.385).) If a Site-Based license is terminated, revoked, or found invalid, its covered radio frequencies will revert to the overlapping Geographic license for that area. (*Id.* ¶ 18.)

The plaintiffs in this case collectively hold AMTS Geographic Licenses covering a majority of the United States, including New Jersey. (*Id.* ¶ 19.) Defendants hold the AMTS Site-Based licenses in various places across the country including New Jersey. (*Id.* ¶ 20.) Plaintiffs assert that Site-Based licensees are expected to provide information to the overlapping Geographic licensees so that the Geographic licensees may calculate the Site-Based station's transmitting distance. (*Id.* ¶ 22.)

Plaintiffs and defendants are competitors, and plaintiffs complain that defendants have failed to provide them with the necessary information to allow them to know the protected contour of the defendants' stations. (*Id.* ¶ 23.) Defendants have refused to provide this information notwithstanding three FCC "Cooperation Orders" and the FCC's regulatory disclosure requirements. (*Id.*)

Plaintiffs assert that defendants are "motivated by an anticompetitive purpose and intend to block and restrain Plaintiffs as competitors." (*Id.* ¶ 27.) Specifically, plaintiffs allege that even though FCC regulations require Site-Based AMTS licensees to construct stations within two years of obtaining a license, defendants have not actually constructed those stations and are therefore refusing to disclose their stations' operating contours because such disclosure would reveal that the stations do not exist, thereby resulting in the Site-Based license rights reverting to plaintiffs as the Geographic licensees for the relevant region. (*Id.* ¶¶ 27–30.) This practice is known as "warehousing," and it "occurs when a party acquired spectrum licenses without the

4

intent to utilize them lawfully" and instead "squat[s]' on the spectrum until a buyer is found."
(*Id.* ¶ 31.)

In the course of discussions with defendants, Havens learned that PSI and the company
now known as Mobex were cooperating on management of their licenses, such as that they
would locate their stations at the same sites to reduce costs, and that Mobex held an option on
PSI's licenses.  (*Id.* ¶¶ 36–39.)

Plaintiffs' first count demands an injunction under 47 U.S.C. § 401(b) to require
defendants to disclose the information necessary to calculate the contours of their Site-Based
stations.  (*Id.* ¶¶ 46–54.)  Plaintiffs' second count seeks damages for violations of the Federal
Communications Act, as permitted under 47 U.S.C §§ 206–07.  (*Id.* ¶¶ 55–63.)  Plaintiffs' third
count seeks damages for violations of the Sherman Act, 15 U.S.C. § 1–2.  (*Id.* ¶¶ 64–73.)

**B.  The California Litigation**

In 2005, plaintiffs (except for Skybridge Spectrum Foundation) filed a complaint in
California Superior Court against Mobex and MCLM, claiming interference with prospective
economic advantage, fraud, negligent misrepresentation, unfair competition, and breach of
contract. (Friedman Cert., Ex. A.)  Defendants removed the case to the Northern District of
California, and the plaintiffs filed an amended complaint and later voluntarily dismissed the
action. (Friedman Cert., Exs. A & B.)

In 2007, plaintiffs (except for Skybridge Spectrum Foundation) filed another complaint in
California Superior Court against Mobex, MCLM, and PSI, this time alleging a violation of the
Cartwright Act (a California state antitrust law), two counts of interference with prospective
economic advantage, two counts of fraud, negligent misrepresentation, two counts of unfair
competition, intentional interference with contracts, and two counts of conversion.  (Mauriello

5

Cert., Ex. I.)  On June 2, 2008, the California state court dismissed the action, holding that the claims were preempted under the Federal Communications Act ("FCA"), *see* 47 U.S.C. § 332(c)(3)(A), because determination of the matter would require the court to assess whether defendants violated the FCA.  (Mauriello Cert., Ex. J.)

### C. Procedural History

On June 20, 2008, plaintiffs filed a complaint in the District of New Jersey, originally under civil docket number 08-3094.  On October 14, 2008, plaintiffs filed a first amended complaint.  After the California matter concluded and defendants filed a motion to dismiss on February 7, 2011, plaintiffs submitted a second amended complaint under docket number 11-993.  Defendants filed a motion to dismiss.

On August 4, 2011, defendants MCLM and Mobex Network Services, LLC submitted to the Court a Notice of Bankruptcy Case Filing.  On August 10, 2011, the Court entered an order staying this matter as to those defendants pending the disposition of the bankruptcy matter.  On November 7, 2011, the Court lifted the order as to Mobex because only MCLM actually filed for bankruptcy.

### III. Standard of Review

*Federal Rule of Civil Procedure* 8(a)(2) provides that a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a plaintiff need not submit "detailed factual allegations" to plead a case, the *Rule* requires that the complaint include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" unless the complaint contains "sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at

556–57, 570). Ultimately, the complaint must contain sufficient facts to allow "the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also*

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

When a court decides a motion under *Rule* 12(b)(6), it "must accept as true all of the

allegations contained in a complaint," provided that they are factual allegations and not masked

legal conclusions. *Iqbal*, 129 S. Ct. at 1949–50.

## IV. Discussion

Defendants argue first that the Court is barred from deciding this case under principles of

res judicata and collateral estoppel. They then argue that plaintiffs have failed to state a claim on

each of the three counts in the complaint.

### A. The California Litigation

### 1. Res Judicata

Defendants argue that res judicata applies because the facts underlying this case are the

same as the facts upon which the now-dismissed California state litigation was based.

The purpose of res judicata is to "promote[] judicial economy and protect[] defendants

from having to defend multiple or nearly identical lawsuits by 'bar[ing] not only claims that were

brought in a previous action, but also claims that could have been brought.'" *Morgan v.*

*Covington Twp.*, 648 F.3d 172, 177 (3d Cir. 2011) (quoting *In re Mullarkey*, 536 F.3d 215, 225

(3d Cir. 2008)) (third alteration in original). To that end, a second suit is barred "when there

exists '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their

privies and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *Mullarkey*,

536 F.3d at 225). Res judicata applies whenever "there is an 'essential similarity of the

underlying events giving rise to the various legal claims.'" *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir 1999) (quoting *United States v. Anthlone Indus.*, 746 F.2d 977, 984 (3d Cir. 1984)). In other words, res judicata will prevent a party from re-litigating not only the precise theory of recovery, but also any other theory invoking the same underlying facts.

The doctrine, however, is not without its limitations. "Ordinarily, a party will not be precluded from raising a claim by a prior adjudication if the party did not have the opportunity to fully and fairly litigate the claim." *Id.* at 197 (citing *Restatement (Second) of Judgments* § 26(1)(c)). A claim will not be extinguished if "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on subject matter jurisdiction of the courts." *Restatement (Second) of Judgments* § 26(1)(c).

Here, the complaint alleges claims under the Federal Communications Act ("FCA") and the Sherman Act. Both of these statutes explicitly limit a plaintiff's recourse in court to federal district courts. *See* 15 U.S.C. § 15(a); 47 U.S.C. § 207. These claims could not have been brought to the California state court in the previous action. Defendants acknowledge as much, arguing that "Plaintiffs conveniently ignore that they could have filed (but did not) the California Action in federal district court rather than state court." (Defs.' Reply Br. Supp. Mot. Dismiss 3.) This argument twists the res judicata exception for exclusive federal jurisdiction into a requirement that plaintiffs either bring their initial claims to the federal forum or forfeit their federal counts. Plaintiffs could have sought relief in federal court, but they did not. Instead they brought their claims in a state court that lacked jurisdiction to entertain the FCA and Sherman Act claims. Therefore, res judicata cannot apply.

8

## 2. Collateral Estoppel

Defendants argue that collateral estoppel precludes re-litigation of the following issues because they were decided in the motion to dismiss the California case:

> (1) plaintiffs failed to establish a predicate wrong under the Communications Act because they failed to allege facts sufficient to show that the FCC has finally determined that Defendants wrongfully retained cancelled licenses; (2) alleging that certain licenses have 'automatically terminated and were subsequently identified by the FCC as cancelled' is not sufficient to establish a predicate wrong under the Communications Act; and (3) the determination of whether there was a predicate wrong under the Communications Act is a question for the FCC, not a court of law.

(Defs.' Br. Supp. Mot. Dismiss 18.)

Collateral estoppel provides that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Howard Hess Dental Labs., Inc. v. Detsply Int'l, Inc.*, 602 F.3d 237, 247 (3d Cir. 2010) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Application of collateral estoppel requires the satisfaction of four elements: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Id.* at 247–48 (quoting *Szehinskyj v. Attorney Gen. of the United States*, 432 F.3d 253, 255 (3d Cir. 2005)).[2]

Here, the claim for collateral estoppel fails on the first element because the identical issue has not already been decided. The California court dismissed the case because "the claims set

---

[2] The parties cite the five-factor test articulated in California courts. *See Lucido v. Super. Ct. of Mendocino Cnty.*, 795 P.2d 1223, 1225 (Cal. 1990), *cert. denied*, 500 U.S. 920 (1991). Because the tests are substantively the same in all respects relevant here, the different articulations do not change the outcome.

forth in the [Second Amended Complaint] come within the express preemption clause of the

Federal Communications Act ("FCA") at 47 U.S.C. § 332(c)(3)(A)."  (Mauriello Cert., Ex. J, at

3, 4.)  The court's decision was relatively narrow, and defendants overstate its depth.  For

example, although the court found that plaintiffs' allegation "that certain licenses have

'automatically terminated and were subsequently identified by the FCC as cancelled'" was

insufficient to demonstrate that the FCC has made a final decision on the matter, the court

addressed that claim only in the context of making certain that the FCC had not decided

potentially preempted claims.  (*See id.* at 3, 4.)  Moreover, the court never said that the

determination of a predicate wrong is strictly one for the FCC; rather, it simply observed that

state courts are precluded from addressing such questions under 47 U.S.C. § 332(c)(3)(A).  (*See*

*id.*)

      The California court determined that state courts lack jurisdiction to hear certain claims

under the FCA.  Because this Court is not a state court, that determination is irrelevant and does

not bar this Court's consideration of the issues presented in that prior litigation.

**B.  Availability of Relief Under 47 U.S.C. § 401(b)**

      Defendants argue that plaintiffs are not entitled to relief under 47 U.S.C. § 401(b)

because that provision does not provide a private right of action in these circumstances.  Section

401(b) provides that

> [i]f any person fails or neglects to obey any order of the
> Commission other than for the payment of money, while the same
> is in effect, . . . any party injured thereby . . . may apply to the
> appropriate district court of the United States for the enforcement
> of such order. If, after hearing, that court determines that the order
> was regularly made and duly served, and that the person is in
> disobedience of the same, the court shall enforce obedience to such
> order by a writ of injunction or other proper process, mandatory or
> otherwise, to restrain such person or the officers, agents, or

representatives of such person, from further disobedience of such
order, or to enjoin upon it or them obedience to the same.

Plaintiffs' complaint seeks to have the Court enter an order "directing Defendants . . . to
comply with the Cooperation Orders and 47 C.F.R. 80.385(b)(1), and specifically requiring
Defendants to provide Plaintiffs the required information to enable Plaintiffs to calculate the
protected contour of Defendants' Site-Based AMTS stations and thus the portions of Plaintiffs'
same-channel Geographic licenses they may use." (Second Am. Compl. ¶¶ 32–33.) Defendants
counter that neither the "Cooperation Orders" nor 47 C.F.R. § 80.385(b)(1) constitute "orders"
within the meaning of the FCA.

The definition of the term "order" has generated a circuit split and the Third Circuit has
yet to address the question. In *New England Telephone & Telegraph Co. v. Public Utilities
Commission of Maine*, 742 F.2d 1, 4 (1st Cir. 1984) (Breyer, J.), the First Circuit held that an
FCC decision that arose via the Commission's rulemaking authority was not an "order" under
section 401(b). The court based its reasoning on several factors: first, the Administrative
Procedure Act defines the word "order" as including "final dispositions . . . in a matter other than
rulemaking," *New Eng. Tel. & Tel. Co.*, 742 F.2d at 5 (quoting 5 U.S.C. § 551(6)); second, a
broad definition of the term "order" would threaten the principle that enforcement should be left
to the FCC, *id.*; third, a broad definition would "threaten[] the sound development of a coherent
nationwide communications policy," *id.*; fourth, given that review of an FCC decision is
obtained through the courts of appeals, "the Act's statutory review provisions can be read more
fairly and coherently if 401(b) is construed narrowly" to limit the ability of district courts to
engage in interpretation of agency decisions, *id.* at 6; fifth, other provisions of the
Communications Act "use the word 'order' in a way that seems to envision Commission

11

decisions requiring specific actions of specific carriers," *id.* at 7; and sixth, a narrower view of the definition helps avoid "issue splitting and procedural complexity," *id.* Accordingly, the court concluded that the term "order" in section 401(b) refers only to "adjudicatory" orders. *Id.* at 9.

At the other end, in *Hawaiian Telephone Co. v. Public Utilities Commission of State of Hawaii*, 827 F.2d 1264, 1271 (9th Cir. 1987), the Ninth Circuit explicitly rejected the First Circuit's interpretation. Specifically, the Ninth Circuit saw no reason to import definitions from the Administrative Procedure act into section 401(b) and did not share the First Circuit's concern that the broader definition of the word "order" would hinder the FCC's enforcement role. *Hawaiian Tel. Co.*, 824 F.2d at 1271–72. The court ultimately reserved judgment on the issue of "whether every rule, order, or regulation promulgated by the FCC is an enforceable order under § 401(b)," holding that the order immediately at issue met the necessary criteria because it "require[d] particular actions be taken by [defendant] and private carriers providing service to Hawaii." *Id.* at 1272.

In its only case confronting this issue, the Third Circuit concluded that "an agency regulation should be considered an 'order' if it requires a defendant to take concrete actions." *Mallenbaum v. Adelphia Commc'ns Corp.*, 74 F.3d 465, 468 (3d Cir. 1996). The court recognized the circuit split but held that it did not need to take sides because the "order" at issue did not require "a particular action to be taken by the defendant." *Id.* at 468 & n.5.

Here, plaintiffs' section 401(b) claim seeks an order requiring defendants to disclose "the protected contour of [their] Site-Based AMTS stations." To that end, plaintiffs point to three orders. The first order is a response to MCLM's request for clarification on FCC rules. (Second Am. Compl., Ex. 1.) The Commission granted the request in part and denied it in part. With regard to one part of the request for clarification, the Commission held that a "geographic

licensee's co-channel interference protection obligations" should be based on "actual operating parameters" rather than "maximum permissible operating parameters." (*Id.*) In a footnote to this remark, the Commission cited a prior order in another case and added that "[a]s we noted in that decision, we expect incumbent AMTS licensees 'to cooperate with geographic licenses in order to avoid and resolve interference issues. This includes, at a minimum, providing upon request sufficient information to enable geographic licensees to calculate the site-based station's protected contour.'" (*Id.*)

The second order addressed an application that touched on PSI's site-based AMTS license at the World Trade Center. (Second Am. Compl., Ex. 2.) The Commission noted that the petitioner in that case "had to make certain assumptions regarding Station WQA216's technical parameters, given the destruction of the WTC on September 11, 2001." (*Id.*) In a footnote to that statement, the Commission again stated that "AMTS site-based incumbents are expected to cooperate with geographic licensees in order to avoid and resolve interference issues. . . . This includes, at a minimum, providing upon request sufficient information to enable geographic licensees to calculate the site-based station's protected contour." (*Id.*)

The third order is a motion for reconsideration regarding the earlier co-channel interference decision. The Commission declined to reconsider its decision to "abandon the use of actual ERP for determining co-channel interference protection," again observing that "AMTS site-based licensees are expected to cooperate with geographic licensees in avoiding and resolving interference issues and that this obligation requires, at a minimum, that the site-based licensee 'provid[e] upon request sufficient information to enable geographic licensees to calculate the site-based station's protected contour.'" (Second Am. Compl., Ex. 3.)

The Court need not decide which circuit's definition of the term "order" is correct because the cited orders fall short under either definition.  In each of the three orders, the FCC discussed matters related to the interplay between Site-Based licenses and Geographic licenses, but the FCC never explicitly confronted the question of how much cooperation is necessary.  To be sure, each order offered interpretive guidance, but the orders never required defendants engage in any particular disclosure.  Rather, the FCC addressed the cooperation requirements in terms of "expectations," not specific mandates capable of judicial enforcement.  Similarly, 47 C.F.R. § 80.385(b)(1) also does not "require[] a particular action to be taken by a defendant," *Mallenbaum*, 74 F.3d at 468, because it dictates only where a Geographic licensee may locate its stations, not what technical details the Site-Based licensees must disclose.  In the absence of an FCC order against defendants on this issue, the Court may not enter an injunction requiring defendants' compliance, and plaintiffs have failed to state a claim.

### C.  **Private Right of Action under 47 U.S.C § 201(b)**

Plaintiffs seek recovery for damages under 47 U.S.C. § 207, which provides that

> [a]ny person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

With regard to liability for damages in general, a common carrier such as defendants, who "do[es], or cause[s] or permit[s] to be done, any act, matter, or thing in this chapter prohibited or declared to be unlawful, or . . . omit[s] to do any act, matter, or thing in this chapter required to be done," is "liable to the person or persons injured thereby for the full amount of damages

14

sustained in consequence of any such violation of the provisions of this chapter." 47 U.S.C.

§ 206.

In substance, plaintiffs claim that defendants violated 47 U.S.C. § 201(b), which states:

"All charges, practices, classifications, and regulations for and in connection with [a common

carrier] communication service, shall be just and reasonable, and any such charge, practice,

classification, or regulation that is unjust or unreasonable is declared to be unlawful." Therefore,

if defendants' alleged conduct is "unjust or unreasonable," then it is unlawful and plaintiffs have

stated a claim.

Notwithstanding the grant of jurisdiction in section 207, courts are constrained in what

they may and may not find to be a violation. Specifically, "the lawsuit is proper if the FCC

could properly hold that [the challenged practice] is an 'unreasonable practice' deemed unlawful

under § 201(b)." *Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc.*, 550 U.S.

45, 52–53 (2007). Accordingly, as the Ninth Circuit stated in a case on which both parties rely,

"[I]t is within the Commission's purview to determine whether a particular practice constitutes a

violation for which there is a private right to compensation." *N. Cnty. Commc'ns Corp. v. Cal.

Catalog & Tech.*, 594 F.3d 1149, 1158 (9th Cir. 2010). If a party asks a court to find a violation

of section 201(b) in the absence of an FCC determination that the defendant's conduct generally

violates that provision, then it is a request "that the federal courts fill in the analytical gap," and

such a request cannot be granted because it would "put interpretation of a finely-tuned regulatory

scheme squarely in the hands of private parties and some 700 federal district judges, instead of in

the hands of the Commission." *Id.* (quoting *Greene v. Spring Commc'ns Co.*, 340 F.3d 1047,

1053 (9th Cir. 2003) (quoting *Conboy v. AT&T Corp.*, 241 F.3d 242, 253 (2d Cir. 2001))).

To support its claim that it is a violation of section 201(b) to "warehouse" AMTS licenses, plaintiffs cite to FCC determinations that it is a violation of section 201(b) for a party to "warehouse" toll free numbers without identified subscribers. *See, e.g., In re Toll Free Serv. Access Codes*, 12 FCC Rcd 11162 (1997); *Patients Plus, Inc. v. Long Distance Telecomm. Serv.*, 12 FCC Rcd 13258 (1997). Although these determinations support the proposition that the FCC has found warehousing to be disfavored in one particular context, the determinations do not address the precise type of conduct at issue in this case, or even a sufficient number of similar types of conduct for the Court to infer the FCC's distaste for warehousing as a general practice. The Court cannot risk disturbing the delicate regulatory framework that the Commission is tasked with maintaining. Cf. *Hoffman v. Rashid*, 388 F. App'x 121, 123 (3d Cir. 2010) ("[I]t is within the purview of the Federal Communications Commission, not [plaintiff], 'to determine whether a particular practice constitutes a violation for which there is a private right to compensation.'" (quoting *N. Cnty. Commc'ns Corp.*, 594 F.3d at 1158)).[3]

For the foregoing reasons, plaintiffs' claims under the Federal Communications Act fail, and are dismissed.

---

[3] Defendants assert that plaintiffs' section 207 claim is time-barred under 47 U.S.C. § 415(b). Having found that plaintiffs failed to state a claim under section 207, the Court need not address this issue in depth. The Third Circuit has spoken on the issue, holding that "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991). Here, plaintiffs' claim is that the defendants' unjust and unreasonable practice is the continuing disregard of Commission regulations and orders, and the continued warehousing of AMTS licenses. Because these are ongoing activities, the statute of limitations has not yet started to run.

**D. Sherman Act**

**1. Preemption**

Defendants argue that the FCA established an elaborate framework under which the FCC regulates radio frequency allocation, and that the FCA therefore preempts Sherman Act claims because those claims may interfere with FCC radio frequency determinations. Absent from defendants' argument, however, is any authority to suggest that a court should abstain from hearing a case within its jurisdiction merely because it touches on an area subject to sophisticated agency regulation. *Cf. Raritan Baykeeper v. Edison Wetlands Ass'n, Inc.*, 660 F.3d 686, 691 (3d Cir. 2011) (in context of primary jurisdiction doctrine, noting that "[w]hen 'the matter is not one peculiarly within the agency's area of expertise, but is one which the courts or jury are equally well-suited to determine, the court must not abdicate its responsibility'" (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1004 (3d Cir. 1995) (further citations omitted))).

More to the point, defendants' argument ignores 47 U.S.C. § 152, in which an uncodified amendment states that "nothing in this Act or the amendments made by this Act shall be construed to modify, impair, or supersede the applicability of any of the antitrust laws." Pub. L. No. 104-104, § 601(b)(1) (1996). The amendment further clarifies that the term "antitrust laws" includes the Sherman Act. Pub. L. No. 104-104, § 601(e)(4). The legislative history of this amendment clarifies that when Congress enacted the Telecommunications Act of 1996, it sought to ensure that the FCC could not "confer antitrust immunity" through the course of its decisionmaking. See S. Rep. No. 104-230, at 178–79 (1996) (Conf. Rep.). Thus, Congress envisioned a system in which the FCC could consider antitrust matters when reaching decisions, but that the FCC's decisions would not preclude the operation of independent antitrust statutes.

17

See *Verizon Commc'ns, Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 406 (2004) (holding that notwithstanding arguments for implied immunity, "the savings clause preserves those claims that satisfy established antitrust standards" (citation and quotation marks omitted)). Accordingly, the FCA does not preempt plaintiffs' Sherman Act claim.

### 2. Standing

To establish standing, plaintiffs must show that they suffered an antitrust injury, meaning an injury that is "the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful. The injury should reflect the anti-competitive effect either of the violation or of anti-competitive acts made possible by the violation." *Eichorn v. AT&T Corp.*, 248 F.3d 131, 140 (3d Cir. 2001) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)). This injury must "reflect[] an activity's anti-competitive effect on the competitive market," and "an individual plaintiff personally aggrieved by an alleged anti-competitive agreement has not suffered an antitrust injury unless the activity has a wider impact on the competitive market. *Id.* (citations omitted).

Defendants suggest that plaintiffs are complaining about injury to their status as competitors rather than an injury suffered by the overall competitive market. But plaintiffs' complaint pleads a broader injury than that. After recounting defendants' course of conduct, the complaint states that "[t]hese acts produced anti-competitive effects within the relevant geographic market for AMTS, are manifestly anticompetitive and constitute a per se violation of the Sherman Act." (Second Am. Compl. ¶ 66.) The complaint further alleges that the conduct "had a wider impact on the relevant AMTS market." (*Id.* ¶ 69.) These statements are not mere "labels and conclusions," nor are they "a formulaic recitation of the elements of the cause" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949

18

(quoting *Twombly*, 550 U.S. at 555, 557).  Rather, they are the logical and plausible inferences to be drawn from plaintiffs' factual allegations.  Plaintiffs allege that defendants have refused to provide necessary information about the contours of their Site-Based stations (Second Am. Compl. ¶ 25), that they have done so to avoid the loss of their licenses (*id.* ¶ 30), and that their ultimate goal is to "warehouse" the licenses to make the neighboring Geographic licenses "less economically viable to competitors in upcoming auctions, so that [defendants] as the 'Incumbent' Station licensees could succeed in the auctions with less competition and at lower prices" (*id.* ¶¶ 31–33).  These allegations, accepted as true, present not only allegations that plaintiffs themselves have suffered harm, but also that defendants' conduct affects the overall competitive market for AMTS frequencies.  Accordingly, plaintiffs have established antitrust standing.

### 3. Sherman Act Section 1 Claim

A claim under section one of the Sherman Act, 15 U.S.C. § 1, consists of four elements: "(1) concerted action by the defendants; (2) that produced anti-competitive effects within the relevant product and geographic markets; (3) that the concerted action[ was] illegal; and (4) . . . [plaintiff] was injured as a proximate result of the concerted action."  *Howard Hess Dental Labs., Inc.*, 602 F.3d at 253 (quoting *Gordon v. Lewistown Hosp.*, 423 F.3d 184, 207 (3d Cir. 2005)).  Defendant alleges that the complaint fails to satisfy the first element because it does not allege that defendants "conspired or agreed to act in concert with any other party, let alone the other defendants."  (Defs.' Br. Supp. Mot. Dismiss 39.)  *See also Twombly*, 127 S. Ct. at 1961 (in antitrust case, insufficient to allege "parallel conduct unfavorable to competition" without "some factual context suggesting agreement, as distinct from identical, independent action").

19

The facts here, however, are distinguishable from the facts in *Twombly*. Here, plaintiff has stated sufficient facts to "allow[] the court to draw the reasonable inference that" defendants had the requisite intent to act in concert. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 127 S. Ct. at 556). First, plaintiff alleges specific reasons for the defendants' decisions to act in concert, such as that the defendants made a spectrum-splitting arrangement to allow each to share in the benefits of the AMTS licenses. (*See* Second Am. Compl. ¶ 36.) Moreover, Havens learned through communications with PSI that PSI and Mobex were cooperating and had an intertwined financial stake in the AMTS spectrums at issue. (*Id.* ¶ 38.) Cooperation could also be seen in other areas, such as Mobex and PSI locating stations at the same sites in order to reduce costs. (*Id.* ¶ 39.) This cooperation extended beyond physical interactions, as Mobex and PSI jointly petitioned the FCC on certain matters regarding the licenses. (*Id.* ¶ 41.)

The complaint alleges a history of cooperation and interactions between the companies on the very licenses at issue in this case. This makes plausible plaintiffs' allegation of concerted action, and plaintiffs have therefore stated a claim on which relief can be granted.

### 4. Sherman Act Section 2 Claim

Under 15 U.S.C. § 2, it is unlawful to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations." Plaintiffs alleging a conspiracy to monopolize must demonstrate four elements: "(1) an agreement to monopolize; (2) an overt act in furtherance of the conspiracy; (3) a specific intent to monopolize; and (4) a causal connection between the conspiracy and the injury alleged." *Howard Hess Dental Labs.*, 602 F.3d at 253. To plead monopolization, "a plaintiff must allege: '(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished

from growth or development as a consequence of a superior product, business acumen, or historical accident.'" *Crossroads Cogeneration Corp. v. Orange & Rockland Cntys. Util., Inc.*, 153 F.3d 129, 141 (3d Cir. 1998) (quoting *Schuylkill Energy Res. v. Pa. Power & Light Co.*, 113 F.3d 405, 412–13 (3d Cir), *cert. denied*, 522 U.S. 977 (1997)).  Similarly, to claim attempted monopolization, "a plaintiff must allege '(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power.'" *Id.* (quoting *Schuykill Energy Res.*, 113 F.3d at 413).

Plaintiffs' complaint specifically cites the "essential facilities doctrine," which requires demonstrating: "(1) control of the essential facility by a monopolist; (2) the competitor's inability practically or reasonably to duplicate the essential facility; (3) denial of the use of the facility to a competitor; and (4) the feasibility of providing the facility." *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 748 (3d Cir. 1996) (quoting *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279 (D. Del. 1995)).

Here, even assuming that the contour information is an "essential facility," plaintiffs' claim falls short because the complaint does not set forth a case that defendants are monopolists, have established a monopoly, or are attempting to establish a monopoly.  Indeed, a claim of attempted monopolization is largely inconsistent with the overall theory of plaintiffs' case.  The complaint does not allege that defendants were warehousing AMTS spectrum in order to generate a monopoly.  Instead, the complaint states that defendants' goal in warehousing the Site-Based licenses was to make the remaining licenses less attractive to competitors, or to create an opportunity to reap a profit by selling or leasing their licenses to the adjacent Geographic licensees.  (Second Am. Compl. ¶ 33.)  (Notably, if this were defendant's plan, it apparently failed, as plaintiffs won the auctions for the Geographic licenses and now own them across most

21

of the country.)  Although this practice, if true, may serve to give defendants an edge in the

market, it does not lay any meaningful groundwork for the establishment of a monopoly,

especially because plaintiffs own most of the Geographic licenses for New Jersey and would

therefore appear to have a comparable bargaining position to that of defendants.  Additionally,

the FCC tightly regulates the distribution of the pertinent licenses and could be made aware of

any potential abuses.  *Cf. Verizon Commc'ns, Inc.*, 540 U.S. at 412 ("One factor of particular

importance is the existence of a regulatory structure designed to deter and remedy

anticompetitive harm.").  Accordingly, plaintiffs have failed to set forth a claim under section

two of the Sherman Act.

    **E.  Administrative Exhaustion and the Primary Jurisdiction Doctrine**

    Defendants last argue that the Court should dismiss the complaint because plaintiffs have

not exhausted their administrative remedies and because the primary jurisdiction doctrine

suggests that the matter should be heard by the FCC.  Because the Court has determined that

plaintiffs failed to state a claim under the FCA, and because the FCC does not have jurisdiction

over claims under the Sherman Act, 15 U.S.C. § 15(a), the Court need not address that argument.

**V. Conclusion**

    For the foregoing reasons, the motion to dismiss is granted as to plaintiffs' claims under

the FCA and section 2 of the Sherman Act, and the motion is denied as to plaintiffs' claim under

section 1 of the Sherman Act.

 

/s/ Katharine S. Hayden

December 22, 2011                            Katharine S. Hayden, U.S.D.J.

**EXHIBIT 4**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WARREN HAVENS, et al., | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | **Civil Action No. 11-993(KSH)** |
| | : | |
| MOBEX NETWORK SERVICES, LLC., et al. | : | |
| | : | **ORDER ON INFORMAL** |
| | : | **APPLICATION** |
| **Defendants** | : | |
| | : | |

This matter having come before the Court by way of submissions dated July 2, 2012 and July 3, 2012, regarding discovery disputes;

and the Court having considered the submissions, the record of proceedings, the claim and defenses, and the governing law;

and for the reasons set forth in the Opinion delivered on the record on July 3, 2012;

IT IS ON THIS 3rd day of July, 2012

ORDERED that the relevant period for discovery commences November 16, 2000;

IT IS FURTHER ORDERED that, with respect to Plaintiffs' Interrogatories Nos. 1, 7, 8, 11, 13, 15, 16, 18, and 19 served upon Paging Systems, no later than **July 16, 2012**, Paging Systems[1] shall produce a chart whose contents are certified as being true and accurate that contains columns for each of the following for each site-based license of which Paging Systems is or was a licensee or was listed in the FCC's Universal Licensing System as a licensee from November 16, 2000 to the present: (1) call sign, (2) location of the station; (3) date of grant of

---

[1]As used herein, "Paging Systems" refers to defendants Paging Systems and Touch Tel.

authorization; (4) date of expiration; (5) whether a station was constructed, and if constructed, the date construction was completed or if the station was not constructed or not completed, a brief explanation as to why it was not constructed or completed; (6) the date the station was placed in operation or if it was not placed in operation, a brief explanation as to why it was not placed into operation; (7) whether or not the station had end users and whether such end users paid for use of AMTS services and the time-period the end users used the station; (8) whether or not the station is currently operating/on the air and if it is not, when it stopped operating/off the air and a brief explanation as to why it stopped operating/went off the air; and (9) the technical parameters that describes the "coverage area" as defined by the FCC and its regulations of the station;[2]

IT IS FURTHER ORDERED that if Paging Systems placed in operation a station more than two years after the grant of authorization or placed in operation a station after an FCC-imposed construction deadline, then it shall be prepared to produce a Rule 30(b)(6) witness to testify on this subject;

IT IS FURTHER ORDERED that questions concerning Paging Systems knowledge about the stations of other defendants can be probed during a Rule 30(b)(6) deposition of a representative of Paging Systems and no further written response to the interrogatories seeking such information is required;

IT IS FURTHER ORDERED that, with respect to Plaintiffs' Interrogatories No. 12, 14,[3]

_____

[2]Nothing herein bars plaintiffs from probing the topic of interconnection at a Rule 30(b)(6) deposition of a representative of Paging Systems or any of the topics set forth in the this text.

[3]Paging Systems quotes Plaintiffs' Interrogatory No. 21 as seeking irrelevant information but this is not listed as an Interrogatory for which Plaintiffs seek court intervention so no action is being taken on Interrogatory No. 20.  Compare ECF No. 80 at 4-6 with ECF No. 80 at 14.

and 20 served upon Paging Systems, no further response is required;

IT IS FURTHER ORDERED that, with respect to Plaintiffs' Document Demand Nos. 19, 20, 66, 67, and 68, no later than **July 16, 2012**, Paging Systems shall make available for inspection the responsive documents;

IT IS FURTHER ORDERED that, with respect to Plaintiffs' Document Demands Nos. 5, 6, 16, 17, 18, 21, 46, 47, 49, 59, 60, 64, and 68 served upon Paging Systems, no further response is required;[4]

IT IS FURTHER ORDERED that, with respect to Plaintiffs' Document Demands No. 63, no later than **July 16, 2012**, Paging Systems shall make available for inspection documents sufficient to show its advertising to attract the purchase or use of the spectrum or services under its AMTS licenses;

IT IS FURTHER ORDERED that, in accordance with the representation set forth on ECF Nos. 80 at 10 that Paging Systems agreed to do so, with respect to Plaintiffs Document Demands Nos.1-4, 7-15, 30, 53, 69, 70 and 71, no later than **July 16, 2012**, Paging Systems shall make available for inspection the responsive documents.  If there are unresolved disputes concerning the production of documents in response to these demands, then no later than **July 13, 2012 at noon**, plaintiffs and Paging Systems shall present a chart that sets forth columns that identify: (1) the document demand about which there is a dispute, (2) the information that the plaintiffs actually seek, (3) an explanation why the plaintiffs need the information and why their request is not unduly burdensome, and (4) an explanation why the defendants believe the request is not

---

[4]Paging Systems quotes Plaintiffs' Document Demand No. 50 as an example of an overbroad and burdensome document demand, but this is not listed as a Document Demand for which Plaintiffs seek court-intervention and therefore no action is being taken concerning this demand.  Compare ECF No. 80 at 7-10 with ECF No. 80 at 13.

proper or is unduly burdensome;

IT IS FURTHER ORDERED that no relief will be granted on MOBEX's complaints concerning the sufficiency of plaintiffs' responses to their document demands as it has taken no steps to inspect the documents that plaintiffs represent contain the responsive materials other than as follows: no later than **July 16, 2012**, the plaintiffs shall provide the defendants with an index of the general nature of the contents of the boxes that are available for the defendants' inspection and a log in accordance with L. Civ. R. 34.1 that sets forth responsive documents that have been withheld based upon a privilege or work product rule;

IT IS FURTHER ORDERED that with respect to MOBEX's Interrogatories Nos. 2, 4, 5, 6, 8, 9, 11, 12, 13, 15, and 16, no later than **July 16, 2012**, the plaintiffs shall provide narrative responses to each of these interrogatories mere reference to the documents contained in the 90 boxes is insufficient;

IT IS FURTHER ORDERED that MCLM and MOBEX shall notify the United States Bankruptcy Court in Mssissippi of the discovery deadlines in this case and the need for access to the documents.  Delays in access to the MCLM documents is not a basis to delay any other proceedings in this case including depositions.  If the documents become available after depositions are completed and the documents show that depositions need to be reopened for the limited purpose of addressing the documents, then the parties may seek permission to reopen such depositions; and

IT IS FURTHER ORDERED that all other deadlines shall remain in full force and effect.

s/Patty Shwartz _____
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WARREN HAVENS,      : | |
|      : | **Civil Action No. 11-993(KSH)** |
|      : | |
| Plaintiff,      : | |
|      : | **ORDER ON INFORMAL** |
| v.      : | **APPLICATION & FIFTH AMENDED** |
|      : | <u>**PRETRIAL SCHEDULING ORDER**</u> |
|      : | |
| MOBEX NETWORK SERVICES, et al., : | |
|      : | |
| Defendant      : | |
|      : | |

This matter having come before the court by way of letters dated July 23, 2012, regarding the plaintiff's request to extend the deadline to file motions to amend the pleadings and to address other deadlines and to address disputes concerning defendant Paging Systems responses to the Plaintiff's Request for the Production of Documents Nos. 1, 2, 3, 4, 10, 11, 12, 13, and 53 and its responses to Category 9 of ECF No. 84; and the Court having conducted a telephone conference on the record on August 3, 2012; and the Court having considered the submission, the representations of the parties, the record of proceedings and the governing law; and for the reasons discussed on the record on August 3, 2012;

**IT IS ON THIS** 3rd day of August, 2012

**ORDERED** that the request to extend the deadline to file motions to amend pleadings and join parties, to complete fact discovery, to complete expert discovery, and for plaintiff to identify its expert is granted as set forth herein;

**IT IS FURTHER ORDERED** that the defendants' request that the Court set a schedule to file motions for summary judgment is granted as set forth herein;

**IT IS FURTHER ORDERED** that the request to set a deadline that MOBEX provide its supplemental responses to interrogatories and document demands three weeks after its inspection of the documents that are the subject of the Bankruptcy Court's Order is denied and said responses shall be provided no later than **September 17, 2012.** Plaintiffs shall take whatever steps they deem appropriate to gain access to the documents that are subject of the Bankruptcy Court Order and MOBEX shall identify a representative who may be deposed about the documents;

**IT IS FURTHER ORDERED** that based upon the representation that the plaintiff has

not withheld documents that were the subject of the defendants' document demands based upon the assertion of the attorney client and/or work product rule, then the need for a privilege log pursuant to L. Civ. R. 34.1 is moot at this time. If a party comes into possession, custody or control of a document that was the subject of a document demand but is being withheld based upon a privilege or the work product rule, then the party shall produce privilege log that complies with L. Civ. 34.1, no later than 72 hours after the party learns of the document;

**IT IS FURTHER ORDERED** that, with respect to Defendant Mobex's Interrogatories 2, 6, 11, 12, 15 an 16, no action will be taken on Mobex's objection to the sufficiency of plaintiffs' supplemental response based upon the representation that the parties had not conferred before seeking court-intervention concerning the sufficiency of plaintiffs' supplemental responses other than to remind the plaintiffs of their obligation to fully comply with the July 3, 2012 Order, including specifically identifying the actions Mobex allegedly engaged in. Defendant Mobex may conduct a deposition of a representative of the plaintiffs to obtain information sought in these interrogatories;

**IT IS FURTHER ORDERED** that, with respect to Plaintiffs' Document Demands Nos. 1, 2, 3, 4, 10, 11, 12, 13, and 53, the defendants shall produce the documents filed with the FCC, such as Forms 601 Schedule K and G, that contain information that is responsive to the information that these demands seek and shall populate a chart that provides the responses to Category 9 of ECF No. 84 based upon the information from those documents;

**IT IS FURTHER ORDERED that:**

1. MOBEX shall ensure the documents in storage is preserved and relevant nonprivileged documents are available for inspection.

2. The discovery served by MOBEX and served upon MOBEX shall be responded no later than **deadline passed on June 20, 2012**. MOBEX shall provide supplemental responses based upon the documents in the possession of Nation's Capital Archives no later than **September 14, 2012**.

3. The discovery served upon MCLM shall be responded no later than **deadline passed on June 10, 2012**;

4. MCLM may serve interrogatories and document demands no later than **deadline passed on May 10, 2012**, which shall be responded to no later than **deadline passed on June 20, 2012**;

5. MCLM shall provide its Rule 26 disclosures and responses to interrogatories and document demands no later than **deadline passed on June 20, 2012**.

6. All documents shall be produced no later than **deadline passed on June 19, 2012**; and

7. The request to extend the deadline to raise discovery disputes is granted and all

discovery disputes submitted in accordance with the requirements of Paragraph 9 no later than **deadline passed on June 27, 2012 at noon;**

**IT IS FURTHER ORDERED THAT:**

## I. COURT DATES

1.      There shall be a telephone status conference before the Undersigned on **October 2, 2012 at 2:30 p.m.** Plaintiff shall initiate the telephone call.

2.      a. There will be a settlement conference before the Undersigned on **TO BE SET.**

b. Trial counsel and clients with full settlement authority are required to appear at the conference and they shall confirm their availability to appear on the date of the conference by filing a letter no later than **TO BE SET.** Absent exceptional, unforeseen personal circumstances, the confirmed settlement conference will not be adjourned.

c. If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3.      A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **November 19, 2012  at 1:00 p.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II. DISCOVERY AND MOTION PRACTICE

4.      a. MOBEX shall provide its Fed. R. Civ. P. 26 disclosures on or before **deadline passed on May 10, 2012**

b. MCLM shall provide its Fed. R. Civ. P. 26 disclosures on or before **deadline passed on May 18, 2012, except as set forth above.**

c. No later than **deadline passed on February 21, 2012**, the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[1]

5.      Discovery necessary to engage in meaningful settlement discussions: <u>some discovery</u>

---

[1]If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

6.      The party groups may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **deadline passed on February 21, 2012,** which shall be responded to no later than **March 21, 2012 except as set forth on page 1.**

7.      Absent agreement of counsel or order of the Court, the number of depositions to be taken by each side shall not exceed **10.**  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions shall be completed no later than **September 30, 2012**.

8.      Fact discovery is to remain open through **September 30, 2012**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9.      Counsel shall confer in a good  faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request or issue, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **deadline passed on July 23, 2012 at noon.**  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.  If a party does not present an unresolved dispute arising at a deposition during the deposition, then the right to seek court-intervention shall be deemed waived.

10.      Any consent order or motion to amend pleadings or parties shall be filed no later than **August 15, 2012 at 12:00 p.m**.

11.      a. Any motion for summary judgment shall be filed no later than **October 12, 2012**.  Any response shall be submitted no later than **October 22, 2012** and the reply shall be submitted no later than **October 29, 2012**.  The return date shall be **November 5, 2012** before the Hon. Katharine S. Hayden.  Her Honor's Chambers will notify the parties if oral argument will be required; and

b. The following protocol shall apply:

a. Each motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party

contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation. A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

     b. Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

     c. In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply. Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u> The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

     d. Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted. The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

     e. Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate. Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### III. EXPERTS

12.    a. No later than **August 15, 2012**, the parties shall identify their affirmative experts and the subjects about which they will opine.

     b. All affirmative expert reports shall be delivered by **September 17, 2012.**

13.    All responding expert reports shall be delivered by **October 17, 2012.**

14.    a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

     b. All expert depositions shall be completed by **October 31, 2012.**

### IV. FINAL PRETRIAL CONFERENCE

15.     A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **November 19, 2012** at **1:00 p.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16.     <u>Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17.     All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18.     With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19.     The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **November 13, 2012** at **3:00 p.m.**  All counsel are responsible for the timely submission of the Order.

20.     The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21.     The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.     Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25.     **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

<u>**s/Patty Shwartz**</u>
**UNITED STATES MAGISTRATE JUDGE**

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **WARREN HAVENS,** | : | Civil Action No. 11-993(KSH) |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : | **ORDER ON INFORMAL** |
| **v.** | : | **APPLICATION & TENTH** |
|  | : | **AMENDED PRETRIAL** |
|  | : | **SCHEDULING ORDER** |
| **MOBEX NETWORK SERVICES, et al.,** | : |  |
|  | : |  |
| **Defendant** | : |  |
|  | : |  |

This matter having come before the Court by way of letter filed January 16, 2013, regarding the parties joint request to extend the deadlines to produce responsive expert reports, depose experts, file dispositive motions, exchange information related to and submit the joint proposed final pretrial order and to adjourn the Final Pretrial Conference because logistical issues have arisen completing depositions which the parties represent will mostly occur in California and the need for additional time to respond to plaintiffs' six expert reports; and the Court providing this final extension of the deadlines associated with the Final Pretrial Conference and notifying the parties that no further extensions will be granted that impact the new date for the Final Pretrial Conference to ensure that there are no further delays in these proceedings;

**IT IS THEREFORE ON THIS** 16th day of January, 2013

**ORDERED** that the request to extend the expert discovery and dispositive motion deadlines, deadlines associated with the completion and submission of the joint final pretrial order and to adjourn the March 15, 2013 Final Pretrial Conference is granted as set forth herein;

**IT IS FURTHER ORDERED THAT:**

### I.   COURT DATES

1.    a.   There will be a settlement conference before the Undersigned on **TO BE SET.**

      b.   Trial counsel and clients with full settlement authority are required to appear at the conference and they shall confirm their availability to appear on the date of the conference by filing a letter no later than **TO BE SET.**   Absent exceptional, unforeseen personal circumstances, the confirmed settlement conference will not be adjourned.

     c.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

    2.    A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **April 30, 2013 at 1:30 p.m.**   The Final Pretrial Conference will occur even if there are dispositive motions pending.    The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II.  DISCOVERY AND MOTION PRACTICE

    4.    a.  MOBEX shall provide its Fed. R. Civ. P. 26 disclosures on or before **deadline passed on May 10, 2012**

        b.  MCLM shall provide its Fed. R. Civ. P. 26 disclosures on or before **deadline passed on May 18, 2012, except as set forth above.**

        c.  No later than **deadline passed on February 21, 2012**, the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[1]

    5.    Discovery necessary to engage in meaningful settlement discussions: <u>some discovery.</u>

    6.    The party groups may serve interrogatories limited   to **25** single questions including subparts and requests for production of documents on or before **deadline passed on February 21, 2012,** which shall be responded to no later than **deadline passed on March 21, 2012.**

    7.    Absent agreement of counsel or order of the Court, the number of depositions to be taken by each side shall not exceed **10.**   No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.   <u>See</u> Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.   The depositions shall be completed no later than **March 14, 2013**.

    8.    Fact discovery is to remain open through **March 14, 2013**.   No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

    9.    Counsel shall confer in a good   faith attempt to informally resolve any and all discovery disputes <u>before</u> seeking the Court's intervention.   Should such informal effort fail to

---

[1]If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request or issue, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.   No further submissions regarding the dispute may be submitted without leave of Court.   If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **deadline passed on July 23, 2012 at noon.**   The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.   If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.   If a party does not present an unresolved dispute arising at a deposition during the deposition, then the right to seek court-intervention shall be deemed waived.

10.   Any consent order or motion to amend pleadings or parties shall be filed no later than **deadline passed on August 15, 2012 at 12:00 p.m.**

11.   a.   Any motion for summary judgment shall be filed no later than **March 29, 2013**. Nothing herein bars a party from filing such a motion before November 21, 2012 deadline.   Any response shall be submitted no later than **April 18, 2013** and the reply shall be submitted no later than **April 25, 2013**.   The return date shall be **May 2, 2013** before the Hon. Katharine S. Hayden. Her Honor's Chambers will notify the parties if oral argument will be required; and

b.   The following protocol shall apply:

a.   Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.   Each fact asserted in the statement shall be supported by a record citation.   A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b.   Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts.   The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation.   The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c.   In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply.

Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u>   The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

   d.   Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted.   The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.   The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

   e.   Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate.   Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### III.   EXPERTS

  12. a.   No later than **deadline passed on August 15, 2012**, the parties shall identify their affirmative experts and the subjects about which they will opine.

   b.   All affirmative expert reports shall be delivered by **deadline passed on November 30, 2012.**

  13. All responding expert reports shall be delivered by **February 1, 2013.**

  14. a.   All expert reports are   to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).   No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

   b.   All expert depositions shall be completed by **March 8, 2013.**[5]

### IV.   FINAL PRETRIAL CONFERENCE

  15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **April 30, 2013 at 1:30 p.m.**   The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

---

[5]The absence of expert depositions does not impede the parties from preparing the Final Pretrial Order as they will have the reports and can preserve possible <u>Daubert</u> motions in the contemplated motion section of the Final Pretrial Order.

16.     Not later than **March 29, 2013**, the parties shall exchange copies of all proposed trial exhibits.   Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

17.     All counsel are directed to assemble at the office of Plaintiff's counsel not later than **April 19, 2013** to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.   Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18.     With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19.     The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **April 22, 2013 at 3:00 p.m.**   All counsel are responsible for the timely submission of the Order.

20.     The Court expects to engage in meaningful settlement discussions at the final pretrial conference.   Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21.     The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.   Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.   Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.   Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.   Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.     Absent permission from Chambers, communications to the Court by facsimile will not be accepted.   All communications to the Court shall be in writing or by telephone conference.

25.     **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER    MAY RESULT IN SANCTIONS.**

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WARREN HAVENS, ET AL. | : | |
| Plaintiffs, | : | Civil Action No. 11-993 (KSH) |
| v. | : | |
| MOBEX NETWORK SERVICES, ET AL., | : | ORDER ON INFORMAL APPLICATION |
| Defendants. | : | |

This matter having come before the Court by way of submission dated March 1, 2013, regarding the schedule for depositions;

and the Court having considered the submission, the record of proceedings, and the governing law;

and for the reasons set forth in the Opinion delivered on the record on March 3, 2013;

IT IS ON THIS 3rd day of March, 2013

ORDERED that the following depositions shall take place on the following dates and at the following locations:

|  |  |  |
|---|---|---|
| March 8, 2013 | Michael Fitch | California |
| March 20, 2013 | Susan Cooper (Only if her health permits. If her health does not permit, defense counsel shall provide information concerning her condition so that the Court can set a different date or provide other relief). | |
| March 21, 2013 | Robert  Cooper | California |
| March 20, 2013 | David Kling | California |
| March 21, 2013 | Sandra DePriest | New Jersey |
| March 22, 2013 | Donald DePriest | New Jersey |
| March 14 and/or 15, 2013 | John Reardon | New Jersey |
| March 8, 2013 | Charles Waters | North Carolina |
| March 7, 2013 | Dave Shpigler | New York |
| March 6,  2013 | Jim Chen | New Jersey |
| March 11, 2013 | Warren Havens | New Jersey |

| March 14, 2013 | Jimmy Stobaugh | California |
| March 13, 2013 | Arnold Leong | to be determined by the parties |

IT IS FURTHER ORDERED that the dispute concerning David Predmore shall be presented to the Court that issued the subpoena for his testimony.  If the subpoena was issued from this Court, then the plaintiffs shall provide the Court with a letter that includes notification to Mr. Predmore that it is requesting that he be compelled to comply with the subpoena and proof of service so that the Court can determine if it should issue an Order directing Mr. Predmore to show cause why sanctions should not be imposed for his alleged noncompliance with the subpoena pursuant to Fed. R. Civ. P. 45;

IT IS FURTHER ORDERED that the depositions of the following shall be completed no later than **March 28, 2013:**

> Ron Lindsay
> Jeffrey Reed
> Raja Sengupt
> Mr. Jones

IT IS FURTHER ORDERED that nothing herein operates to extend the fact and expert witness deadlines or any other deadlines other than to permit the depositions set forth herein to take place on the specific dates set forth herein, even if the dates set forth are beyond the fact and expert deposition deadlines set forth in the Tenth Amended Pretrial Scheduling Order; and

IT IS FURTHER ORDERED that the parties shall take whatever steps that they deem necessary to obtain copy of the deposition transcripts needed to submit the joint proposed final pretrial order by **April 22, 2013 at 3:00 p.m.**

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**

**EXHIBIT 6**



# PUBLIC NOTICE

**Federal Communications Commission**
445 12th St., S.W.
Washington, D.C. 20554

News Media Information 202 / 418-0500
Internet: http://www.fcc.gov
TTY: 1-888-835-5322

---

**Report Number:  8634**                                                    **Date of Report: 04/24/2013**

---

**Wireless Telecommunications Bureau**
**Assignment of License Authorization Applications, Transfer of Control of Licensee Applications, and**
***De Facto*Transfer Lease Applications, and Designated Entity Reportable Eligibility Event Applications**
**Accepted for Filing**

Below is a listing of applications, subject to applicable pre-grant notice and petition procedures, that upon
initial review were accepted for filing.  The Commission may return any of the applications, if upon further
examination, it is determined they are defective or not in conformance with the Commission's rules and
regulations.

Final action will not be taken on applications involving an Assignment of Authorization or Transfer of Control
of FCC licenses, de facto transfer leases, including subleases, or transfer of control or assignment of
existing lease rights, or designated entity reportable eligibility event earlier than 15 days following the date
of the public notice, except for applications not requiring a prior notice period.

**Assignment of License Authorization Applications and Transfer of Control of Licensee Applications**

**Applications:** 14-Day Notice Period

---

| Purpose | File Number | Parties | | Date Received |
|---------|-------------|---------|---|---------------|
| AA | 0005723202 | **Assignor:** | Iowa Wireless Services Holding Corporation | 04/19/2013 |
| | | **Assignee:** | Brooklyn Mutual Telephone Company | |

**Partitioning AND/OR Disaggregation**

Call Sign or Lead Call Sign:  WQMN858

<u>Radio Service Code(s)</u>
AW

| Purpose | File Number | Parties | | Date Received |
|---|---|---|---|---|
| AA | 0005733853 | **Assignor:** | Paging Systems, Inc. | 04/15/2013 |
| | | **Assignee:** | Verde Systems LLC | |

**FULL Assignment**

**Call Sign or Lead Call Sign:** WQCP808

**Radio Service Code(s)**
PC

## Applications: No Prior Notice Period Required

| Purpose | File Number | Parties | | Date Received |
|---|---|---|---|---|
| TC | 0005723658 | **Licensee:** | CROP PRODUCTION SERVICES INC | 04/15/2013 |
| | | **Transferor:** | UAP HOLDING CORP | |
| | | **Transferee:** | AGRIUM INC | |

**Transfer OF Control**

**Call Sign or Lead Call Sign:** WNDU984

**Radio Service Code(s)**
IG

| | | | | |
|---|---|---|---|---|
| AA | 0005739179 | **Assignor:** | Kimberly Clark-Professional | 04/16/2013 |
| | | **Assignee:** | Belmont Engineered Plastics | |

**FULL Assignment**

**Call Sign or Lead Call Sign:** WQQN959

**Radio Service Code(s)**
IG

## De Facto Transfer Lease Applications
## Applications: 14-Day Notice Period

**EXHIBIT 7**

Federal Communications Commission                    DA 13-1787

**Before the**
**Federal Communications Commission**
**Washington, D.C. 20554**

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| PAGING SYSTEMS, INC. | ) | File No. 0005733853 |
| | ) | |
| VERDE SYSTEMS LLC | ) | File No. 0005735474 |
| | ) | |
| and | ) | |
| | ) | |
| SKYBRIDGE SPECTRUM FOUNDATION | ) | File No. 0005735519 |
| | ) | |
| Applications for Assignment of Licenses | ) | |

**ORDER AND ORDER ON RECONSIDERATION**

**Adopted: August 21, 2013**                              **Released:  August 22, 2013**

By the Deputy Chief, Mobility Division, Wireless Telecommunications Bureau:

1.    *Introduction.*  In this *Order and Order on Reconsideration*, we address a petition by Maritime Communications/Land Mobile, LLC Debtor-in-Possession (MC/LM) (1) to dismiss or deny the above-captioned application of Paging System, Inc. (PSI) to assign Automated Maritime Telecommunication System (AMTS) spectrum to Verde Systems LLC (VSL) and (2) for reconsideration of the consent to the above-captioned applications of VSL and Skybridge Spectrum Foundation (Skybridge) to assign AMTS spectrum to PSI.[1]  For the reasons stated below, we dismiss the petition.

2.    *Background.*  PSI holds AMTS Block B[2] geographic[3] licenses in AMTS Areas (AMTSAs) 5 (Great Lakes) and 8 (Hawaii),[4] and AMTS Block B site-based licenses in AMTSAs 6 (Southern Pacific), 7 (Northern Pacific), and 8. VSL, Skybridge, and affiliated entities (collectively, the Havens entities)[5]

---

[1] Petition to Dismiss or Deny and Petition for Reconsideration (filed May 8, 2013) (Petition).  PSI filed an opposition, as did VSL and Skybridge.  *See* Paging Systems, Inc., Opposition to Petition to Dismiss or Deny and Petition for Reconsideration (filed May 22, 2013) (PSI Opposition); Verde Systems LLC and Skybridge Spectrum Foundation LLC, Opposition to Petition to Dismiss or Deny and Petition for Reconsideration (filed May 22, 2013) (VSL/Skybridge Opposition).  MC/LM filed a reply.  *See* Reply (filed June 3, 2013) (Reply).

[2] The Commission has designated two spectrum blocks for AMTS operations:  Blocks A (217.5-218/219.5-220 MHz) and B (217-217.5/219-219.5 MHz).  *See* 47 C.F.R. § 80.385(a)(2).

[3] In 2002, the Commission adopted a geographic licensing approach for AMTS spectrum and later assigned the geographic licenses by competitive bidding procedures, but provided that site-based incumbent licensees could continue to operate.  *See* Amendment of the Commission's Rules Concerning Maritime Communications, *Second Memorandum Opinion and Order and Fifth Report and Order*, PR Docket No. 92-257, 17 FCC Rcd 6685 (2002).

[4] Stations WQCP808 and WQGF308.

[5] *See, e.g.*, Maritime Communications/Land Mobile, LLC, EB Docket No. 11-71, *Memorandum Opinion and Order*, FCC 13-107, n.1 (rel. Aug. 5, 2013).

Federal Communications Commission                                   DA 13-1787

hold AMTS Block B geographic licenses in all of the AMTSAs not held by PSI, including AMTSA 6.[6] PSI and the Havens entities have had numerous disputes before the Commission and in other forums. As part of a comprehensive settlement of these matters, PSI filed an application to assign its AMTS geographic licenses to VSL,[7] and VSL and Skybridge filed applications to partition their licenses for AMTS Stations WQCP816[8] and WQJW656[9] to assign AMTS Block B spectrum in southern California to PSI. The assignments to PSI were consented to pursuant to the Commission's Immediate Approval Procedures,[10] while the assignment to VSL remains pending.

3.   MC/LM holds AMTS Block A geographic licenses in AMTSAs 2, 4, 5, and 6.[11] It filed a petition seeking dismissal or denial of PSI's application and reconsideration of the consent to the applications of VSL and Skybridge, arguing that PSI and the Havens entities have argued before the Commission that the other lacks the character and fitness to be a Commission licensee, which disqualifies them to hold the licensees they now seek to acquire.[12] MC/LM argues that the proposed assignment transactions should not be permitted to proceed until the Commission resolves the allegations raised in the parties' pleadings in other proceedings.[13]

4.   *Discussion.* We conclude that MC/LM lacks standing to challenge the above-captioned applications, and accordingly dismiss its petition. Section 1.939(d) of the Commission's Rules requires that a petition to deny contain specific allegations of fact sufficient to make a *prima facie* showing that the petitioner is a party in interest.[14] To establish standing as a party in interest, a petitioner must allege facts sufficient to demonstrate that grant of the subject application would cause it to suffer a direct injury.[15] In addition, a petitioner must demonstrate a causal link between the claimed injury and the challenged

---

[6] Specifically, they hold AMTS Block B geographic licenses in AMTSAs 1 (Northern Atlantic), 2 (Mid-Atlantic), 3 (Southern Atlantic), 4 (Mississippi River), 6, 7, 9 (Alaska), and 10 (Mountain). They also hold AMTS Block A geographic licenses in AMTSAs 1, 3, 7, and 8.

[7] *See* FCC File No. 0005733853.

[8] *See* FCC File No. 0005735474.

[9] *See* FCC File No. 0005735519.

[10] *See* 47 C.F.R. § 1.948(j)(2).

[11] It also holds AMTS Block A site-based licenses in AMTSAs 1-7, and AMTS Block B site-based licenses in AMTSAs 2, 3, 4, and 5. All of MC/LM's licenses are subject to a pending Commission proceeding to determine, *inter alia*, whether MC/LM engaged in misrepresentation and/or lack of candor when it obtained its geographic licenses, failed to construct and/or maintain in operation its site-based stations, and is qualified to be and remain a Commission licensee. *See* Maritime Communications/Land Mobile, LLC, *Order to Show Cause, Hearing Designation Order, and Notice of Opportunity for Hearing*, EB Docket No. 11-71, 26 FCC Rcd 6520, 6547 ¶ 62 (2011). The allegations underlying the hearing proceeding were initially brought to the Commission's attention by the Havens entities. *See id.* at 6525-26 ¶¶ 13-18.

[12] *See* Petition at 2-7.

[13] *See id.* at 3. MC/LM also states that the applications are procedurally in violation of the "greenmail" rule, 47 C.F.R. § 1.935. *See id.* at 2. We agree with PSI, VSL, and Skybridge, however, that this rule is not relevant to the instant matter, for it applies only to requests to *dismiss* applications, amendments, or pleadings. *See* PSI Opposition at 4; VSL/Skybridge Opposition at 5.

[14] 47 C.F.R. § 1.939(d).

[15] *See, e.g.*, Petition for Reconsideration of Various Auction 87 Public Notices, *et al.*, 27 FCC Rcd 4374, 4382 ¶ 21 (WTB MD & ASAD 2012) (*Auction 87 Order*); AT&T PCS Wireless PCS, Inc., *Order*, 15 FCC Rcd 4587, 4588 ¶ 3 (WTB CWD 2000) (*AT&T Wireless*) (citing Sierra Club v. Morton, 405 U.S. 727, 733 (1972); Lawrence N. Brandt, *Memorandum Opinion and Order*, 3 FCC Rcd 4082 (CCB DFD 1988) (*Brandt*)).

action,[16] and that any injury would be redressable by the relief requested.[17]  Similarly, Section 1.106(b)(1) of the Commission's Rules provides that a petition for reconsideration filed by an entity that is not a party to the proceeding must demonstrate how its interests are adversely affected by the Commission's action.[18] When evaluating standing, the Commission applies the same test that courts employ in determining whether a person has standing under Article III to appeal a court order:  the person must show "(a) a personal injury-in-fact that is (2) 'fairly traceable' to the defendant's conduct and (3) redressable by the relief requested."[19]

5.   MC/LM fails to meet these requirements.  It bases its standing claim on the fact that it holds AMTS geographic licenses for the Southern Pacific and Great Lakes areas.[20]  It argues that if the instant applications are granted, MC/LM would "face economic injury by having to face new competition from [VSL] in the Southern Pacific geographic area and would have to face new competition from PSI in the Great Lakes geographic area."[21]  The Commission has consistently viewed the claims of injury due to new competition in the marketplace as remote and speculative, and not sufficient to establish a direct injury required to show standing.[22]  Moreover, MC/LM offers no explanation for how it would be adversely affected by competing with the Havens entities in the Great Lakes and PSI in southern California instead of *vice versa*.

6.   In the event that we find that it lacks standing, MC/LM asks that its petition be treated as an informal request for Commission action under Section 1.41 of the Commission's Rules.[23]  Acceptance of MC/LM's request pursuant to Section 1.41 is discretionary.[24]  In support of its request, MC/LM states only that treating its petitions as an informal request is desirable due to "the public interest in the matter."[25]  We find that this is insufficient.[26]

---

[16] *Auction 87 Order*, 27 FCC Rcd at 4382 ¶ 21; *AT&T Wireless*, 15 FCC Rcd at 4588 ¶ 3 (citing Duke Power v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 72, 78 (1978)).

[17] *Auction 87 Order*, 27 FCC Rcd at 4382 ¶ 21; Weblink Wireless, Inc., *Memorandum Opinion and Order*, 17 FCC Rcd  24642, 24647 ¶ 11 (WTB 2002).

[18] 47 C.F.R. § 1.106(b)(1); AT&T Corp. v. Business Telecom, Inc., *Order on Reconsideration,* 16 FCC Rcd 21750, 21751-52 ¶ 5 (2001) (*AT&T Corp.*).

[19] *See* SunCom Mobile & Data, Inc. v. FCC, 87 F.3d 1386, 1387-88 (D.C. Cir. 1996) (quoting Branton v. FCC, 993 F.2d 906, 908 (D.C. Cir. 1993) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984))); *AT&T Corp.*, 16 FCC Rcd at 21752-53 ¶ 7.

[20] *See* Petition at 2.

[21] See Reply at 2.

[22] *See* Petition for Reconsideration of Various Auction 87 Public Notices, et al., *Memorandum Opinion and Order,* 27 FCC Rcd 4374, 4385 ¶ 28 (WTB MD & ASAD 2012).  The Commission has consistently held that claims predicated on the addition of new competitors in the marketplace amount to a "remote" or "speculative" injury and are insufficient to confer standing.  *See, e.g., Brandt*, 3 FCC Rcd at 4083 ¶ 9; Improving Public Safety Communications in the 800 MHz Band, *Order*, WT Docket 02-55, 26 FCC Rcd 5004 (PSHSB 2011) (*800 MHz Order*).

[23] 47 C.F.R. § 1.41.

[24] *See* National Ready Mixed Concrete Co., *Memorandum Opinion and Order*, 23 FCC Rcd 5250, 5251 n.12 (2008); *see also* Charles T. Crawford, et al. *Memorandum Opinion and Order*, 17 FCC Rcd 19328, 19329 (2002) (stating that the Commission is not obligated to consider informal requests).

[25] *See* Reply at 2 n.2.

[26] *See, e.g., 800 MHz Order*, 26 FCC Rcd at 5009 ¶ 17.  In addition, as the Commission has noted, "a party cannot evade the procedural requirements of Section 1.106 by concurrently requesting the same relief under Section 1.41." *See* Motorola, Inc., *Memorandum Opinion and Order*, 25 FCC Rcd 455, 456 n.8 (2010) (quoting Motorola, Inc.,

(continued....)

**Federal Communications Commission**                              **DA 13-1787**

7.   *Conclusion.*  MC/LM has not demonstrated that it has standing to challenge the above-captioned applications.  Therefore, we dismiss its petition.

8.   Accordingly, IT IS ORDERED, pursuant to Sections 4(i), 309, and 405 of the Communications Act of 1934, as amended, 47 U.S.C. §§ 154(i), 309, 405, and Sections 1.106 and 1.939 of the Commission's Rules, 47 C.F.R. §§ 1.106, 1.939, that the Petition to Dismiss or Deny and Petition for Reconsideration filed by Maritime Communications/Land Mobile, LLC Debtor-in-Possession on May 8, 2013 IS DISMISSED, and application File No. 0005733853 SHALL BE PROCESSED consistent with this *Order and Order on Reconsideration* and the Commission's Rules.

9.   This action is taken under delegated authority pursuant to Sections 0.131 and 0.331 of the Commission's Rules, 47 C.F.R. §§ 0.131, 0.331.

FEDERAL COMMUNICATIONS COMMISSION

Scot Stone
Deputy Chief, Mobility Division
Wireless Telecommunications Bureau

---

(...continued from previous page)
*Order on Reconsideration*, 22 FCC Rcd 18649, 18651 ¶ 7 (WTB MD 2007)).  We see no reason why this does not apply equally to Section 1.939.

**EXHIBIT 8**



# PUBLIC NOTICE

**Federal Communications Commission**
445 12th St., S.W.
Washington, D.C. 20554

News Media Information 202 / 418-0500
Internet: http://www.fcc.gov
TTY: 1-888-835-5322

---

**Report Number:  9124**                    **Date of Report: 11/13/2013**

---

### Wireless Telecommunications Bureau
### Site-By-Site
### Action

Below is a listing of applications that have been acted upon by the Commission.

## AA - Aviation Auxiliary Group

| File Number | Action Date | Call Sign | Applicant Name | Purpose | Action |
|---|---|---|---|---|---|
| 0005902594 | 11/09/2013 | WQAW452 | MONTEREY PENINSULA AIRPORT DISTRICT | MD | D |

## AF - Aeronautical and Fixed

| File Number | Action Date | Call Sign | Applicant Name | Purpose | Action |
|---|---|---|---|---|---|
| 0005688005 | 11/09/2013 | WQDU842 | Aviation Spectrum Resources Inc | AM | D |
| 0005714077 | 11/09/2013 | WQOI965 | Aviation Spectrum Resources, Inc | AM | D |
| 0005898030 | 11/07/2013 | WQSS535 | WINTERSET AIRPORT AUTHORITY | AM | G |
| 0005933852 | 11/07/2013 | WXZ9 | Learjet Inc | AM | G |
| 0005999821 | 11/06/2013 | KMF6 | Aviation Spectrum Resources Inc | CA | G |
| 0005999822 | 11/06/2013 | WQQI268 | Aviation Spectrum Resources, Inc | CA | G |
| 0005855272 | 11/09/2013 | WQGI706 | Aviation Spectrum Resources Inc | MD | D |
| 0005780399 | 11/09/2013 | | Aviation Spectrum Resources Inc | NE | D |
| 0005863227 | 11/09/2013 | | Helicopter Consultants of Maui, Inc. dba Blue Hawaiian Helic | NE | D |
| 0005900109 | 11/09/2013 | | Orlando North Airpark | NE | D |
| 0005909724 | 11/07/2013 | WQSS540 | City of Wills Point | NE | G |
| 0005910897 | 11/07/2013 | WQSS541 | Covington Municipal Airport | NE | G |
| 0005999187 | 11/08/2013 | WQSS791 | Syberjet Aircraft | NE | G |

LN - 902-928 MHz Location Narrowband (Non-multilateration)

| File Number | Action Date | Call Sign | Applicant Name | Purpose | Action |
|---|---|---|---|---|---|
| 0005838526 | 11/07/2013 | WPML289 | FLORIDA, STATE OF | RO | G |
| 0005838527 | 11/07/2013 | WPML292 | FLORIDA, STATE OF | RO | G |
| 0005838528 | 11/07/2013 | WPML294 | FLORIDA, STATE OF | RO | G |
| 0005843742 | 11/07/2013 | WPMM481 | SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION | RO | G |
| 0005844259 | 11/07/2013 | WPMM343 | The Kansas City Southern Railway Company | RO | G |

LP - Broadcast Auxiliary Low Power

| File Number | Action Date | Call Sign | Applicant Name | Purpose | Action |
|---|---|---|---|---|---|
| 0006004542 | 11/08/2013 | WQJW469 | Meredith Corporation- Meredith Video Solutions | RO | G |

LW - 902-928 MHz Location Wideband (Grandfathered AVM)

| File Number | Action Date | Call Sign | Applicant Name | Purpose | Action |
|---|---|---|---|---|---|
| 0006006389 | 11/09/2013 | WPMT365 | TELETRAC LICENSE INC | RO | G |
| 0006006398 | 11/09/2013 | WPMT361 | TELETRAC LICENSE INC | RO | G |
| 0006006405 | 11/09/2013 | WPMR837 | TELETRAC LICENSE INC | RO | G |
| 0006006417 | 11/09/2013 | WPMT362 | TELETRAC LICENSE INC | RO | G |

MC - Coastal Group

| File Number | Action Date | Call Sign | Applicant Name | Purpose | Action |
|---|---|---|---|---|---|
| 0005910032 | 11/08/2013 | WQSS770 | Columbia River Bar Pilots | AM | G |
| 0006001677 | 11/06/2013 | KTD434 | Paging Systems, Inc. | CA | G |
| 0006001679 | 11/06/2013 | WHD878 | Paging Systems, Inc. | CA | G |
| 0006001683 | 11/06/2013 | WHW296 | Paging Systems, Inc. | CA | D |
| 0005879138 | 11/09/2013 | | ANNAPOLIS CITY HARBORMASTER OFFICE | NE | D |
| 0005992286 | 11/08/2013 | WQSS776 | MC OFFSHORE PETROLEUM, LLC | NE | G |
| 0006002028 | 11/08/2013 | WQSS796 | Freeman & Hasselwander Resorts LLC | NE | G |
| 0005981527 | 11/07/2013 | WPYT751 | Bay Harbor Company L.L.C. | RM | G |
| 0005998186 | 11/08/2013 | KJA936 | COOS BAY TOWBOAT CO INC | RM | G |
| 0005980545 | 11/07/2013 | WHU476 | LOCKWOOD BOAT WORKS INC | RO | G |
| 0005999080 | 11/06/2013 | WHU718 | FLORIDA, STATE OF | RO | G |
| 0005999082 | 11/06/2013 | WHU722 | FLORIDA, STATE OF | RO | G |
| 0005999083 | 11/06/2013 | WHU801 | FLORIDA, STATE OF | RO | G |
| 0005999084 | 11/06/2013 | WHU805 | FLORIDA, STATE OF | RO | G |
| 0005999085 | 11/06/2013 | WPZK356 | FLORIDA, STATE OF | RO | G |
| 0005999167 | 11/08/2013 | WHG535 | Cargill, Incorporated | RO | G |
| 0005999898 | 11/08/2013 | KMD243 | NORTHERN ENTERPRISES | RO | G |

MC - Coastal Group

| File Number | Action Date | Call Sign | Applicant Name | Purpose | Action |
|---|---|---|---|---|---|
| 0006000037 | 11/08/2013 | WHU713 | CSX TRANSPORTATION | RO | G |
| 0006000599 | 11/08/2013 | WQZ435 | BOYD LAKE MARINA INC | RO | G |
| 0006000763 | 11/06/2013 | KA98561 | VANCOUVER USA, PORT OF | RO | G |
| 0006001135 | 11/06/2013 | KMC300 | CALIFORNIA, STATE OF | RO | G |
| 0006002499 | 11/08/2013 | WRV315 | Capt. Stacy Fishing Center | RO | G |
| 0006002560 | 11/08/2013 | WPZI640 | QUINCY YACHT CLUB | RO | G |
| 0006002627 | 11/08/2013 | WXZ413 | ROWAYTON YACHT CLUB AT HICKORY BLUFF | RO | G |
| 0006003242 | 11/07/2013 | WPZI404 | NEW BUFFALO CITY OF | RO | G |
| 0006004216 | 11/08/2013 | WHU500 | SEAMARK ELECTRONICS INC | RO | G |
| 0006004419 | 11/08/2013 | WQZ422 | BREMERTON YACHT CLUB | RO | G |
| 0006005280 | 11/08/2013 | KYX500 | MARICOPA, COUNTY OF | RO | G |
| 0006005482 | 11/08/2013 | KA5047 | Pacific Gas and Electric Company | RO | G |
| 0006005489 | 11/08/2013 | KO6038 | Pacific Gas and Electric Company | RO | G |
| 0004697887 | 11/06/2013 | WHD866 | Paging Systems, Inc. | WD | W |
| 0004732667 | 11/06/2013 | WHV362 | Paging Systems, Inc. | WD | W |
| 0004744089 | 11/06/2013 | WHW396 | Paging Systems, Inc. | WD | W |
| 0004902761 | 11/06/2013 | WHU559 | Paging Systems, Inc. | WD | W |
| 0005641946 | 11/06/2013 | WHW244 | Paging Systems, Inc. | WD | W |
| 0005641947 | 11/07/2013 | WHW296 | Paging Systems, Inc. | WD | W |

MG - Microwave Industrial/Business Pool

| File Number | Action Date | Call Sign | Applicant Name | Purpose | Action |
|---|---|---|---|---|---|
| 0005712453 | 11/09/2013 | | Harris Corporation | AM | D |
| 0005823250 | 11/06/2013 | WQGT945 | Turn Wireless, LLC | AM | G |
| 0005826784 | 11/07/2013 | WQSS493 | Day Management Corp dba Day Wireless Systems | AM | G |
| 0005826845 | 11/07/2013 | WQSS496 | Day Mangement dba Day Wireless Systems | AM | G |
| 0005848707 | 11/07/2013 | WQLS610 | Fireline Network Solutions Inc. | AM | G |
| 0005855312 | 11/06/2013 | WNTP688 | SACRAMENTO MUNICIPAL UTILITY DISTRICT | AM | G |
| 0005858603 | 11/04/2013 | WQSR574 | Worldcall Interconnect, Inc. | AM | G |
| 0005863099 | 11/07/2013 | WQPU319 | Montana Internet Corporation | AM | G |
| 0005863324 | 11/04/2013 | WNTP221 | PACIFICORP | AM | G |
| 0005863326 | 11/04/2013 | WNTS454 | PACIFICORP | AM | G |
| 0005871702 | 11/07/2013 | WQOD338 | Enable Midstream Partners, LP | AM | G |
| 0005871951 | 11/07/2013 | WQSS587 | LCC Design Services | AM | G |
| 0005871952 | 11/07/2013 | WQSS586 | LCC Design Services | AM | G |
| 0005879663 | 11/06/2013 | WQMP350 | GVEC.net, Inc. | AM | G |
| 0005879726 | 11/06/2013 | WQSS344 | Guadalupe Valley Electric Coop., Inc. | AM | G |
| 0005888622 | 11/06/2013 | WQSS354 | Cascade Natural Gas, Corp. | AM | G |

pa_codes30.txt

```
AD        Application Purpose
          AA Assignment of Authorization
          AM Amendment
          AU Administrative Update
          CA Cancellation of License
          CB C Block Election
          DC Data Correction
          DU Duplicate License
          EX Request for Extension of Time
          LL Spectrum Leasing
          MD Modification
          NE New
          NT Required Notification
          RL Register Link/Location
          RM Renewal/Modification
          RO Renewal Only
          TC Transfer of Control
          WD Withdrawal of Application

AD        Application Status
          1 Pending Level 1
          2 Pending Level 2
          A A Granted
          C Consented To
          D Dismissed
          G Granted
          H History Only
          I Inactive
          K Killed
          M Consummated
          N Granted in Part
          P Pending Pack Filing
          Q Accepted
          R Returned
          S Saved
          T Terminated
          U Unprocessable
          W Withdrawn
          X NA
          Y Application has problems

AD        Notification Code
          1 First Buildout/Coverage Requirement
          2 Second Buildout/Coverage Requirement
          3 Third Buildout/Coverage Requirement
          4 Fourth Buildout/Coverage Requirement
          A All coverage requirements (for those that have neither 5 nor 10)
          C Consummation of transfer or assignment
          D Request regular authorization for facilities operating under
            developmental authority
          G Notification of compliance with yearly station commitments for
            licensees with approved extended implementation plans.
          H Final notification that construction requirements have been
            met for referenced system with approved extended implementation
            plans.
          S Construction Requirement

AM        Operator Class Code
          A Advanced
          E Amateur Extra
          G General
          N Novice
          P Technician Plus
```

Page 1

**EXHIBIT 9**

Torosian, Linda

| | |
|---|---|
| **Subject:** | FW: HAVENS: Email from FCC re stay of proceedings to facilitate settlement; and whether it should be included in our Opp. to MCLM's MSJ? -- Fwd: FCC deferment of action on PSI-Touch Tel and Skytel proceedings / FW: Request for Conference Call - Confidenti |

**From:** Scot Stone <Scot.Stone@fcc.gov>
**Date:** Tuesday, April 16, 2013 1:45 PM
**To:** Warren Havens <warren.havens@sbcglobal.net>
**Cc:** John Schauble <John.Schauble@fcc.gov>, David Hill <DHill@HallEstill.com>, Audrey Rasmussen <ARasmussen@HallEstill.com>, "davidlamarhill@msn.com" <davidlamarhill@msn.com>, Jimmy <jstobaugh@telesaurus.com>, Stanislava Kimball <Stanislava.Kimball@fcc.gov>
**Subject:** RE: Request for Conference Call - Confidential

Mr. Havens,
As discussed in the telecon today, the Mobility and Broadband Divisions of the Wireless Telecommunications Bureau will defer action on pending matters (including matters addressed to the Bureau or the Commission) between PSI/TT and Skytel for three months to allow implementation of the Settlement and consequent request for withdrawal of the pleadings in those matters.

Scot Stone
Deputy Chief, Mobility Division
Wireless Telecommunications Bureau

**From:** Warren Havens [mailto:warren.havens@sbcglobal.net]
**Sent:** Tuesday, April 16, 2013 4:15 PM
**To:** Scot Stone
**Cc:** John Schauble; David Hill; Audrey Rasmussen; davidlamarhill@msn.com; Jimmy Stobaugh
**Subject:** Re: Request for Conference Call - Confidential

Mr. Stone,

This summarizes the telecon of today, and requests that you acknowledge by email response the "hold" granted on the call, described below.

Capitalized terms used herein not defined herein are defined in the email of this morning below.

On the call, the Licensees explained that they had reached a certain Settlement that involves, as before the FCC:
   (1)  the three assignment applications identified below, and also involves -- at the time that the FCC grant (or consent) to each of the three applications has become final (in sum, not subject to any third-party (not Skytel, PSI or TT) challenge, and no longer subject to any right to timely challenge, and beyond the time that the FCC may reconsider its grant on its own motion, and without any reversal) --
   (2)  PSI cancellation of its AMTS site based licenses except for those within the Southern California partition area in the Verde Systems and Skybridge partition assignment applications to PSI described below, and
   (3)  the Licensees' respective requests to withdraw all of their pleadings and dismiss the requests in the pleadings (formal petitions, informal requests, etc.) with prejudice as against each other, that is, all Skytel (defined below) companies' challenges against PSI and/ or TT (licenses, qualifications, etc.) and any and all PSI and TT challenges against any of the Skytel companies (licenses, qualifications, etc.) (the pleadings and pleading requests under this '(3)' together, the "FCC Proceedings").

On the call, the Licensees asked if the FCC would place a hold upon action in the FCC Proceedings during the time needed for items '(1)' and '(2)' above to be completed (the "Hold") (which the Licensees called a "stay" in the email of this morning below), which should be in the range of 2-3 months, since upon completion the Licensees will then immediately

execute item '(3)' making unnecessary further FCC action in the FCC Proceedings, but to accept the withdrawals and dismissals.  In this Hold period, the FCC will accept that Licensees retain their respective pleadings and positions.

While not discussed on the call, to have clarity, the Licensees ask that the <u>Hold period</u> be for three months, <u>to the end of July 16, 2013</u>.

Also, if steps '(1)', '(2)' and '(3)' cannot be completed prior to that time, such as due to any third party challenge, then the Licensees will give you a status report and may seek an extension of the Hold period.

Mr. Hill and Ms. Rasmussen have reviewed and approved this email for PSI and TT.

Thank you and Mr. Schauble for your prompt assistance in this matter.

*Warren Havens*
*President, Skybridge Spectrum Foundation | V2G LLC | Environmentel LLC | Verde Systems LLC | Telesaurus Holdings GB LLC | Intelligent Transportation & Monitoring Wireless LLC | Berkeley California | www.scribd.com/warren_havens/shelf | 510 841 2220 x 30 | 510 848 7797 -direct*

---

**From:** Scot Stone <Scot.Stone@fcc.gov>
**To:** 'Audrey Rasmussen' <ARasmussen@HallEstill.com>
**Cc:** Warren Havens <warren.havens@sbcglobal.net>; Jimmy Stobaugh <jstobaugh@telesaurus.com>; David Hill <DHill@HallEstill.com>; "davidlamarhill@msn.com" <davidlamarhill@msn.com>
**Sent:** Tuesday, April 16, 2013 6:59 AM
**Subject:** RE: Request for Conference Call - Confidential

We can do it at 1:00 Eastern.

---

**From:** Audrey Rasmussen [mailto:ARasmussen@HallEstill.com]
**Sent:** Tuesday, April 16, 2013 9:26 AM
**To:** Scot Stone
**Cc:** Warren Havens; Jimmy Stobaugh; David Hill; davidlamarhill@msn.com
**Subject:** Request for Conference Call - Confidential

Mr. Stone,

Warren Havens, Jimmy Stobaugh, David Hill and Audrey Rasmussen would like to set up a conference call with you to discuss procedures to request a stay in the litigation proceedings involving, on one side, Warren Havens and various companies he manages ("Skytel") and on the other sidePaging Systems, Inc. and Touch Tel Corp. ("PSI-TT")(Skytel and PSI-TT together, the Licensees").

The Licensees entered a Confidential Settlement Agreement last week which, when fully completed, will resolve all conflicts between them pending before the FCC and the US District Court in New Jersey, in respective litigation actions (the "Settlement").  In connection with the Settlement, the Licensees filed three applications for four total license assignment and partial assignments on April 13, File Nos. 0005733853 (PSI Great Lakes and Hawaii geographic AMTS license assignments to Verde Systems LLC) and 000573474 and 0005735519 (respectively, Verde Systems LLC and Skybridge Spectrum Foundations partition assignments to PSI, in Southern California).  The Licensees believe these all should be processed under IAP; however, there was an issue with File No. 0005733853 which is presently being discussed with Kathy Harris.

We would like to discuss with you how to approach such a request to stay the FCC litigation proceedings that are pending at various levels. We will be able to set up a dial in conference call at your convenience today at a convenient time for you.

Thank you for your consideration in this matter.
Audrey Rasmussen

2

**EXHIBIT 10**

**Friedman, Kenneth**

---

**From:** Scot Stone [Scot.Stone@fcc.gov]
**Sent:** Wednesday, October 23, 2013 8:39 AM
**To:** 'Jimmy Stobaugh'; David Hill; Warren Havens
**Cc:** Jeff Tobias; Stanislava Kimball
**Subject:** RE: Further 90-day extension / Re: 90-day further extension request / in re apps including 0005692843 and 0005692842

DA 13-1787 is now a final order beyond the reconsideration period. It appears to me that the parties should now be in a position to begin wrapping up the many loose ends. At your convenience, please give me an idea what we can expect regarding all the pending proceedings.

Scot Stone
Deputy Chief, Mobility Division
Wireless Telecommunications Bureau

**From:** Jimmy Stobaugh [mailto:jstobaugh@telesaurus.com]
**Sent:** Thursday, October 17, 2013 3:42 PM
**To:** Scot Stone
**Cc:** Jeff Tobias; David Hill; Warren Havens
**Subject:** Re: Further 90-day extension / Re: 90-day further extension request / in re apps including 0005692843 and 0005692842

Received, thank you.

**From:** Scot Stone <Scot.Stone@fcc.gov>
**Date:** Thursday, October 17, 2013 12:38 PM
**To:** Jimmy <jstobaugh@telesaurus.com>
**Cc:** Jeff Tobias <Jeff.Tobias@fcc.gov>, David Hill <dhill@hallestill.com>, Warren Havens <warren.havens@sbcglobal.net>
**Subject:** RE: Further 90-day extension / Re: 90-day further extension request / in re apps including 0005692843 and 0005692842

Extensions granted to January 13, 2014.

Scot Stone
Deputy Chief, Mobility Division
Wireless Telecommunications Bureau

**From:** Jimmy Stobaugh [mailto:jstobaugh@telesaurus.com]
**Sent:** Thursday, October 17, 2013 3:21 PM
**To:** Scot Stone
**Cc:** Jeff Tobias; David Hill; Warren Havens
**Subject:** Further 90-day extension / Re: 90-day further extension request / in re apps including 0005692843 and 0005692842

Mr. Stone,

Hello. Welcome back to work!

You previously granted an extension of the stay-action and an extension of the deadline for filing certain

1

pleadings until October 15, 2013. As you are well aware, due to the government shutdown, the parties were unable to make a further extension request of those matters past the October 15, 2013 deadline.

Therefore, at this time, all of the parties to the below extension request and stay, hereby request a further extension of another 90 days. This is submitted since the parties need the additional time to consummate the assignment applications and conduct other related actions before the FCC, as part of completing the settlement.

Today, Mr. Hill informed me that PSI and Touchtel (PSI-TT) would not oppose a further 90-day extension of the stay and extension period on all matters, and that we could make this request to you. I copy Mr. Hill here.

If you need more information as to the reasons for this request, or otherwise with regard to this request, please let me know.

Sincerely,

Jimmy Stobaugh

On behalf of Warren Havens for Petitioners

**From:** Warren Havens <warren.havens@sbcglobal.net>
**Reply-To:** Warren Havens <warren.havens@sbcglobal.net>
**Date:** Monday, July 15, 2013 10:11 AM
**To:** Scot Stone <Scot.Stone@fcc.gov>
**Cc:** Jeff Tobias <Jeff.Tobias@fcc.gov>, David Hill <dhill@hallestill.com>, Jimmy <jstobaugh@telesaurus.com>
**Subject:** Re: 90-day further extension request / in re apps including 0005692843 and 0005692842

Thank you.

**From:** Scot Stone <Scot.Stone@fcc.gov>
**To:** 'Warren Havens' <warren.havens@sbcglobal.net>
**Cc:** Jeff Tobias <Jeff.Tobias@fcc.gov>; David Hill <DHill@HallEstill.com>; Jimmy Stobaugh <jstobaugh@telesaurus.com>
**Sent:** Monday, July 15, 2013 9:54 AM
**Subject:** RE: 90-day further extension request / in re apps including 0005692843 and 0005692842

The extension request of the stay-action also is granted until October 15, 2013.

Scot Stone
Deputy Chief, Mobility Division
Wireless Telecommunications Bureau

**From:** Warren Havens [mailto:warren.havens@sbcglobal.net]
**Sent:** Friday, July 12, 2013 4:12 AM
**To:** Scot Stone
**Cc:** Jeff Tobias; David Hill; Jimmy Stobaugh
**Subject:** Re: 90-day further extension request / in re apps including 0005692843 and 0005692842

To clarify, this 90-day extension request is meant to apply to all matters subject of:
(i) the below April 17 extension grant, and
(ii) the below April 16 stay-action grant.

**From:** Warren Havens <warren.havens@sbcglobal.net>
**To:** Scot Stone <Scot.Stone@fcc.gov>
**Cc:** jeff tobias <jeff.tobias@fcc.gov>; David Hill <DHill@HallEstill.com>; Jimmy Stobaugh <jstobaugh@telesaurus.com>
**Sent:** Friday, July 12, 2013 12:55 AM
**Subject:** 90-day further extension request / in re assig. apps, 0005692843 and 0005692842

Mr. Stone,
cc Mr. Tobias,

In two separate emails below, for the Bureau, you stayed the subject matters until July 16, 2013, next Monday.

On June 25th, Mr. Hill informed me that PSI and Touchtel (PSI-TT) would not oppose a further 90-day extension of the stay period on all matters. Mr. Hill said that we could make the request to Mr. Stone and represent that PSI-TT joins in the request. I cc Mr. Hill here.

All of the parties to the below extension request, hereby request an further extension of another 90 days. This is submitted since the assignment applications described below and captioned above are subject to a petition to deny (and related oppositions and reply) and the Bureau has not yet made and issued its decision.

If you need more information as to the reasons for this request, or otherwise with regard to this request, please let me know.

Thank you,
Warren Havens

---

**From:** Scot Stone <Scot.Stone@fcc.gov>
**Date:** Wednesday, April 17, 2013 11:55 AM
**To:** Jimmy <jstobaugh@telesaurus.com>
**Cc:** "davidlamarhill@msn.com" <davidlamarhill@msn.com>, David Hill <DHill@HallEstill.com>, Audrey Rasmussen <ARasmussen@HallEstill.com>, Warren Havens <warren.havens@sbcglobal.net>
**Subject:** RE: Addition to Re: Req for extension, re Petitions to Deny re 0005692843 and 0005692842 // Re: Request for Conference Call - Confidential

I had that date as May 2. In any event, the extension request is granted until July 16, 2013 with respect to file numbers 0005641936, 0005641946, 0005641947, 0005642018, 0005692843 and 0005692842.

Scot Stone
Deputy Chief, Mobility Division
Wireless Telecommunications Bureau

---

**From:** Jimmy Stobaugh [mailto:jstobaugh@telesaurus.com]
**Sent:** Wednesday, April 17, 2013 2:21 PM
**To:** Scot Stone
**Cc:** davidlamarhill@msn.com; David Hill; Audrey Rasmussen; Warren Havens
**Subject:** Addition to Re: Req for extension, re Petitions to Deny re 0005692843 and 0005692842 // Re: Request for Conference Call - Confidential

Mr. Stone,

In addition to the below request, "Petitioners", as defined below, along with PSI (who has agreed to this request too), also request the same 3-month extension to file petitions to deny regarding renewal application files numbers 0005641936, 0005641946, 0005641947, and 0005642018 for the same reasons given immediately below by Mr. Havens. The current deadline is May 1st.

Sincerely,

Jimmy Stobaugh
On behalf of Warren Havens for Petitioners

**From:** Warren Havens <warren.havens@sbcglobal.net>
**Reply-To:** Warren Havens <warren.havens@sbcglobal.net>
**Date:** Wednesday, April 17, 2013 11:05 AM
**To:** Scot Stone <Scot.Stone@fcc.gov>
**Cc:** "davidlamarhill@msn.com" <davidlamarhill@msn.com>, Jimmy <jstobaugh@telesaurus.com>, David Hill <DHill@HallEstill.com>, Audrey Rasmussen <ARasmussen@HallEstill.com>
**Subject:** Req for extension, re Petitions to Deny re 0005692843 and 0005692842 // Re: Request for Conference Call - Confidential

Mr. Stone,

"Petitioners" -- companies I manage,* request a 3-month extension described in my email of yesterday at 5:07 pm, below, to PSI Counsel. As shown in their response (the ellipsis indicated a comment from them on another matter not relevant here), they agree to the extension request for PSI.

Grant of this request would be consistent with your grant yesterday of the 3 month deferral period to allow for the Settlement actions to be completed, including the described license cancellation, and dismissals of pleadings and petition requests. Grant of the request will avoid further challenge petitions that will be mooted by the license cancellations and dismissals.

Respectfully submitted,

Warren Havens
President
* *Skybridge Spectrum Foundation* | ATLIS Wireless LLC | V2G LLC | Environmentel LLC | Verde Systems LLC | Telesaurus Holdings GB LLC | Intelligent Transportation & Monitoring Wireless LLC | Berkeley California | *www.scribd.com/warren_havens/shelf* | 510 841 2220 x 30 | 510 848 7797 -direct

---

**From:** Audrey Rasmussen <ARasmussen@HallEstill.com>
**To:** Warren Havens <warren.havens@sbcglobal.net>; David Hill <DHill@HallEstill.com>
**Cc:** "davidlamarhill@msn.com" <davidlamarhill@msn.com>; Jimmy Stobaugh <jstobaugh@telesaurus.com>
**Sent:** Wednesday, April 17, 2013 6:52 AM
**Subject:** RE: Request for Conference Call - Confidential

Paging Systems, Inc. agrees to the request for extension as outlined below.
* * * *

---

**From:** Warren Havens [mailto:warren.havens@sbcglobal.net]
**Sent:** Tuesday, April 16, 2013 5:07 PM
**To:** David Hill; Audrey Rasmussen
**Cc:** davidlamarhill@msn.com; Jimmy Stobaugh
**Subject:** Re: Request for Conference Call - Confidential

Mr. Hill, Ms. Rasmussen: Re PSI renewal applications File Nos. 0005692843 and 0005692842, Call Signs WXY985 and WHW826: the petition to deny deadline is this Friday, April 19th. In accord with the Settlement purposes (and consistent with the FCC grant of the deferral below), would you agree that Skytel seeks and gets an extension of time (if the FCC grants it) to file petitions to deny of these two renewal applications up to the end of the 3 months deferral period the FCC just granted, and that the FCC not act on these renewals during this period, since if the Settlement actions before the FCC are completed, then these two licenses will be cancelled.

---

**From:** Warren Havens <warren.havens@sbcglobal.net>
**To:** Scot Stone <Scot.Stone@fcc.gov>
**Cc:** John Schauble <John.Schauble@fcc.gov>; David Hill <DHill@HallEstill.com>; Audrey Rasmussen <ARasmussen@HallEstill.com>; "davidlamarhill@msn.com" <davidlamarhill@msn.com>; Jimmy Stobaugh <jstobaugh@telesaurus.com>; Stanislava Kimball <Stanislava.Kimball@fcc.gov>

**Sent:** Tuesday, April 16, 2013 1:52 PM
**Subject:** Re: Request for Conference Call - Confidential

Thank you.

**From:** Scot Stone <Scot.Stone@fcc.gov>
**To:** 'Warren Havens' <warren.havens@sbcglobal.net>
**Cc:** John Schauble <John.Schauble@fcc.gov>; David Hill <DHill@HallEstill.com>; Audrey Rasmussen
<ARasmussen@HallEstill.com>; "davidlamarhill@msn.com" <davidlamarhill@msn.com>; Jimmy Stobaugh
<jstobaugh@telesaurus.com>; Stanislava Kimball <Stanislava.Kimball@fcc.gov>
**Sent:** Tuesday, April 16, 2013 1:45 PM
**Subject:** RE: Request for Conference Call - Confidential

Mr. Havens,

As discussed in the telecon today, the Mobility and Broadband Divisions of the Wireless Telecommunications Bureau will
defer action on pending matters (including matters addressed to the Bureau or the Commission) between PSI/TT and
Skytel for three months to allow implementation of the Settlement and consequent request for withdrawal of the pleadings
in those matters.

Scot Stone
Deputy Chief, Mobility Division
Wireless Telecommunications Bureau

**From:** Warren Havens [mailto:warren.havens@sbcglobal.net]
**Sent:** Tuesday, April 16, 2013 4:15 PM
**To:** Scot Stone
**Cc:** John Schauble; David Hill; Audrey Rasmussen; davidlamarhill@msn.com; Jimmy Stobaugh
**Subject:** Re: Request for Conference Call - Confidential

Mr. Stone,

This summarizes the telecon of today, and requests that you acknowledge by email response the "hold" granted on the call, described
below.

Capitalized terms used herein not defined herein are defined in the email of this morning below.

On the call, the Licensees explained that they had reached a certain Settlement that involves, as before the FCC:
    (1) the three assignment applications identified below, and also involves -- at the time that the FCC grant (or consent) to each of
the three applications has become final (in sum, not subject to any third-party (not Skytel, PSI or TT) challenge, and no longer subject
to any right to timely challenge, and beyond the time that the FCC may reconsider its grant on its own motion, and without any
reversal) --
    (2) PSI cancellation of its AMTS site based licenses except for those within the Southern California partition area in the Verde
Systems and Skybridge partition assignment applications to PSI described below, and
    (3) the Licensees' respective requests to withdraw all of their pleadings and dismiss the requests in the pleadings (formal petitions,
informal requests, etc.) with prejudice as against each other, that is, all Skytel (defined below) companies' challenges against PSI and/
or TT (licenses, qualifications, etc.) and any and all PSI and TT challenges against any of the Skytel companies (licenses,
qualifications, etc.) (the pleadings and pleading requests under this '(3)' together, the "FCC Proceedings").

On the call, the Licensees asked if the FCC would place a hold upon action in the FCC Proceedings during the time needed for items
'(1)' and '(2)' above to be completed (the "Hold") (which the Licensees called a "stay" in the email of this morning below), which
should be in the range of 2-3 months, since upon completion the Licensees will then immediately execute item '(3)' making
unnecessary further FCC action in the FCC Proceedings, but to accept the withdrawals and dismissals.  In this Hold period, the FCC
will accept that Licensees retain their respective pleadings and positions.

While not discussed on the call, to have clarity, the Licensees ask that the Hold period be for three months, to the end of July 16,
2013.

5

Also, if steps '(1)', '(2)' and '(3)' cannot be completed prior to that time, such as due to any third party challenge, then the Licensees will give you a status report and may seek an extension of the Hold period.

Mr. Hill and Ms. Rasmussen have reviewed and approved this email for PSI and TT.

Thank you and Mr. Schauble for your prompt assistance in this matter.

*Warren Havens*
*President, Skybridge Spectrum Foundation | V2G LLC | Environmentel LLC | Verde Systems LLC | Telesaurus Holdings GB LLC | Intelligent Transportation & Monitoring Wireless LLC | Berkeley California | www.scribd.com/warren_havens/shelf | 510 841 2220 x 30 | 510 848 7797 -direct*

**From:** Scot Stone <Scot.Stone@fcc.gov>
**To:** 'Audrey Rasmussen' <ARasmussen@HallEstill.com>
**Cc:** Warren Havens <warren.havens@sbcglobal.net>; Jimmy Stobaugh <jstobaugh@telesaurus.com>; David Hill <DHill@HallEstill.com>; "davidlamarhill@msn.com" <davidlamarhill@msn.com>
**Sent:** Tuesday, April 16, 2013 6:59 AM
**Subject:** RE: Request for Conference Call - Confidential

We can do it at 1:00 Eastern.

**From:** Audrey Rasmussen [mailto:ARasmussen@HallEstill.com]
**Sent:** Tuesday, April 16, 2013 9:26 AM
**To:** Scot Stone
**Cc:** Warren Havens; Jimmy Stobaugh; David Hill; davidlamarhill@msn.com
**Subject:** Request for Conference Call - Confidential

Mr. Stone,

Warren Havens, Jimmy Stobaugh, David Hill and Audrey Rasmussen would like to set up a conference call with you to discuss procedures to request a stay in the litigation proceedings involving, on one side, Warren Havens and various companies he manages ("Skytel") and on the other sidePaging Systems, Inc. and Touch Tel Corp. ("PSI-TT")(Skytel and PSI-TT together, the Licensees").

The Licensees entered a Confidential Settlement Agreement last week which, when fully completed, will resolve all conflicts between them pending before the FCC and the US District Court in New Jersey, in respective litigation actions (the "Settlement"). In connection with the Settlement, the Licensees filed three applications for four total license assignment and partial assignments on April 13, File Nos. 0005733853 (PSI Great Lakes and Hawaii geographic AMTS license assignments to Verde Systems LLC) and 000573474 and 0005735519 (respectively, Verde Systems LLC and Skybridge Spectrum Foundations partition assignments to PSI, in Southern California). The Licensees believe these all should be processed under IAP; however, there was an issue with File No. 0005733853 which is presently being discussed with Kathy Harris.

We would like to discuss with you how to approach such a request to stay the FCC litigation proceedings that are pending at various levels. We will be able to set up a dial in conference call at your convenience today at a convenient time for you.

Thank you for your consideration in this matter.
Audrey Rasmussen

This e-mail message and any attachment thereto is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.
If the recipient or reader of this message is not the intended recipient, you are hereby notified that any dissemination , distribution or copying of this communication is strictly prohibited. If you have received this e-mail communication in error, please notify us immediately by sending a reply e-mail message to the sender. Thank you.
Hall Estill

**EXHIBIT 11**

**Friedman, Kenneth**

**From:** Scot Stone [Scot.Stone@fcc.gov]
**Sent:** Thursday, December 05, 2013 1:51 PM
**To:** 'W. Havens, Skybridge Spectrum Foundation, komå nú griðastaðir'
**Cc:** Stanislava Kimball; David Hill; Jimmy Stobaugh
**Subject:** RE: Requestion for Dismissals: Petition for Reconsideration, Auction No. 61 (DA 05-1047) and Petition for Reconsideration, File Nos. 0002304206; 0002302768

Understood.

**From:** W. Havens, Skybridge Spectrum Foundation, komå nú griðastaðir [mailto:warren.havens@sbcglobal.net]
**Sent:** Thursday, December 05, 2013 2:46 PM
**To:** Scot Stone
**Cc:** Stanislava Kimball; 'David Hill'; Jimmy Stobaugh
**Subject:** Re: Requestion for Dismissals: Petition for Reconsideration, Auction No. 61 (DA 05-1047) and Petition for Reconsideration, File Nos. 0002304206; 0002302768

Mr. Stone:

Petitioners agree with Mr. Hill as to that 2009 Petition for Declaratory Ruling-- i.e., it will not be dismissed.  Thus, Petitioners hereby remove that from Exhibit 1 of their Request for Dismissal of Pleadings filed October 31, 2013.

Regarding all other items on the Exhibit to my submission, Petitioners submit no change.*  (I believe that Mr. Hill, immediately below, did not mean otherwise.)

*  See Petitioners Request for Dismissal of Pleadings, filed October 31, 2013.  In this, see footnote 2 to Exhibit 1 (emphasis added):

> 2   Petitioners only seek to withdraw their pleadings or portions of their pleadings on this list that pertain
> to PSI and Touch Tel and their FCC licenses (including any of their former licenses that have been
> assigned or transferred to third parties, as shown on FCC ULS) challenged by Petitioners. Petitioners are
> not here withdrawing any pleadings or portions of pleadings on this list that pertain to the following
> entities and their FCC licenses: Maritime Communications/Land Mobile LLC, Maritime
> Communications/Land Mobile LLC, Debtor-in-Possession, Mobex Network Services LLC, Mobex
> Communications, Inc., Regionet Wireless License LLC, or any of their predecessors, including but not
> limited to, Orion Telecom and Fred Daniels.

Thank you,
Warren Havens, for Petitioners

**From:** Scot Stone <Scot.Stone@fcc.gov>
**To:** 'David Hill' <DHill@HallEstill.com>; '"W. Havens, Skybridge Spectrum Foundation, komå nú griðastaðir"' <warren.havens@sbcglobal.net>
**Cc:** Stanislava Kimball <Stanislava.Kimball@fcc.gov>; Jimmy Stobaugh <jstobaugh@telesaurus.com>
**Sent:** Thursday, December 5, 2013 10:46 AM
**Subject:** RE: Requestion for Dismissals: Petition for Reconsideration, Auction No. 61 (DA 05-1047) and Petition for Reconsideration, File Nos. 0002304206; 0002302768

Will we be hearing anything from the Petitioners regarding whether they are withdrawing their Request for Dismissal of Pleadings with respect to their Request for Declaratory Ruling?

**From:** David Hill [mailto:DHill@HallEstill.com]
**Sent:** Thursday, December 05, 2013 10:46 AM
**To:** Scot Stone; 'W. Havens, Skybridge Spectrum Foundation, komå nú griðastaðir'
**Cc:** Stanislava Kimball; Jimmy Stobaugh
**Subject:** RE: Requestion for Dismissals: Petition for Reconsideration, Auction No. 61 (DA 05-1047) and Petition for Reconsideration, File Nos. 0002304206; 0002302768

Mr. Stone,

PSI has no objection to the deletion of the Havens 2009 Petition for Declaratory Ruling from the list of pleadings to be dismissed. See Exhibit 1 to dismissal requests. Thus the Declaratory Ruling request would remain pending in its entirety. However, all other pleadings identified in Exhibit 1 are to be dismissed.

Any questions, please let me know.

David Hill

---

**From:** Scot Stone [Scot.Stone@fcc.gov]
**Sent:** Monday, December 02, 2013 3:53 PM
**To:** 'W. Havens, Skybridge Spectrum Foundation, komå nú griðastaðir'; David Hill
**Cc:** Stanislava Kimball; Jimmy Stobaugh
**Subject:** RE: Requestion for Dismissals: Petition for Reconsideration, Auction No. 61 (DA 05-1047) and Petition for Reconsideration, File Nos. 0002304206; 0002302768

Gentlemen:

I have discussed this with our Office of General Counsel, and the conclusion is that we cannot dismiss the Request for Declaratory Ruling solely with respect to PSI, because it requests a ruling of general applicability rather than one applicable only to specific facts, and any statement of what the law is would apply to PSI as much as to any other party.

Consequently, we can dismiss the Request for Declaratory Ruling in its entirety or we can leave it pending in its entirety. We will not take any further action regarding the Request for Dismissal of Pleadings until you have an opportunity to advise us how you wish to proceed.

Scot Stone
Deputy Chief, Mobility Division
Wireless Telecommunications Bureau

---

**From:** W. Havens, Skybridge Spectrum Foundation, komå nú griðastaðir [mailto:warren.havens@sbcglobal.net]
**Sent:** Friday, November 08, 2013 10:43 PM
**To:** Scot Stone
**Cc:** Stanislava Kimball; David Hill; Jimmy Stobaugh
**Subject:** Re: Requestion for Dismissals: Petition for Reconsideration, Auction No. 61 (DA 05-1047) and Petition for Reconsideration, File Nos. 0002304206; 0002302768

Mr. Stone,

FYI, as Mr. Stobaugh explains, this 2009 Decclaratory Ruling was filed with the Secretary's office. However, a copy was emailed to you. I recall discussing this with you soon after the filing to see if you had received the copy. I recall your noting that he had received it or were aware of it.

To be clear, _we do not_ seek dismissal of this as to the entities subject of the Dec Ruling request (parties in the cases in controversy presented) _other than_ PSI and Touchtel (further explained below). That is reflected for the most part in our Oct 31, 2013 (signed by me) Request for Dismissal Pleadings, Exhibit 1, footnote 2:

2.   Petitioners only seek to withdraw their pleadings or portions of their pleadings on this list that pertain to PSI and Touch Tel and their FCC licenses (including any of their former licenses that have been assigned or transferred to third parties, as shown on FCC ULS) challenged by Petitioners. Petitioners are not here withdrawing any pleadings or portions of pleadings on this list that pertain to the following entities and their FCC licenses: Maritime Communications/Land Mobile LLC, Maritime Communications/Land Mobile LLC, Debtor-in-Possession, Mobex Network Services LLC, Mobex Communications, Inc., Regionet Wireless License LLC, or any of their predecessors, including but not limited to, Orion Telecom and Fred Daniels.

As to this Dec Ruling request, and all other pleading listed in Exhibit 1: we do not seek dismissal except as the pleading applies to any parties but for PSI and Touchtel.  Most of the other parties directly subject to some of the pleadings listed in Exhibit 1 are listed in the footnote 2 cited above.  But in the case of this Dec Ruling, there is at least two other party, Radiolink and Randy Power.

In addition, as to this is a Declaratory Ruling request, while it is based on the cases in controversy it presents (involving my companies, and others, in pending court cases based on FCC law involved in the Dec Ruling request), (i) these cases are still pending (the request is not moot), and (ii) the request poses issues that broadly apply -- potentially to all common carriers and parties that may be damaged by a common carrier by violation of or under the Communications Act, and then seek relief in a USDC under 47 USC §§ 206- 207, subject to any applicable preemption under 332.

This, we do not want or Dec Ruling request that this request be dismissed, <u>except as to the case in controversy posed regarding PSI and Touchel</u>.  It is among issues now before the Ninth Circuit court in our case involving Radiolink and Randy Powers (including that the court should seek that the FCC rule on issues in this Dec Ruling Request, whether by responding to this request, or otherwise).  It is also among issues in our NJ USDC case reserved for a possible appeal the Third Circuit.

Please let me know if you have questions on the above.


Thank you,
Warren Havens


**From:** Jimmy Stobaugh <jstobaugh@telesaurus.com>
**To:** Scot Stone <Scot.Stone@fcc.gov>
**Cc:** Stanislava Kimball <Stanislava.Kimball@fcc.gov>; Warren Havens <warren.havens@sbcglobal.net>; David Hill <dhill@hallestill.com>
**Sent:** Friday, November 8, 2013 6:47 PM
**Subject:** Re: Requestion for Dismissals: Petition for Reconsideration, Auction No. 61 (DA 05-1047) and Petition for Reconsideration, File Nos. 0002304206; 0002302768

Mr. Stone,

Attached is a copy of the declaratory ruling request that you have been unable to locate.  As you will see, it was filed with the Secretary's Office in paper.  The complete version with exhibits is over 500 pages.  I am not attaching the exhibits hereto due to file size limitations of the FCC's email server.

As for the 4 applications you list below, Mr. Hill can let you know if PSI will be keeping them pending.  Within the Settlement Agreement, there is no obligation for PSI to cancel the license call signs subject of those applications.  Those licenses are in the Southern California area in which Verde Systems LLC is assigning AMTS geographic B-block spectrum to Paging Systems.  For your information, Mr. Havens's and our companies' challenges to File Nos. 0005335749 and 0004706991 are listed on Exhibit 1 of their Request for Dismissal, and they are not challenging the other two applications, File Nos. 0005641936 and 0005642018.

Regards,
Jimmy Stobaugh

**From:** Scot Stone <Scot.Stone@fcc.gov>
**Date:** Friday, November 8, 2013 2:20 PM
**To:** "<W. Havens>", "<Skybridge Spectrum Foundation>", Warren Havens <warren.havens@sbcglobal.net>, David Hill <dhill@hallestill.com>
**Cc:** Jimmy <jstobaugh@telesaurus.com>, Stanislava Kimball <Stanislava.Kimball@fcc.gov>
**Subject:** RE: Requestion for Dismissals: Petition for Reconsideration, Auction No. 61 (DA 05-1047) and Petition for Reconsideration, File Nos. 0002304206; 0002302768

Gentlemen:

In going through our records, I'm having trouble locating this pleading:
Declaratory Ruling Request October 14, 2009

Petitioners filed a Request for
Declaratory Ruling with the FCC
concerning certain AMTS facts
related to the California state case,
Complaint No. CIV-463985 on 10/14/2009.
Can you send me a copy so that I can figure out where it would be if we have it? If we don't have it, I will notify the parties to that effect and we won't need to dismiss it.

Also, do I correctly understand that the following PSI applications have intentionally been left pending with the expectation that they will be processed unopposed?

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 0005335749 | WHU919 | PAGING SYSTEMS INC | 0001546423 | Renewal/Modification | MC | 08/02/2012 | Pending |
| 0005641936 | WHX782 | Paging Systems, Inc. | 0001546423 | Renewal/Modification | MC | 02/11/2013 | Pending |
| 0005642018 | WHX281 | Paging Systems, Inc. | 0001546423 | Renewal/Modification | MC | 02/11/2013 | Pending |
| 0004706991 | WHG660 | Paging Systems, Inc. | 0001546423 | Renewal Only | MC | 04/27/2011 | Pending |

Thanks.

Scot Stone
Deputy Chief, Mobility Division
Wireless Telecommunications Bureau

**From:** W. Havens, Skybridge Spectrum Foundation, komå nú griðastaðir [mailto:warren.havens@sbcglobal.net]
**Sent:** Saturday, November 02, 2013 9:47 AM
**To:** Scot Stone; Jeff Tobias
**Cc:** David Hill; Jimmy Stobaugh
**Subject:** Re: Requestion for Dismissals: Petition for Reconsideration, Auction No. 61 (DA 05-1047) and Petition for Reconsideration, File Nos. 0002304206; 0002302768

Post-filing informal note:

The attached is same Exhibit1 as in the filing transmitted by the immediately below email, but with some formatting, red underlining, added to make more clear what dates connect to what filings, etc.

I will also file this attachment now under the lead File, No. 0001883916 for convenience.

- W Havens

**From:** "W. Havens, Skybridge Spectrum Foundation, komå nú griðastaðir" <warren.havens@sbcglobal.net>
**To:** "scot.stone@fcc.gov" <scot.stone@fcc.gov>; "Jeff.Tobias@fcc.gov" <Jeff.Tobias@fcc.gov>
**Cc:** David Hill <DHill@HallEstill.com>; Jimmy Stobaugh <jstobaugh@telesaurus.com>
**Sent:** Friday, November 1, 2013 10:55 PM

**Subject:** Re: Requestion for Dismissals: Petition for Reconsideration, Auction No. 61 (DA 05-1047) and Petition for Reconsideration, File Nos. 0002304206; 0002302768

**Mr. Stone and Mr. Tobias,**

Attached is a <u>Request for Dismiss of Pleadings</u>, with a certification, under §1.935, by myself and my companies, listed below.

I also attach the ULS confirmation of this Request filing which lists the File Numbers and Call Signs under which this Request was submitted.

This Request is the 'companion' or 'matching' §1.935 pleading and certification to those sent to you below by Mr. Hill for PSI and Touchtel.

<u>Erratum</u>:  On pages 3 and 8, under the same par. '(1) (b)',  in the phrase "...and related **to** the concurrent...",  a *comma* should be inserted after the word "**to**".
- To make that one-character change and file again on ULS would mean entering again a few hundred File Numbers and Call Signs, and would complicate the record.
- Thus, I request that you accept this Errata by this email.
- In addition, by a copy of this email, filed as a pleading, I will place this <u>Errata</u> under the lead File Number in Exhibit 1 of the attached filing, File No. 0001883916.

If you have any questions, please let me know and cc Mr. Stobaugh and Mr. Hill.

Respectfully,
/s/
**Warren Havens**
President - Skybridge Spectrum Foundation | ATLIS Wireless LLC | V2G LLC | Environmentel LLC | Verde Systems LLC | Telesaurus Holdings GB LLC | Intelligent Transportation & Monitoring Wireless LLC | Berkeley California | 510 841 2220  | 510 848 7797 - direct |

**From:** David Hill <<u>DHill@HallEstill.com</u>>
**To:** "<u>scot.stone@fcc.gov</u>" <<u>scot.stone@fcc.gov</u>>; "<u>Jeff.Tobias@fcc.gov</u>" <<u>Jeff.Tobias@fcc.gov</u>>
**Cc:** "W. Havens, Skybridge Spectrum Foundation, komâ nú griðastaðir" <<u>warren.havens@sbcglobal.net</u>>; Jimmy Stobaugh <<u>jstobaugh@telesaurus.com</u>>
**Sent:** Friday, November 1, 2013 9:28 AM
**Subject:** Requestion for Dismissals: Petition for Reconsideration, Auction No. 61 (DA 05-1047) and Petition for Reconsideration, File Nos. 0002304206; 0002302768

Gentlemen:
These Requests for Dismissal of Petitions for Reconsideration were filed with the FCC today.  The Auction No. 61 Request for Dismissal was filed through the FCC Secretary's Office because it did not have a file number.  If there are any questions, please let us know.
Thank you.

HALL
ESTILL
ATTORNEYS AT LAW

2000 M Street, NW
Suite 520
Washington, D.C. 20036
P:(202)973-1210; F:(202) 973-1212

**EXHIBIT 12**



# Federal Communications Commission
## Washington, D.C. 20554

December 6, 2013

Warren C. Havens
2509 Stuart Street
Berkeley, CA 94705

Audrey P. Rasmussen
David Hill
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
2000 M Street, NW
Suite 520, North Building
Washington, DC 20036-3406

Re:     Request for Withdrawal and Dismissal of Pleadings

Dear Ms. Rasmussen and Messrs. Havens and Hill:

This letter addresses requests filed by Warren Havens, Skybridge Spectrum Foundation, Verde Systems LLC, Environmentel LLC, Intelligent Transportation & Monitoring Wireless LLC, Telesaurus Holdings GB LLC, Environmentel-2 LLC, V2G LLC, and ATLIS Wireless LLC (collectively "Havens Petitioners") and Paging Systems Inc. (PSI) and TouchTel Corp. (TT) (collectively "PSI-TT") for the dismissal of numerous pending pleadings. For the reasons set forth herein, we grant the requests as set forth below.

Since 2006, the Havens Petitioners[1] have filed pleadings challenging various PSI-TT licenses and applications, and PSI-TT filed pleadings seeking review of actions taken in Auction No. 61 that resulted in the grant of licenses to Havens Petitioners. On November 1, 2013, the Havens Petitioners filed a Request for Dismissal of Pleadings[2] and PSI-TT filed requests to withdraw their pending pleadings relating to Auction No. 61,[3] pursuant to Section 1.935(a) of the Commission's Rules.[4]

The Havens Petitioners and PSI-TT explain that they seek to withdraw their pleadings because they have entered into an agreement to settle their disputes pending before the Commission and in federal

---

[1] Some pleadings were filed by subsets of the Havens Petitioners and/or by additional Havens-affiliated entities.

[2] Request for Dismissal of Pleadings (filed Nov. 1, 2013, errata versions filed Nov. 1 and 2, 2013, amended Dec. 5, 2013) (Havens Request). The pleadings are listed in Exhibit 1 of the Havens Request. *See* Havens Request, Exhibit 1.

[3] Request for Dismissal of Petition for Reconsideration (filed Nov. 1, 2013) (PSI-TT DA 06-1581 Request); Request for Dismissal of Petition for Reconsideration, First and Second Supplements and Requests for Leave to File Supplements to Petition for Reconsideration (filed Nov. 1, 2013) (PSI-TT DA 10-1242 Request). The PSI-TT DA 10-1242 Request specifically seeks dismissal of (1) Petition for Reconsideration (filed May 23, 2005), (2) First and Second Supplements (filed Aug. 26, 2005), and (3) Requests for Leave to File Supplements to Petition for Reconsideration (filed June 16, 2006). These pleadings have been denied and/or dismissed, and thus are no longer pending. *See* Paging Systems, Inc., *Order on Reconsideration*, DA 10-1242, 25 FCC Rcd 8476, 8482 ¶¶ 19-20 (WTB 2010). On July 30, 2010, PSI filed an Application for Review of that action. Therefore, we will treat the PSI-TT DA 10-1242 Request as a request for dismissal of the June 30, 2010 Application for Review.

[4] 47 C.F.R. § 1.935(a).

court.[5]  The requests include sworn declarations under penalty of perjury certifying that neither the Havens Petitioners, PSI, TT, nor their principals have received or will receive any money or consideration other than the mutual promises spelled out in the Settlement Agreement.[6]

We have reviewed the requests and find that they raise no substantial or material question of fact under Section 309(d) of the Communications Act, as amended.[7]  We also find that the requests comply with Section 1.935.  Accordingly, we grant the requests and dismiss with prejudice the following pleadings and all related pleadings:[8]

Pleadings filed by PSI and/or TT:

-Petition for Reconsideration of DA 06-1581, (filed September 5, 2006), File Nos. 0002304206, 0002302769

-Application for Review of DA 10-1242, (filed July 30, 2010), Auction 61

Pleadings filed by Havens Petitioners:

-Application for Review (filed June 23, 2006), File No. 0001883916, Auction 57

-Application for Review (filed April 9, 2007), File No. 0002296956, Auction 61

-Application for Review (filed April 9, 2007), File No. 0002257822, Call Sign WHG545

-Petition for Reconsideration (filed November 13, 2009), File No. 0003981232, Call Signs WPVE245-253, WPVE255-265, WPVE271-280, WPVE282-291, WPZG955-967

---

[5] *See* Havens Request at 2; PSI-TT DA 06-1581 Request at 2; PSI-TT DA 10-1242 Request at 2.

[6] Havens Request at 3-4 and 12 (Certification of Warren Havens); PSI-TT DA 06-1581 Request at 4-5 (Certification of Susan Cooper, President, Paging Systems, Inc. and Certification of Robert Cooper, President, Touch Tel Corp.); PSI-TT DA 10-1242 Request at 4-5 (Certification of Susan Cooper, President, Paging Systems, Inc. and Certification of Robert Cooper, President, Touch Tel Corp.)  Warren Havens's certification further states that the material consideration in the Settlement Agreement is "(i) the cancellation of certain PSI single-site Automated Maritime Telecommunications System ("AMTS") licenses, and (ii) the exchange of two geographic licenses from PSI for a portioned geographic licenses of a Petitioner in the Los Angeles market as described in FCC File Nos. 0005733853; 0005735519; and 0005735519; and (iii) . . . the dismissal of the court case in the New Jersey US District Court . . . ." Havens Request at 12.  Susan Cooper's and Robert Cooper's certifications further state that the material consideration in the Settlement Agreement is "the cancellation of single site Automated Maritime Telecommunications System ("AMTS") licenses and the exchange of two geographic licenses from PSI for a partitioned geographic license in the Los Angeles market as described in FCC File Nos. 0005733853; 0005735474; and 0005735519." PSI-TT DA 06-1581 Request at 3 and 4; PSI-TT DA 10-1242 Request at 3 and 4.

[7] 47 U.S.C. § 309(d).

[8] The Havens Petitioners' Petition for Reconsideration of Grant of Application File No. 0004768230 and Petitions to Deny Applications FCC File Nos. 0004723267, 0004723799, 0004737618, 0004744089, 0004746159, and 0004902761 were dismissed as moot in a separate action. *See* Letter dated November 12, 2013 from Scot Stone, Deputy Chief, Mobility Division, Wireless Telecommunications Bureau to Warren C. Havens.

Warren C. Havens, Audrey P. Rasmussen, & David Hill                                      Page 3

-Petition for Reconsideration (filed December 16, 2009), File Nos. 0002647326, 0003872179, 0004009815, 0004009827, and 0004009834, Call Signs WHT743, WNEK514, WNTF895

-Application for Review (filed November 22, 2010), File Nos. 0002835860, 0003346539-0003346549, 0003377812-0003377814, 0003377819, 0003377822, 0003483180-0003483182, 0003545554, 0003795661, 0004259981-0004259986, Call Signs WNUB735, KNKJ881, KNKL530, KNKM280, KNKM298-300, KNKM302, KNKM304, KNKM379, KNKM636, KPE202, KMD992, KNKG608, KNKD868, KNKI684, KNKJ532, KNGF892, KNGT867, WPDD838, WPDH829, KNLM677, WPQM994-999

-Petition for Reconsideration (filed November 22, 2010), File Nos. 0002835860, 0003346539-0003346549, 0003377812-0003377814, 0003377819, 0003377822, 0003483180-0003483182, 0003545554, 0003795661, 0004259981-0004259986, Call Signs WNUB735, KNKJ881, KNKL530, KNKM280, KNKM298-300, KNKM302, KNKM304, KNKM379, KNKM636, KPE202, KMD992, KNKG608, KNKD868, KNKI684, KNKJ532, KNGF892, KNGT867, WPDD838, WPDH829, KNLM677, WPQM994-999

-Petition to Deny (filed April 8, 2011), File Nos. 0004635534, 0004641181, Call Sign WQA216, WQA220

-Petition to Deny (filed May 6, 2011), File Nos. 0004668319, 0004679018, 0004687200, Call Signs, WQA221, WQA222, WQA227

-Petition to Deny (filed May 27, 2011), File No. 0004697887, Call Sign WHD866

-Petition to Deny (filed June 3, 2011), File No. 0004706991, Call Sign WHG660

-Application for Review (filed January 9, 2012), File Nos. 0002925303, 0002925304, 0004439316, 0004445768, Call Signs WPKC922-923, WNGR945, WNGM656

-Petition for Reconsideration (filed January 9, 2012), File Nos. 0004573759, 0004573760, 0004726756, Call Signs WNTF429 and WCP885

-Petition to Deny (filed March 9, 2012), File No. 0005059114, Call Sign WNTF429

-Application for Review (filed May 16, 2012), File No. 0004687226, Call Sign WNTA626

-Petition for Reconsideration (filed August 15, 2012), Call Signs WQA216, WQA221, WQA227, WQA212, KYW912, WHV826[9]

-Petition to Deny (filed September 7, 2012), File No. 0005335749, Call Sign WHU919

-Informal Request (filed September 12, 2012), Call Sign WHX782

-Application for Review (filed February 25, 2013), File Nos. 0004757182, 0005068796, 0004800336, 0004825560, Call Signs WQMF673, WPDD838, WPSZ434

---

[9] This pleading is dismissed only in part. It remains pending with respect to Call Sign WRV374.

Warren C. Havens, Audrey P. Rasmussen, & David Hill                                    Page 4

-Petition for Reconsideration (filed July 15, 2013), Call Signs KCE394, KTD434, KYW912, KZV690, WHD866, WHD878, WHG545, WHU559, WHV362, WHW244, WHW296, WHW396, WHW826, WHW830, WQA207, WQA212, WQA216, WQA220, WQA221, WQA222, WQA227, WQA231, WXY985, WXZ407[10]

We also dismiss in part as moot the Havens Petitioners' Informal Request (filed September 6, 2012), Call Sign KYW912, due to the fact that PSI's request to cancel its license for Station KYW912 was granted on August 7, 2013.[11]

Accordingly, IT IS ORDERED, pursuant to Sections 0.331 and 1.935 of the Commission's Rules, 47 C.F.R. §§ 0.331, 1.935, that the Request for Dismissal Of Pleadings, filed on November 1, 2013 by Warren Havens, Skybridge Spectrum Foundation, Verde Systems LLC, Environmentel LLC, Intelligent Transportation & Monitoring Wireless LLC Telesaurus Holdings GB LLC, Environmentel-2 LLC, V2G LLC, and ATLIS Wireless LLC; the Request for Dismissal of Petition for Reconsideration filed on November 1, 2013 by Paging Systems Inc. and Touch Tel Corp.; and the Request for Dismissal of Petition for Reconsideration, First and Second Supplements, and Requests for Leave to File Supplements to Petition for Reconsideration filed on November 1, 2013, by Paging Systems, Inc. and Touch Tel Corp., ARE GRANTED and the subject pleadings ARE DISMISSED as set forth above.

FEDERAL COMMUNICATIONS COMMISSION

Scot Stone
Deputy Chief, Mobility Division
Wireless Telecommunications Bureau

for John Schauble
Deputy Chief, Broadband Division
Wireless Telecommunications Bureau

Gary Michaels
Deputy Chief, Auction and Spectrum Access Division
Wireless Telecommunications Bureau

cc:     Dennis Brown
        8124 Cooke Court, Suite 201
        Manassas, VA 20109-7406

---

[10] This pleading is dismissed only in part. It remains pending with respect to licenses held by Maritime Communications/Land Mobile LLC.

[11] This pleading remains pending with respect to Call Sign WRV374.