**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WARREN HAVENS et al., | |
| *Plaintiffs*, | Civ. No. 11-993 (KSH) (CLW) |
| v. | |
| MOBEX NETWORK SERVICES, LLC, et al., | **OPINION** |
| *Defendants*. | |

**Katharine S. Hayden, U.S.D.J.**

Plaintiff Warren Havens has filed a letter *pro se* [D.E. 219] requesting partial reconsideration of the Court's March 20, 2014 order, insofar as it denied what was styled as a cross-motion filed through counsel on his behalf under Fed. R. Civ. P. 56(d) to compel discovery.[1] [*See* D.E. 206.] He argues that reconsideration is warranted on the ground of a factual mistake; that is, that the Court overlooked the fact that the cross-motion was pending when the final pretrial order was entered. The Court will deny this request for the reasons below.

"The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Grossberger v. Saldutti*, 834 F. Supp. 2d 209, 216 (D.N.J. 2012) (Simandle, J.) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). In this connection, the movant must "set[] forth concisely the matter or controlling decisions which the

---

[1] The Court notes Havens is in the process of obtaining new counsel under a specific timeframe. [D.E. 217.] The Court notes too that Havens represented to the Court at least as early as August 2013, both through his own declaration and through a Washington, D.C.-based law firm whose attorneys are not admitted before this Court, that he was seeking new counsel. [D.E. 190; D.E. 190-1.] Indeed, he claimed to have been "actively pursuing the retention of new counsel in this proceeding." [D.E. 190-1 at ¶ 9.]

1

party believes the Judge or Magistrate Judge *has overlooked.*" L. Civ. R. 7.1(i) (emphasis added). This concept of the Court "overlooking" fact or law is key: "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (Debevoise, J.).

Substantively, the movant's argument must rest on one of three grounds: that "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Grossberger v. Saldutti*, 834 F. Supp. 2d at 216 (quoting *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004)). Havens's request is limited to the third ground, under which "the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 77-78 (D.N.J. 2013) (Simandle, J.) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

The application before the Court confines itself to timing issues: the Court overlooked that the final pretrial conferences were held, and the final pretrial order ("FPTO") was entered, after the Rule 56(d) cross-motion was filed. But this argument ignores the purpose of a FPTO, which is to resolve outstanding issues. To the extent that the cross-motion represented an outstanding issue, the FPTO, entered subsequently, speaks.

What is more, the mere mention of the pending motion in the FPTO does not satisfy the requirements for relief under Rule 56(d). Under Rule 56(d),[2] "[i]f a nonmovant shows by affidavit

---

[2] "As part of a general restyling of the Federal Rules of Civil Procedure in December 2007, the language of Rule 56(f) was amended and incorporated into Rule 56(d)." *Pa., Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 n.3 (3d Cir. 2012). The substance remains the same. *Id.*

2

or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The declaration or affidavit required by the rule "must specify: (1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not been previously obtained." *Duran v. Warner*, No. 07-5994, 2013 WL 4483518, at *5 (D.N.J. Aug. 20, 2013) (Simandle, J.) (citing *Sebelius*, 674 F.3d at 157).

As the rule states, the required material must be provided in the form of an affidavit or declaration, not, as here, by way of argument in plaintiffs' brief. This alone warrants denial of the request. *See Bradley v. United States*, 299 F.3d 197, 206-07 (3d Cir. 2002); *Dowling v. City of Phila.*, 855 F.2d 136, 140 (3d Cir. 1988); *Falcone v. Columbia Pictures Indus., Inc.*, 805 F.2d 115, 117 n.2 (3d Cir. 1986).

More critically, Rule 56(d) motions are not meant to serve as a second bite at discovery. A party relying on the rule must make a specific showing and must connect what it wants to what matters to the Court's evaluation of a pending summary judgment motion. Overly broad, vague requests untethered to the particular elements in play and that "are more akin to a fishing expedition designed to delay litigation" do not suffice. *Duran*, 2013 WL 4483518, at *5. *See also S. Jersey Gas Co. v. Mueller Co.*, No. 09-4194, 2010 WL 2160060, at *6 (D.N.J. May 26, 2010) (Kugler, J.) (denying relief where, *inter alia*, plaintiff "would use [the rule] to go on a nationwide fishing expedition" of non-party companies, with the hope of finding material to overcome a statute-of-limitations argument), *aff'd in relevant part*, 429 F. App'x 128 (3d Cir. 2011). Rule 56(d) applications have been appropriately entertained where discovery requests for information within

3

a summary judgment movant's exclusive control have gone unanswered. But here, Havens has made a broad-brush attack on the defendant's discovery compliance without providing specifics.

Granting relief under Rule 56(d) prevents hasty decisions based on papers seeking a non-trial disposition. *See S. Jersey Gas Co.*, 2010 WL 2160060, at *5. Nothing hasty happened here: there have been extensive pretrial proceedings including fully briefed motion practice on a motion to dismiss that was initially decided in December 2011 [D.E. 30; D.E. 31], and reconsideration as to which was denied in August 2012 [D.E. 98; D.E. 99]; at least eleven pretrial scheduling orders; and final pretrial conferences leading to the entry of the FPTO. The eleventh amended pretrial scheduling order contemplated no further presentation of discovery disputes beyond what was explicitly addressed within it, so at the time the Rule 56(d) cross motion was filed discovery was definitively closed. [*See* D.E. 163.] Havens's present application ignores the obvious: this Court has set down a bench trial. The relief he seeks would delay trial or circumvent the boundaries of discovery gathered in anticipation of trial. His application is without merit and the Court denies it.

Date: April 8, 2014

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.