Kenneth D. Friedman, Esq.
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
Telephone: (212) 790-4500
*Attorneys for Defendants*
*Paging Systems, Inc. and Touch Tel Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN HAVENS, SKYBRIDGE SPECTRUM FOUNDATION, a Delaware nonprofit corporation; TELESAURUS VPC, LLC, a Delaware limited liability company; AMTS CONSORTIUM, LLC, a Delaware Limited Liability Company; INTELLIGENT TRANSPORTATION & MONITORING, LLC, a Delaware Limited Liability Company; and TELESAURUS GB, LLC, a Delaware Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> MOBEX NETWORK SERVICES, LLC, a Delaware Limited Liability Company; MOBEX COMMUNICATIONS, INC., a Delaware corporation; MARITIME COMMUNICATIONS/LAND MOBILE, LLC, a Delaware Limited Liability Company; PAGING SYSTEMS, INC., a California Corporation; TOUCH TEL CORPORATION, a California corporation; and JOHN DOE Nos. 1-20, <br><br> Defendants. | Civil Action No. 2:11-CV-00993-KSH-CW <br><br> **Motion Returnable: May 19, 2014** <br><br><br> **CERTIFICATION OF KENNETH D. FRIEDMAN** |

KENNETH D. FRIEDMAN, of full age, herby certifies as follows:

1. I am an attorney at law, licensed to practice in the State of New Jersey and before this Court, and a partner at Manatt, Phelps & Phillips, LLP, attorneys for defendants Touch Tel Corporation ("Touch Tel") and Paging Systems, Inc. ("Paging Systems") in this action.

2. I make this Certification in support of Touch Tel's motion to quash trial subpoenas to Robert Cooper and David Kling issued by defendant Maritime Communications/Land Mobile, LLC ("Maritime") and for sanctions.

3. Mr. Cooper is the President of Touch Tel, and resides in Northern California. He is employed by Touch Tel at its offices in Burlingame, California.

4. Mr. Kling, Touch Tel's chief engineer, also resides in Northern California and is also employed by Touch Tel at its offices in Burlingame, California.

5. Neither Mr. Cooper nor Mr. Kling regularly transacts business in person in the State of New Jersey.

6. On March 21, 2013, plaintiffs took Mr. Cooper's deposition in this action at my firm's offices in Palo Alto, California. The previous day, March 20, 2013, plaintiffs had taken Mr. Kling's deposition, also at my firm's offices in Palo Alto, California. Maritime's counsel appeared at both depositions by telephone, and had a full and unfettered opportunity to ask questions of each witness.

7. On April 8, 2013, Plaintiffs, on the one hand, and Paging Systems and Touch Tel, on the other, entered into a binding, written agreement to settle all claims between them regarding their AMTS licensing disputes. The consummation of that settlement was contingent upon FCC approval of certain of the transactions agreed by the settling parties.

8. On April 22, 2013, Maritime filed a motion for summary judgment (D.E. 169) asking the court to dismiss plaintiffs' remaining claim in this action as a matter of law.

9. On June 6, 2013, a pretrial conference was conducted in this action. I attended that conference because the FCC approvals upon which the settlement between plaintiffs and Touch Tel/Paging Systems was contingent had not yet been obtained. On that date, Maritime's

counsel purported to serve the subject trial subpoenas to Robert Cooper and David Kling by handing an envelope containing those subpoenas, along with a cover letter, to me in the hallway outside of MLK Courtroom 4C. A true and correct copy of the subpoena to Robert Cooper delivered to me on June 6, 2013 is annexed hereto as **Exhibit 1.** A true and correct copy of the Subpoena to David Kling delivered to me on June 6, 2013 is annexed hereto as **Exhibit 2.**

10. The subpoenas handed to me on June 6, 2013 did not state a specific date and time that the witnesses were to attend and testify. Instead, the box on the face of each subpoena for the date and time each witness was to appear and testify was marked "TBD." *Id.*

11. In an order dated March 20, 2014 (D.E. 206), Maritime's motion for summary judgment was denied. Plaintiffs and Maritime were directed to appear for a bench trial on the issues raised by Maritime's motion for summary judgment on May 20-22, 2014. The same day (March 20, 2014) a pretrial conference was set for April 1, 2014 (D.E. 208) to discuss the conduct of the bench trial.

12. On March 21, 2014, Maritime's counsel delivered a letter to me, via email, that purported to amend the trial subpoenas to Messrs. Cooper and Kling that were handed to me on June 6, 2013 "to reflect the new trial dates" established in the Order denying Maritime's motion for summary judgment. A true and correct copy of Maritime's counsel's letter to me dated March 21, 2014 is annexed hereto as **Exhibit 3.**

13. On March 28, 2014, I sent correspondence to Maritime's counsel objecting to the trial subpoenas on the grounds that they are defective and unenforceable, and requesting that they be "voluntarily withdrawn by Maritime without need for judicial intervention." A true and correct copy of my March 28, 2014 letter to Maritime's counsel is annexed hereto as **Exhibit 4.**

14. In my March 28 letter I advised Maritime's counsel that I had been authorized by Touch Tel, "one of two settled defendants that I represent in this case (the other being Paging Systems, Inc.), to represent Mr. Cooper, Touch Tel's President, and Mr. Kling, an employee of Touch Tel, with respect to Maritime's subpoenas." *Id.*

15. My March 28 letter laid out in great detail the numerous defects in Maritime's subpoenas including that they: (i) had not been personally delivered to the witnesses, (ii) violated the geographical limitations of Rule 45; and (iii) suffered from several other procedural defects. *Id.* I also reminded Maritime's counsel that the individuals named in the subpoenas had both been deposed in this action and, recognizing that those transcripts had been designated "Confidential" pursuant to the Discovery Confidentiality Order entered in this action (D.E. 57), offered to "consider de-designating those portions of the transcripts of interest to Maritime to facilitate their use at trial." *Id.*

16. Maritime's counsel responded to my March 28, 2014 letter the same day, by email stating that the subpoenas would not be withdrawn. A true and correct copy of Maritime's counsel's March 28, 2014 email to me is annexed hereto as **Exhibit 5.**

17. I attended the pretrial conference on April 1, which also took up plaintiff's counsel's renewed motion to withdraw. At that time I met and conferred with Maritime's counsel and again requested that the two subpoenas be voluntarily withdrawn for the reasons stated in my March 28 letter. Maritime's counsel again stated that his client would not withdraw the two subpoenas, prompting this motion.

I certify that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Executed in New York, New York
on this 25th day of April, 2014

                                      /s/ *Kenneth D. Friedman*
                                        Kenneth D. Friedman

312129260.1

**EXHIBIT 1**

AO 88 (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| SKYBRIDGE SPECTRUM FOUNDATION, et al.<br>*Plaintiff*<br>v.<br>MOBEX NETWORK SERVICES, LLC, et al.<br>*Defendant* | Civil Action No. 2:11-cv-00993 (KSH)(CW) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Mr. Robert Cooper (defendants Paging Systems, Inc. and Touch-Tel Corp.) c/o Kenneth Friedman, Esq.

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: United States District Court, District of New Jersey<br>Frank R. Lautenberg U.S.P.O. & Courthouse Bldg. | Courtroom No.: 5 |
|---|---|
| | Date and Time: TBD |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 06/06/2013

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___defendant___
___Maritime Communications/Land Mobile LLC___, who issues or requests this subpoena, are:
Robert W. Mauriello, Jr., Esq., Graham Curtin, PA, 4 Headquarters Plaza, Morristown, NJ 07962-1991
rmauriello@grahamcurtin.com, 973-401-7119

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information;
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
    (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT 2**

AO 88 (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| SKYBRIDGE SPECTRUM FOUNDATION, et al.<br>*Plaintiff*<br>v.<br>MOBEX NETWORK SERVICES, LLC, et al.<br>*Defendant* | )<br>)<br>)  Civil Action No. 2:11-cv-00993 (KSH)(CW)<br>)<br>) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Mr. David Kling (defendants Paging Systems, Inc. and Touch-Tel Corp.) c/o Kenneth Friedman, Esq.

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: United States District Court, District of New Jersey<br>Frank R. Lautenberg U.S.P.O. & Courthouse Bldg. | Courtroom No.: 5 |
|---|---|
| | Date and Time: TBD |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 06/06/2013

CLERK OF COURT

OR

_____            _____/s/_____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___defendant___
Maritime Communications/Land Mobile LLC , who issues or requests this subpoena, are:
Robert W. Mauriello, Jr., Esq., Graham Curtin, PA, 4 Headquarters Plaza, Morristown, NJ 07962-1991
rmauriello@grahamcurtin.com, 973-401-7119

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT 3**



# GRAHAM CURTIN
*A Professional Association*

Robert W. Mauriello, Jr.
Direct Dial 973-401-7119
rmauriello@GrahamCurtin.com

March 21, 2014

<u>By Electronic Mail</u>

Kenneth D. Friedman, Esq.
Manatt Phelps & Phillips, LLP
7 Times Square
New York, New York 10036

    Re:    Skybridge Spectrum Foundation, et al.
             v. Mobex Network Services., LLC, et al.
             <u>Civil Action No.: 11-cv-00993 (KSH)(CLW)</u>

Dear Ken:

      As you know, the trial in this action has been set for May 20, 21 and 22, 2014. The trial notices that I previously served upon you for your clients, Mr. Robert Cooper and Mr. David Kling, are hereby amended by this letter to reflect the new trial dates. As you may recall, these trial notices were hand delivered to you on June 6, 2013.

      Of course, should you have any questions, please do not hesitate to call me.

                          Very truly yours,

                          Robert W. Mauriello, Jr.

RWM:ems

cc:    R.N. Tendai Richards, Esq. (by electronic mail)

**EXHIBIT 4**



**manatt | phelps | phillips**

Kenneth D. Friedman
Manatt, Phelps & Phillips, LLP
Direct Dial: (212) 830-7184
E-mail: kfriedman@manatt.com

March 28, 2014

Client-Matter: 40480-061

**BY REGULAR AND
ELECTRONIC MAIL**

Robert W. Mauriello, Esq.
Graham Curtin, PA
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
rmauriello@grahamcurtin.com

Re:   *Havens v. Mobex Network Servs., LLC*, 2:11-cv-993-KSH-CLW

Dear Rob:

Please accept this letter in lieu of a more formal objection to the trial subpoenas to Mr. Robert Cooper and Mr. David Kling issued on behalf of Maritime Communications/Land Mobile LLC ("Maritime"), originally without date for appearance and purportedly amended by your letter of March 21, 2014 to "reflect" the dates for the bench trial in the above-referenced action established by the Court's Order dated March 20, 2014 (ECF No. 206). As explained below, the subpoenas are defective, unenforceable, and should be voluntarily withdrawn by Maritime without need for judicial intervention.

As an initial matter, I have been authorized by Touch Tel Corporation ("Touch Tel"), one of two settled defendants that I represent in this case (the other being Paging Systems, Inc.), to represent Mr. Cooper, Touch Tel's President, and Mr. Kling, an employee of Touch Tel, with respect to Maritime's subpoenas.

The subject subpoenas were not served on Messrs. Cooper and Kling. Instead, they were hand-delivered to me on June 6, 2013 in the King Fed. Bldg. & U.S. Courthouse in Newark. No action was taken with respect to the subpoenas at that time because they did not command the witnesses' attendance on a specific date and time (the Date and Time for the witnesses to appear was set forth as "TBD") and, as such, were unenforceable. The fact that the witnesses have not been served, however, is but one of a myriad of defects requiring that the subpoenas be withdrawn in keeping with the issuing party's affirmative duty to avoid imposing undue burden or expense. *See* Fed. R. Civ. P. 45(d)(1).

The primary defect warranting withdrawal is that the subpoenas violate the geographical limits of Rule 45(c). That section states that "[a] subpoena may command a person to attend a trial, hearing or deposition <u>only</u> as follows:



Robert W. Mauriello, Esq.
March 28, 2014
Page 2

> (A) within 100 miles of where the person resides, is employed or regularly transacts business in person; or
> (B) within the state where the person resides, is employed or regularly transacts business in person, if the person
>   (i) is a party or a party's officer; or
>   (ii) is commanded to attend a trial and would not incur substantial expense."

Fed. R. Civ. P. 45(c)(1) (emphasis supplied).

Under the Rule, then, Messrs. Cooper and Kling cannot be compelled to attend trial in the District of New Jersey: they are both residents of the State of California, are both employed in the State of California; both regularly transact business in person in the state of California; and neither Mr. Cooper nor Mr. Kling regularly transacts business in person in the State of New Jersey.

The violation of the geographical limitation is reason enough to withdraw the subpoenas without requiring a court order, which will be granted based on the mandatory nature of Rule 45(d), which states that the court "must" quash a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii). They are unenforceable on several other grounds, however, each of which also warrant their withdrawal:

- they do not state the court from which they issued as required by Fed. R. Civ. P. 45(a)(1)(A)(i);
- they do not set out the text of Rule 45(d) and (e) as required by Fed. R. Civ. P. 45(a)(1)(A)(iv);
- they were not delivered to the named persons as required by Fed. R. Civ. P. 45(b)(1); and
- the fees for 1 day's attendance and the mileage allowed by law were not tendered as required by Fed. R. Civ. P. 45(b)(1).

For all these reasons, then, we respectfully ask Maritime to formally withdraw its subpoenas to Messrs. Cooper and Kling. As you know, both men were deposed in this action. Maritime participated in those depositions and had a full and fair opportunity to examine each witness on matters relevant to this dispute. In situations like this one, where witnesses cannot be compelled to attend a trial because of the geographical limitations specified in Rule 45(c), the Rules expressly provide that deposition testimony may be used at trial. *See* Fed. R. Civ. P. 32(a)(4)(D) (permitting the deposition of a witness to be used for "any purpose" where "the party



Robert W. Mauriello, Esq.
March 28, 2014
Page 3

offering the deposition could not procure the witness's attendance by subpoena"). To that end, while Messrs. Cooper's and Kling's depositions were designated "Confidential" pursuant to the Discovery Confidentiality Order entered in this action (ECF No. 57), and certain testimony was designated "Attorney's Eyes Only," we are willing to consider de-designating those portions of the transcripts of interest to Maritime to facilitate their use at trial.

As noted above, those employing subpoenas have an affirmative duty to take reasonable steps to avoid imposing undue burden and expense. *See* Fed. R. Civ. P. 45(d)(1). The only reasonable step here, in light of the defects catalogued above, is for Maritime to voluntarily withdraw its subpoenas. If it does not, and the Court is asked to intervene, the Rule states that the district court "must enforce this duty and impose an appropriate sanction" on those who fail to comply. *Id.* It shouldn't have to come to that, however, particularly when the deposition transcripts are available.

I look forward to further discussing this matter when we are in court on April 1, 2014. Please feel free to contact me, however, should you have any questions that cannot wait until then.

Very Truly Yours,

Kenneth D. Friedman

KDF:sbs

Cc: R.N. Tendai Richards, Esq. (by electronic mail)
Eugene L. Hahm, Esq. (by electronic mail)

312021016.1

**EXHIBIT 5**

# Friedman, Kenneth

| | |
|---|---|
| **From:** | Robert Mauriello <RMauriello@grahamcurtin.com> |
| **Sent:** | Friday, March 28, 2014 4:09 PM |
| **To:** | Friedman, Kenneth |
| **Cc:** | Richards, R.N. Tendai; Eugene L. Hahm (eugene.hahm@ltlattorneys.com) |
| **Subject:** | RE: Havens v. Mobex Network Servs., LLC, 2:11-cv-993-KSH-CLW |

Ken-

Thanks but I will not be withdrawing the notices upon your client, which is still a party to this action, under FRCP 45(c)(1)(B).

Of course, if you have any questions, please do not hesitate to call me.

Rob


**Robert W. Mauriello, Jr.** | Web Profile
Graham Curtin, *A Professional Association* | RMauriello@GrahamCurtin.com |
4 Headquarters Plaza | P.O. Box 1991 | Morristown, NJ 07962-1991
**T:** 973.401.7119   **F:** 973-292.1700

---

**From:** Friedman, Kenneth [mailto:KFriedman@manatt.com]
**Sent:** Friday, March 28, 2014 3:59 PM
**To:** Robert Mauriello
**Cc:** Richards, R.N. Tendai; Eugene L. Hahm (eugene.hahm@ltlattorneys.com)
**Subject:** Havens v. Mobex Network Servs., LLC, 2:11-cv-993-KSH-CLW

Rob:

I've attached correspondence responding to your letter sent last Friday (3/21).

Regards,
KDF

**Kenneth D. Friedman**
Partner

---

Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10036
D (212) 830-7184   F (212) 830-3012

KFriedman@manatt.com
manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying,

1