**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN HAVENS et al., | |
| *Plaintiffs*, | Civ. No. 11-993 (KSH) (CLW) |
| v. | |
| MARITIME COMMUNICATIONS/LAND MOBILE, LLC, et al., | **OPINION** |
| *Defendants*. | |

**Katharine S. Hayden, U.S.D.J.**

### I.      Introduction

On April 25, 2014, defendant Touch Tel Corporation ("Touch Tel") moved to quash trial subpoenas issued by MCLM to Robert Cooper, its president, and David Kling, its chief engineer. (D.E. 223.) Defendant Maritime Communications/Land Mobile, LLC ("MCLM") opposes the motion. (D.E. 239.) The Court will grant the motion to quash.

### II.     Factual Background

Cooper and Kling live and work in California, and do not regularly transact business in person in New Jersey. (Certif. of Kenneth D. Friedman ("Friedman Cert.") ¶¶ 3-5 [D.E. 223-2].) In March 2013, plaintiffs deposed both of them in California, and MCLM appeared at the depositions by telephone. (Friedman Cert. ¶ 6.) Several weeks later, plaintiffs and defendants Paging Systems, Inc. and Touch Tel[1] entered into a settlement agreement,[2] and, thereafter,

---

[1] Consistent with MCLM's references in its papers, the Court sometimes refers to Paging Systems and Touch Tel collectively as "PSI-TT."

[2] The Court issued an order and opinion on May 14, 2014, enforcing this settlement agreement. (D.E. 250, 251.)

1

defendant MCLM moved for summary judgment on the Sherman Act § 1 claim pending against it.  (*Id.* ¶¶ 7-8.)

At a June 6, 2013 pretrial conference, MCLM's counsel handed the subpoenas to Touch Tel's counsel, who was in attendance.  (Friedman Cert. ¶ 9; Certif. of Robert W. Mauriello, Jr. ("Mauriello Cert.") ¶ 4 [D.E. 239-1].)  Touch Tel characterizes them as subpoenas to Cooper and Kling; MCLM characterizes them as subpoenas to "designated representatives" of PSI-TT.  (Friedman Cert. ¶ 9; Mauriello Cert. ¶ 4.)  The subpoenas specified no date or time for the required testimony.  (Friedman Cert. ¶ 10; Exhs. 1-2.)

The Court denied MCLM's motion for summary judgment on March 20, 2014, and a pretrial conference was scheduled for April 1, 2014.  (Friedman Cert. ¶ 11.)  The following day, on March 21, 2014, MCLM emailed a letter to Touch Tel's counsel purporting to "amend" the subpoenas to Cooper and Kling "'to reflect the new trial dates' established in the Order denying [MCLM's] motion for summary judgment."  (*Id.* ¶ 12; Exh. 3.)

A week later, on March 28, 2014, Touch Tel's counsel, in correspondence to MCLM's counsel, objected to the trial subpoenas on the grounds that they were "defective and unenforceable," and requested that they be withdrawn.[3]  (*Id.* ¶¶ 13-14; Exh. 4.)  MCLM declined, both in response to this request, and in response to Touch Tel's counsel's request at the April 1, 2014 pretrial conference.  (*Id.* ¶¶ 16-17; Exh. 5.)  Touch Tel's motion to quash followed.

**III.   Discussion**

The text of Fed. R. Civ. P. 45 is squarely on point.  Under Rule 45(c)(1), "[a] subpoena may command a person to attend a trial, hearing, or deposition only as follows:

---

[3] The letter indicated that Friedman had been authorized by Touch Tel to represent Cooper and Kling with respect to the subpoenas.

  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense."

Under the rule, therefore, a subpoena can only require a person – whether party, nonparty, or party officer – to travel 100 miles from where the person resides, is employed, or regularly transacts business in person to appear at trial. There are two narrow exceptions: first, if a party or party officer, the person can be compelled to appear for trial anywhere within the person's state of residence, employment, or in which the person regularly transacts business in person; and second, if a nonparty, the person can also be compelled to appear for trial anywhere in that state if he, she, or it "would not incur substantial expense" in doing so. Touch Tel's brief states the point concisely: "Thus, whether an officer of a party or not, under Rule 45(c) a person cannot be compelled to travel more than 100 miles to attend at trial if the place of trial is not in the state where the witness resides, is employed, or regularly transacts business in person." (Opening Br. [D.E. 223-1] at 5.) A straightforward application of the rule mandates that subpoenas issued to Cooper and Kling, California residents who work in California and do not regularly transact business in person in New Jersey [Friedman Cert. ¶¶ 3-5], cannot compel them to appear for a trial in New Jersey.

MCLM attempts to get around the rule's limits by arguing that the subpoenas were issued to Cooper and Kling as an officer and designated representative, respectively, of PSI-TT, not to Cooper and Kling as individuals, and that because PSI-TT regularly transacts business in person in New Jersey, it can be subpoenaed to appear for trial in New Jersey. MCLM's position,

3

therefore, is that the subpoenas issued to Cooper and Kling are really subpoenas issued to the company.[4]

The recent amendments to Rule 45 sharply undermine this argument, however, as they were intended to circumscribe the Court's authority to compel parties and officers to travel to faraway trials. The Advisory Committee's notes on the 2013 amendments to Rule 45 indicate that the changes made to the rule "resolve a conflict that arose . . . about a court's authority to compel a party or party officer to travel long distances to testify at trial; such testimony may now be required *only as specified in new Rule 45(c)*." Fed. R. Civ. P. 45 advisory committee's note (emphasis added). As the Advisory Committee explained:

> Because Rule 45(c) directs that compliance may be commanded only as it provides, these amendments resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers. Compare *In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006) (finding authority to compel a party officer from New Jersey to testify at trial in New Orleans), with *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008) (holding that Rule 45 did not require attendance of plaintiffs at trial in New Orleans when they would have to travel more than 100 miles from outside the state). Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles

---

[4] Providing some support for MCLM's argument is that the face of the subpoenas list the person's name, followed by a parenthetical with PSI-TT's names, then "c/o" PSI-TT's counsel. So, the Cooper subpoena is directed to:
> Mr. Robert Cooper (defendants Paging Systems, Inc. and Touch-Tel Corp.) c/o
> Kenneth Friedman, Esq.

(Friedman Cert. Exh. 1.) In the Kling subpoena, the same language appears, only with "Mr. David Kling." (*Id.*, Exh. 2.) By specifically naming people, however, MCLM's intent becomes less clear. In a similar scenario, in which the "subpoenas set forth the names of the individuals directed to appear and only parenthetically identif[ied] them as officers of" the company, the District of Delaware held that "the only inference to be drawn from the subpoenas" and the notices of deposition, which didn't even have the parenthetical, was "that they were directed to the named individuals," not to the company. *Application of Johnson & Johnson*, 59 F.R.D. 174, 177 (D. Del. 1973). Thus, personal service on those individuals was required, rather than service on the corporate agent. Applying this logic to the Cooper and Kling subpoenas, the parenthetical with PSI-TT's names does not transform them into subpoenas issued to the companies (despite the listing of a specific person's name), nor does it catapult those named persons to party status for purposes of compliance with the subpoenas.

4

>unless the party or party officer resides, is employed, or regularly transacts business in person in the state.

*Id. See also* Gregory P. Joseph, *Major Changes in Federal Subpoena Practice*, 82 U.S.L.W. 584, Oct. 22, 2013 ("This amended Rule 45(c)(1)(B) is designed to reverse decisions that have compelled senior corporate officers to travel across the country to testify at trial. Whatever judicial power may currently exist to do this – and the cases are in conflict – it is withdrawn effective Dec. 1.").

MCLM's argument that Cooper, as an officer, must appear in New Jersey for trial ignores both the text and the spirit of the rule, which expressly mentions both parties and officers of parties – indicating recognition that officers are distinct entities from parties for purposes of the rule – and provides protection against situations, as here, where the officer (or party) would have to travel across the country to testify at trial.[5]

The argument is even more compelling as to Kling, who is neither an officer nor a party. MCLM appears to suggest that because he was designated to testify on behalf of PSI-TT at a deposition, he is elevated to the status of "party" for trial testimony. Accepting this argument would result in a situation where a nonparty is subject to a greater burden than a party simply because the nonparty was designated to testify as a Rule 30(b)(6) witness at a discovery deposition. This is an untenable result.

At bottom, the subpoenas issued to Cooper and Kling would, if enforced, violate the geographical limits set out in Rule 45(c)(1). Rule 45(d)(3) requires the Court, "[o]n timely motion" to "quash or modify a subpoena that . . . (ii) requires a person to comply beyond the

---

[5] MCLM's unsupported suggestion in its brief that "Mr. Cooper, himself, has transacted business in [New Jersey] (apparently, based upon his vivid descriptions, near Bayonne" [Opp. Br. [D.E. 239] at 6] is an insufficient basis for the Court to find that Cooper "regularly transacts business in person" in New Jersey under Rule 45(c)(1).

geographical limits specified in Rule 45(c)." Accordingly, as no modifications to the subpoenas have been proposed as an alternative, the Court quashes the subpoenas.

Perhaps recognizing the inevitability of this result under the current version of Rule 45, MCLM contends that because the subpoenas were issued in June 2013, before the rule amendments went into effect on December 1, 2013, the prior version of the rule applies. However, the amendments to Rule 45 govern proceedings pending on the effective date of those changes "insofar as just and practicable." Order of Supreme Court, Apr. 16, 2013, available at http://www.supremecourt.gov/orders/courtorders/frcv13_d18e.pdf (last visited May 19, 2014). MCLM has not adequately explained why it would be unjust or impracticable to apply the rule, as amended, to protect nonparties and party officers in precisely the manner the rule change was intended to effectuate: not requiring them to travel long distances to provide trial testimony when they do not live in, work in, or regularly transact business in that area – particularly where, even though the subpoenas were served before the rule change, the individuals' compliance under them is being sought nearly six months *after* its passage.

The procedural deficiencies to which Touch Tel points reinforce the Court's conclusion that the subpoenas must be quashed, whether the former or current version of Rule 45 is applied. Contrary to Fed. R. Civ. P. 45(a)(1)(A)(i) and (iii), the subpoenas issued to Cooper and Kling do not state the issuing court and do not specify a time and place for their testimony, though MCLM attempted to rectify the latter deficiency by "amending" the subpoenas following the Court's entry of its order denying summary judgment and setting the case down for trial.

Moreover, under Fed. R. Civ. P. 45(b)(1), "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." The subpoena is deficient where it

6

does not comply.  *See, e.g.*, *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2012 U.S. Dist. LEXIS 150115 (W.D. Pa. Oct. 18, 2012) (subpoena deficient where proper attendance and mileage fees not included); *Duffy v. Kent Cnty. Levy Court*, 800 F. Supp. 2d 624, 629 (D. Del. 2011) (subpoena defective where, *inter alia*, it did not specify the place, date, or time of the deposition; did not include the required fees or mileage allowance; and was not personally served; noting that "majority of courts have held that Rule 45 requires personal service of subpoenas").  MCLM's argument that service was proper because it served the subpoenas on PSI-TT's counsel and, read together, Local Civ. R. 5.1(a) and Fed. R. Civ. P. 5(b) generally require service after the initial summons and complaint to be made on a party's attorney, ignores the more specific requirement in Rule 45(b)(1).  *See* 9A Wright, Miller, Kane, & Marcus, *Federal Practice and Procedure* § 2454 (3d ed. 2014) ("[U]nlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice.").

Finally, the Court concludes that a *de bene esse* deposition of Cooper or Kling would not be appropriate under the circumstances.  Both have been subjected to discovery depositions already, and granting MCLM an opportunity in the midst of trial to conduct *de bene esse* depositions of these individuals would permit it to do what the Court has already said plaintiffs cannot do: conduct additional discovery, notwithstanding that discovery has long been closed in this case.  It is not simply because discovery is closed, however, that the Court declines to permit MCLM to take the *de bene esse* depositions it seeks.  Permitting MCLM to do so at this late date would, as a practical matter, result in giving it a preview of precisely how plaintiffs make their case at trial while nearly simultaneously giving MCLM another avenue of mid-trial, third-party discovery to gather information it could have obtained earlier.

Neither case cited by MCLM in support of its request presented the unusual facts now before the Court. In *Gabriel v. Safeway, Inc.*, 10-2256, 2011 WL 5864033, at *5, 11 (D.N.J. Nov. 21, 2011), although Chief Judge Simandle permitted the parties to reopen discovery for a discovery deposition and *de bene esse* deposition of the defendant's former employee, the deposition was agreed to by both sides, and the case had not been set for trial – the parties still had to schedule a settlement conference with the Magistrate Judge, and arbitration would take place, before the Court would even schedule a trial.

In *Coface Collections North America, Inc. v. Newton*, No. 11-52, 2012 WL 6738391, at *1-2 (D. Del. Dec. 28, 2012), Judge Stark permitted *de bene esse* depositions to be taken where the witnesses were beyond the court's subpoena power, and examined several factors in making this determination: "[1] the unavailability of the witness to appear at trial; [2] whether the deposing party knew of the information the potential witness would testify to prior to the deposition; and [3] whether the opposing party will be prejudiced by granting the deposition- with special attention given to the question of prejudice." In concluding that the plaintiff would not be prejudiced by the depositions, Judge Stark noted that "the trial date is several months away, providing adequate time to conduct the depositions without handicapping either party in its trial preparation." *Id.* at 2. This is simply not the case here, and context is key: "as with other discovery related matters, the decision of whether to permit a *de bene esse* deposition lies in the sound discretion of the Court." *Weiss v. First Unum Life Ins.*, No. 02-4249, 2010 WL 1027610 (D.N.J. Mar. 16, 2010) (Bongiovanni, Mag. J.) (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), for proposition that "'matters of docket control and conduct of discovery are committed to the sound discretion of the district court'").

Further, using the other factors in *Coface* as a template, while Cooper and Kling are unavailable to testify at trial due to the geographic limits on the Court's subpoena power, MCLM was aware of this limitation at least as early as March 2013, when it telephonically participated in plaintiffs' discovery depositions of Cooper and Kling, which took place in California. It was likewise on notice of the possibility that PSI-TT would not be actively litigating a defense in this case as they reached a settlement with plaintiffs in April 2013. These considerations, combined with the prejudice likely to be visited on plaintiffs by permitting MCLM to depose Cooper and Kling *de bene esse* in the middle of trial, further counsel against granting MCLM's request.

Finally, as to sanctions, Rule 45(d)(1) provides that:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorneys fees--on a party or attorney who fails to comply.

It does not automatically follow that because the Court has quashed the subpoenas MCLM acted unreasonably in issuing or relying on them. *See, e.g.*, *SAJ Distributors, Inc. v. Sandoz, Inc.*, No. 08-1866, 2008 WL 2668953, at *3 (D.N.J. June 27, 2008) (Hedges, Mag. J.) (declining to grant sanctions; noting that "attorney fees are generally awarded only in the most egregious of circumstances, such as when a party has clearly breached Rule 45"). As recited, the first inkling MCLM had that there was objection to the production of Cooper and Kling was on March 28, 2014, some nine months after PSI-TT's counsel was handed the subpoenas. While this delay does not necessarily make the motion to quash untimely in view of when MCLM's counsel signaled to PSI-TT's counsel that he would be seeking to rely on those subpoenas (*i.e.*, on March 21, 2014, after this Court set a trial date), neither does this Court discern good reason to impose attorneys' fees against MCLM under the circumstances. Moreover, as to the individuals, they

9

have not undertaken the expense or inconvenience of compliance.  The motion to quash is therefore granted, and the request for sanctions is denied.

## IV. Conclusion

For the reasons set forth above, the motion to quash the subpoenas is **GRANTED.**  The request for sanctions is **DENIED.**  An appropriate order will issue.


Date: May 20, 2014

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.